1  ADRIENNE C. PUBLICOVER  (SBN 161432)
   DENNIS J. RHODES  (SBN 168417)
2  WILSON, ELSER, MOSKOWITZ,
      EDELMAN & DICKER LLP
3  525 Market Street, 17th Floor
   San Francisco, California  94105
4  Tel:    (415) 433-0990
   Fax:    (415) 434-1370
5
6  Attorneys for Defendant
   LIFE INSURANCE COMPANY
7  OF NORTH AMERICA

8

9                  UNITED STATES DISTRICT COURT                    *EDL*

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12  GHERI GALLAGHER,                    )   CASE NO.  C 07  5224
                                        )
13              Plaintiff,              )   **NOTICE OF REMOVAL OF CIVIL**
                                        )   **ACTION UNDER 28 U.S.C. § 1441**
14      v.                              )   **PURSUANT TO 28 U.S.C. § 1332**
                                        )   **(DIVERSITY) and 29 U.S.C. § 1332(e)(1)**
15  LIFE INSURANCE COMPANY OF           )   **(FEDERAL QUESTION – ERISA)**
    NORTH AMERICA and DOES 1 to 10,     )
16                                      )
                Defendants.             )   Action Filed    :    September 10, 2007
17                                      )

18      **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

19      **PLEASE TAKE NOTICE** that defendant Life Insurance Company of  North America

20  ("LINA"), hereby removes this action to the United States District Court for the Northern District of

21  California, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, on the grounds that there is complete

22  diversity of citizenship between plaintiff Gheri Gallagher ("plaintiff"), a citizen of the State of

23  California and  LINA, a citizen of Pennsylvania as it is incorporated in the State of Pennsylvania with

24  its principal place of business in Philadelphia, Pennsylvania; and the amount in controversy exceeds

25  the jurisdictional minimum of $75,000.00, exclusive of interest or costs, as set forth in section

26

                                              1
27  **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441 PURSUANT TO 28 U.S.C. § 1332**
    **(DIVERSITY) and 29 U.S.C. § 1332(e)(1) (FEDERAL QUESTION – ERISA)**
28  USDC NDCA Case #
    305976.1

1332(a); that pursuant to 28 U.S.C. sections 1331, 1441(b). LINA also removes on the grounds that the action arises under the Employee Retirement Income Security Act of 1974, 29 USC § 1001 et seq. ("ERISA") and therefore is removable to this Court under 28 U.S.C. section 1441(b); and that the foregoing facts were true at the time that the Complaint in this matter was filed and remain true as of the date of the filing of this notice of removal, as more fully set forth below.

1.    On September 10, 2007, plaintiff filed in the Superior Court of California, in and for the County of Marin, a civil action entitled *Gheri Gallagher v. Life Insurance Company of North America and does 1 through 10, inclusive, Defendants*, bearing Case No. CV074296 ("the Complaint.")

2.    The Summons was dated September 12, 2007. A copy of the summons and complaint was served on LINA on September 12, 2007. A true, correct, and complete copy of the summons and complaint served on LINA is attached hereto as Exhibit "1". Each and every allegation stated in the Complaint is incorporated by reference into this notice for purposes of this removal.

3.    LINA has filed this notice of removal within 30 days after receipt of a copy of any pleading, motion, order or other paper from which it was first ascertained that the case is one which is removable, specifically the Complaint.

4.    The other defendants named in the Complaint are merely fictitious parties identified as Does 1 through 10 whose citizenship shall be disregarded for purposes of this removal. *Fristos v. Reynolds Metal Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

5.    As demonstrated by the following, this action is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by LINA pursuant to the provisions of 28 U.S.C. §1441, in that it is a civil action between citizens of different states, the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs, this was true at the time of the filing of the Complaint and this remains true as of the time of the filing of this notice.

---

2

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441 PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY) and 29 U.S.C. § 1332(e)(1) (FEDERAL QUESTION – ERISA)**

USDC NDCA Case #
305976.1

# DIVERSITY JURISDICTION

A.  **The Diversity of the Parties**

(1)     Plaintiff was at the time of the filing of this action, and still is, a citizen of the State of California residing in Marin County California. (The Complaint, par. 1.)

(2)     LINA was, at the time of the filing of this action, and still is, a citizen of the State of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania.  A vast majority of LINA's business activities take place in Pennsylvania as LINA's headquarters is located in Pennsylvania.  A majority of LINA's employees are located in Pennsylvania.

B.  **The Amount in Controversy**

This Court's jurisdictional minimum, an amount in controversy in excess of $75,000.00, exclusive of interest and costs, was satisfied at the time of the filing of this action, and still is satisfied, based on the following:

(1)     Plaintiff alleges in the Complaint claims for relief for breach of contract and breach of the covenant of good faith and fair dealing ("bad faith"). (The Complaint, pars. 1-27.     Without admitting the facts alleged in the Complaint, and solely for the purpose of demonstrating diversity jurisdiction, LINA incorporates by reference, as if they were fully set forth below, the facts and allegations alleged by Plaintiff in paragraphs 1 through 27 of the Complaint.  Plaintiff alleges that she was covered under group disability insurance policy no. LK-6617 issued by LINA ("the Policy") to Kimberly Services, Inc. (The Complaint, par. 5.) (A copy of the Policy is attached to the Declaration of Annie Hong ("Hong Decl.") as Exhibit A.  Ms. Hong's declaration is attached hereto as Exhibit 2.) Plaintiff further alleges that, she is totally disabled "due to severe neck, shoulder and right arm pain/radiculopathy and headaches secondary to cervical disc injury and disease resulting in three herniated cervical discs." (The Complaint, pars. 7, 21.)  Plaintiff further alleges that she began receiving a monthly disability benefit on or about December 5, 1989.   Plaintiff received a monthly benefit of $1,872.00. (Hong Decl., par. 3.)  Plaintiff alleges that LINA denied plaintiff further benefits

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441 PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY) and 29 U.S.C. § 1332(e)(1) (FEDERAL QUESTION – ERISA)**

USDC NDCA Case #
305976.1

1 under the Policy on or about June 6, 2006. (*Id.* at par. 14.) Plaintiff claims that this denial of the

2 claim breached the terms of the Policy and constitutes bad faith. (*Id* at pars. 20-27.) Plaintiff claims

3 that defendants, and each of them, wrongfully and in bad faith withheld benefits due plaintiff under the

4 Policy. (*Id.* at par. 24.)

5       (2)    Plaintiff claims as contract damages disability benefits under the Policy subsequent to

6 May 31, 2006. (The Complaint, par. 27. and Prayer.) Based on plaintiff's monthly benefit amount of

7 $1,872.00, and not considering any defenses that defendants may raise, including the affirmative

8 defense of offsets under the Policy, this amounts to $31,824.00 in contract damages from the denial of

9 the claim to the filing of this notice in October 2007 ($1,872.00 x 17 months).

10       (3)    In addition to contract damages, if plaintiff proves her allegations of bad faith, and

11 defendants' affirmative defenses fail, she can claim compensatory damages in the form of future

12 policy benefits as part of her general tort damages. *Egan v. Mutual of Omaha Ins. Co.*, 24 Cal.3d 809,

13 824, 169 Cal.Rptr. 691, 699, fn. 7 (1979). Plaintiff alleges general and special damages, according to

14 proof at trial, under her claim for relief for bad faith. (Prayer, par. 2.) The Policy provides benefits to

15 Plaintiff's 65th birthday. (Page 14 of Ex. A to the Hong Decl., attached hereto as Exhibit 2.)

16 Plaintiff's month of birth is May 1949. (Hong Decl., par. 2.) Therefore, Plaintiff will be 65 years old

17 in May 2014. This represents 7 years and 2 months of benefits from the date of this notice of removal

18 to plaintiff's 65th birthday. Without taking into consideration defendants' affirmative defenses to this

19 claim, including that it must be reduced to present value and that all appropriate offsets must be

20 considered, this amounts to approximately $160,992.00 in damages for future benefits under the

21 Policy ($1872 x 86 mos. [7 years + 2 mos.]). Therefore, the possible damages for breach of contract

22 and bad faith, not considering defendants' affirmative defenses, are approximately $192,816.

23       (4)    Plaintiff further alleges that the denial of benefits caused her to experience emotional

24 severe emotional distress. (The Complaint, par. 27; Prayer, par. 2.) She also claims that she is entitled

25 to punitive damages for the alleged willful, wanton, malicious and oppressive refusal to pay the

26

---

4

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441 PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY) and 29 U.S.C. § 1332(e)(1) (FEDERAL QUESTION – ERISA)**

27

28

1  benefits owed to her under the Policy.  (*Id* at par. 26; Prayer, par. 5.) "Where both actual and punitive

2  damages are recoverable under a complaint each must be considered to the extent claimed in

3  determining jurisdictional amount." *Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240, 64

4  S.Ct. 5, 88 L.Ed. 15 (1943).  The court properly considers plaintiff's punitive damage claim against

5  defendants in computing the amount necessary for federal jurisdiction because plaintiff can and does

6  allege a claim for punitive damages in her claim for relief for bad faith. (The Complaint, pars. 26 &

7  27; Prayer, par. 5.)  See California Civil Code § 3294.

8          (5)    Finally, plaintiff also alleges pursuant to her claim for relief for bad faith, that she had

9  to secure the services of an attorney to recover the disability benefits owed to her under the Policy.

10 (The Complaint, par. 27.)  She alleges an attorney's fee damage claim in paragraph 4 of the prayer of

11 the Complaint.  Attorneys' fees incurred in obtaining promised contract benefits are recoverable as an

12 item of tort damage in an action for insurance bad faith. *Brandt v. Superior Court*, 37 Cal.3d 813, 210

13 Cal.Rptr. 211 (1985).  If attorneys' fees are recoverable by plaintiff, the fee claim is included in

14 determining the amount in controversy.  *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir.

15 1982).  It is reasonable to expect that plaintiff will claim as attorney's fees are at least $25,000.00.

16        As demonstrated above, plaintiff's damage claims far exceed this Court's jurisdictional limit.

17 The possible damages for breach of contract and bad faith, not considering defendants' affirmative

18 defenses, including possible offsets and discounting to present value, is  approximately $192,816.00.

19 An attorney's fee claim takes this amount over $217,000.00. In that there is diversity of citizenship,

20 and the amount in controversy exceeds $75,000.00 exclusive of interest and costs, and that this is

21 true now as well as at the time the Complaint were filed in this matter, removal of this matter to the

22 United States District Court for the Northern District of California is proper.

23                              **SUBJECT MATTER JURISDICTION**

24        1.    This Court has jurisdiction under 28 U.S.C. section 1441(b) for matters arising under

25 ERISA.  ERISA completely preempts all of plaintiffs' state law claims.  Plaintiffs' claims are, in fact,

26

27 **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441 PURSUANT TO 28 U.S.C. § 1332
   (DIVERSITY) and 29 U.S.C. § 1332(e)(1) (FEDERAL QUESTION – ERISA)**

28 USDC NDCA Case #
   305976.1

1   claims arising under federal law and thus are removable to federal court. *Metropolitan Life Ins. Co.*

2   *v. Taylor*, 481 US 58, 66, 107 S.Ct. 1542, 1547 (1987). This complete preemption operates to confer

3   original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on

4   the face of the complaint. *In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3rd. Cir. 1999). Based on

5   the facts set forth below, which were true at the time the Complaint was filed and remain true as of

6   the date of filing of this Notice of Removal, this action is governed by ERISA and therefore properly

7   removed to this Court.

8          2.     Plaintiff alleges that she is entitled to long term disability benefits under the group

9   policy issued by LINA to her employer Kimberly Services, Inc.  (The Complaint, pars. 5 & 6.)  The

10  Policy is fully incorporated into this notice as if it were fully set fort below.  The Policy provided

11  group life insurance coverage to the employees of Kimberly Services, Inc.  The enforcement of rights

12  under this policy is governed concurrently by federal law and ERISA. *Pilot Life Ins. Co. v. Dedeaux,*

13  481 U.S. 41 (1987). (*See also, Stuart v. Unum* 217 F.3d 1145, 1150 (9th Cir. 2000), a group insurance

14  contract between an insurer and an insured constitutes evidence of an ERISA plan.)

15         3.     Moreover, as alleged in the Complaint, plaintiff qualified for coverage under the Policy

16  by virtue of her employment with Kimberly Services, Inc.  (The Complaint, par. 5.)  Federal law under

17  ERISA controls actions brought to recover benefits and to enforce rights under employee benefit

18  plans. 29 U.S.C. §1132(e)(1); *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41 (1987).  Removal of such

19  cases to federal court is proper. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58 (1987).

20         4.     Finally, the claim for benefits that is the subject of this matter was adjudicated under

21  ERISA.  Plaintiffs was advised that the Policy that is the subject of this matter is governed by ERISA

22  and was advised of the rights to appeal and the time frames that govern an ERISA claim both on June

23  6, 2006 and again on May 25, 2007. (Hong Decl., Exhibit B.)

24         5.     All of these facts stated herein and particularly in the Complaint, in  paragraphs 5

25  through 6, and Exhibits 1 and 2 attached hereto,  establish that this matter is governed the Employee

26

27  **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441 PURSUANT TO 28 U.S.C. § 1332
    (DIVERSITY) and 29 U.S.C. § 1332(e)(1) (FEDERAL QUESTION – ERISA)**

28  USDC NDCA Case #
    305976.1

1  Retirement Income Security Act of 1974, 29 USC § 1001 et seq. and therefore is removable to this

2  Court under 28 U.S.C. section 1441(b).

### CONCLUSION

4      1.      Therefore, LINA files this Notice of Removal of this action from the Superior Court of

5  the State of California in and for the County of Marin, in which it is now pending, to the United States

6  District Court for the Northern District of California.

7      2.      True and correct copies of all process, pleadings, orders and documents pertaining to

8  this action (and which have been served upon LINA, or which were served or filed by LINA in this

9  action) are attached hereto as Exhibit "1." LINA is informed and believes, and thereon alleges, that

10  other than the pleadings attached to this notice of removal, there have been no further pleadings,

11  process, or orders filed in this action.

12      3.      A Notice to State Court And To Adverse Party is being filed with the Superior Court of

13  the State of California in and for the County of Marin, and will be served on plaintiff.

14      WHEREFORE, LINA prays that this action be removed from the Superior Court of the State

15  of California in and for the County of Marin to the United States District Court for the Northern

16  District of California.

18  Dated: October 11, 2007              WILSON, ELSER, MOSKOWITZ,
                                          EDELMAN & DICKER LLP

20                              By:  _____
21                                    ADRIENNE C. PUBLICOVER
22                                    DENNIS J. RHODES
                                      Attorneys for Defendant
                                      LIFE INSURANCE COMPANY
23                                    OF NORTH AMERICA

---

7

1

2

**CERTIFICATE OF SERVICE**
*Gheri Gallagher v. Life Insurance Company of North America, et al.*

3

    I am a citizen of the United States. I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address is 525 California Street, 17th Floor, San Francisco, California 94105.

4

5

    On this date I served the following document(s):

6

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441 PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY) and 29 U.S.C. § 1332(e)(1) (FEDERAL QUESTION – ERISA)**

7

8

on the parties identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

9

  _X_ : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

10

11

  ☐ : **By Personal Service** – I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

12

  ☐ : **By Overnight Courier** – I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

13

14

  ☐ : **Facsimile** – (Only where permitted. Must consult CCP § 1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.C.A.)

15

16

Ryan A. Kent, Esq.
Attorney at Law
30 Mitchell Boulevard
San Rafael, CA 94903
Tel: (415) 479-4356
Fax: (415) 479-4358

17

18

19

*Attorney for Plaintiff GHERI GALLAGHER*

20

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

21

22

    EXECUTED **October 11, 2007** at San Francisco, California.

23

Nancy Li

24

25

26

27

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441 PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY) and 29 U.S.C. § 1332(e)(1) (FEDERAL QUESTION – ERISA)**

28

USDC NDCA Case #
305976.1

# Exhibit 1

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
09/12/2007
Log Number 512584656

TO:     Michael A James
        Cigna Companies
        TL21A, Two Liberty Place
        1601 Chestnut Street
        Philadelphia, PA, 19192

RECEIVED

M. James

SEP 1 3 2007

SEP 1 3 ——

GROUP LITIGATION DEPT.

RE:     **Process Served in California**

FOR:    Life Insurance Company of North America (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Gheri Gallagher, Pltf. vs. Life Insurance Company of North America, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Superior Court, County of Marin, CA<br>Case # CV074296 |
| **NATURE OF ACTION:** | Insurance Litigation - Summons & Complaint - Disability: Policy benefits claimed for long term disability |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/12/2007 at 15:00 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Ryan A. Kent<br>Attorney at Law<br>30 Mitchell Boulevard<br>San Rafael, CA, 94903<br>415-479-4356 |

9/13/07

Nor a Pri-List

| | |
|---|---|
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex Priority |
| **SIGNED:** | C T Corporation System |
| **PER:** | Dianne Christman |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA, 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of the package only, not of its contents.

09/10/2007  13:50    4154794358    KENT    PAGE  02

9/12/07 @3PM

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO)*:
Life Insurance Company of North America,
and DOES 1 to 10

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTA DEMANDANDO EL DEMANDANTE)*:
Gheri Gallagher

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**

SEP 1 0 2007

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
*By: C. Lucchesi, Deputy*

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

CASE NUMBER:
*(Número del Caso):*
CIV 074296

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Marin County Superior Court

3501 Civic Center Drvie          San Rafael, CA 94903

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ryan A. Kent          Attorney at Law
30 Mitchell Boulevard          San Rafael, CA 94903
(415) 479-4356

C. LUCCHESI

DATE:    SEP 1 0 2007    KIM TURNER          Clerk, by          C. LUCCHESI          , Deputy
*(Fecha)*                                     *(Secretario)*                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

SEAL

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify)*: LIFE INSURANCE COMPANY OF NORTH AMERICA
   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms ™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Gallagher

11618915.fff - 9/10/2007 1:49:24 PM

1  Ryan A. Kent (St. Bar # 169810)
   Attorney at Law
2  30 Mitchell Boulevard
   San Rafael, CA 94903
3  Telephone:    (415) 479-4356
   Fax:          (415) 479-4358
4
   Attorney for Plaintiff
5  GHERI GALLAGHER

6

7

FILED

SEP 1 0 2007

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: C. Lucchesi, Deputy

8                          SUPERIOR COURT OF CALIFORNIA

9                      IN AND FOR THE COUNTY OF MARIN

10                         UNLIMITED CIVIL JURISDICTION

11

12  GHERI GALLAGHER,                    ) No. CV 074296
                                        )
13          Plaintiff,                  )  COMPLAINT FOR DAMAGES
                                        )    1.  Breach of Contract
14  vs.                                 )    2.  Breach of Covenant of Good Faith and
                                        )        Fair Dealing
15  LIFE INSURANCE COMPANY OF NORTH     )
    AMERICA, and DOES 1 to 10,          )
16                                      )
            Defendants.                 )
17                                      )
                                        )
18                                      )

19

20      Plaintiff GHERI GALLAGHER (hereinafter "Plaintiff") alleges as follows:

21      1.      Plaintiff is a natural person residing in Marin County, California.

22      2.      Defendant LIFE INSURANCE COMPANY OF NORTH AMERICA (hereinafter

23  "Defendant") is an insurer that is authorized to issue and deliver policies of disability insurance

24  in the State of California.

25

26      3.      Plaintiff is ignorant of the true names of defendants DOES 1 to 10 and has

27  therefore sued them by the foregoing fictitious names.  Plaintiff will amend this complaint to

28

1  allege their true names and capacities when ascertained.  Plaintiff is informed and believes and

2  thereon alleges that each of the fictitiously named defendants is legally responsible in some

3  manner for the occurrences herein alleged and the resultant harm and damage to Plaintiff.

4

5      4.      Plaintiff is informed and believe and thereon allege that each of the defendants

6  was an agent and employee of each of the remaining defendants and in doing the things

7  hereinafter alleged was acting in the course and scope of such agency and employment.

8

9      5.      On or about July 5, 1988, Plaintiff was hired as a Director of Clinical Services by

10  Kimberly Services, Inc. in their San Rafael, California location.  At that time, plaintiff enrolled in

11  the group long term disability income insurance program provided to employees of Kimberly

12  Services, Inc. by Defendant, Group Policy No. LK-6617 (hereinafter "the Policy").

13

14      6.      As a full-time employee of Kimberly Services, Inc. enrolled in the group long

15  term disability income insurance program, Plaintiff is entitled to coverage under the Policy.  The

16  Policy provides as set forth below:

17      **TOTAL DISABILITY.**  An Employee will be considered Totally Disabled if

18      because of Injury or Sickness, he is unable to perform all the essential duties of

19      his occupation.

20

21      After Monthly Benefits have been payable for 24 months, an Employee will be

22      considered Totally Disabled only if, because of Injury or Sickness, he is unable to

23      perform all the essential duties of any occupation for which he is or may

24      reasonably become qualified based on his education, training or experience.

25

26      7.      On October 6, 1989, Plaintiff ceased active employment due to severe neck,

27  shoulder and right arm pain/radiculopathy and headaches secondary to cervical disc injury and

28  disease resulting in three herniated cervical discs.

11618914.tif - 9/10/2007 1:46:39 PM

8.      On December 12, 1989, Plaintiff submitted a claim for long term disability income insurance benefits under the Policy to Defendant in accordance with the terms of the Policy. Plaintiff's claim for benefits included an Attending Physician's Statement of Disability signed by Robert S. Blum, M.D.

9.      Defendant approved Plaintiff's claim and commenced providing long term disability income insurance benefits to Plaintiff in accordance with the terms and provisions of the Policy, effective December 5, 1989.

10.      Defendant periodically requested and was provided documentation of Plaintiff's ongoing total disability.  The documentation provided to Defendant verifying Plaintiff's ongoing total disability included, but was not limited to, the following:

a.      Report from Robert S. Blum, M.D. dated March 7, 1990.

b.      Supplementary Claim Form with verification of disability by Robert S. Blum, M.D. dated December 19, 1990.

c.      Report from Robert S. Blum, M.D. dated October 2, 1991.

d.      Attending Physician's Statement of Disability signed by Robert S. Blum, M.D. on March 10, 1993.

e.      Supplementary Claim Form with verification of disability by Robert S. Blum, M.D. dated November 16, 1993.

f.      IME Report of Michael A. Kurtz, M.D. dated February 7, 1996.

g.      Report from Robert S. Blum, M.D. dated July 31, 1996.

h.      Report from Robert S. Blum, M.D. dated February 27, 1997.

i. Supplementary Claim Form with verification of disability by Robert S. Blum, M.D. dated May 8, 1997.

j. Report from Robert S. Blum, M.D. dated February 11, 1998.

k. Medical Assessment of Ability to Do work Related Activities (Physical) from Robert S. Blum, M.D. dated February 11, 1998.

l. Letter from Robert S. Blum, M.D. dated March 12, 1998.

m. Report from Robert S. Blum, M.D. dated January 6, 1999.

n. Physical Ability Assessment, Form 1 (Musculoskeletal) from Robert S. Blum, M.D. dated March 30, 2000.

o. Report from Robert S. Blum, M.D. dated March 30, 2000.

p. Report from Robert S. Blum, M.D. dated November 20, 2000.

q. Report from Robert S. Blum, M.D. dated November 30, 2000

r. Report from Robert S. Blum, M.D. dated January 24, 2001.

s. Report from Robert S. Blum, M.D. dated September 5, 2001.

t. Supplementary Claim Form with verification of disability by Robert S. Blum, M.D. dated January 30, 2002.

u. Supplementary Claim Form with verification of disability by Robert S. Blum, M.D. dated August 4, 2003.

v. Supplementary Claim Form with verification of disability by Robert S. Blum, M.D. dated September 23, 2004.

w. Supplementary Claim Form with verification of disability by Ray Seet, M.D. dated July 19, 2005.

COMPLAINT FOR DAMAGES
4

11618914.tif - 9/10/2007 1:46:39 PM

11.     Based upon the ongoing documentation verifying Plaintiff's ongoing total disability, as set forth above, Defendant continued to provide long term disability income insurance benefits to Plaintiff in accordance with the terms and provisions of the Policy during the ensuing 15 and 1/2 year period, December 5, 1989, through May 31, 2006.

12.     Ray Seet, M.D. submitted to Defendant a Current Level of Functionality Assessment dated January 9, 2006, indicating that Plaintiff could perform sedentary and light work.  However, Dr. Seet also indicated that Plaintiff was not going to be able to return to work on a full or part-time basis.  Dr. Seet also submitted a Physical Ability Assessment dated January 10, 2006, indicating Plaintiff was capable of various physical activities.

13.     On March 22, 2006, Ray Seet, M.D. mistakenly executed a form submitted to him by Defendant indicating his agreement that Plaintiff was able to perform full-time sedentary work.

14.     On June 6, 2006, Defendant notified Plaintiff that based upon the above referenced information provided by Ray Seet, M.D., it had determined Plaintiff was capable of full-time sedentary work and therefore did not meet the definition of Total Disability set forth in the Policy.  The letter set forth Plaintiff's rights appeal the decision and the procedures to follow.

15.     Plaintiff timely appealed Defendant's termination of her long term disability benefits.  The additional supporting documentation submitted on behalf of Plaintiff included, but was not limited to, the following:

a.      Letter from Ray Seet, M.D. dated June 13, 2006, explaining why the decision to terminate Plaintiff's disability benefits was not medically justified and asking Defendant to reconsider.

b.    Report from Robert S. Blum, M.D. dated August 23, 2006 confirming that Plaintiff was permanently disabled and unable to perform full-time sedentary work.

c.    Letter from Ray Seet, M.D. dated September 22, 2006, explaining that he made a mistake when he executed the form he submitted to Defendant on March 22, 2006, and verified that Plaintiff was unable to perform full time sedentary work.

16.    On November 15, 2006, Defendant sent Plaintiff a letter denying Plaintiff's appeal and affirming its decision to terminate her long term disability benefits. Defendant characterized Plaintiff's condition as "complaints of pain ... in the absence of clinical findings."

17.    Defendant failed to explain how it could justify its decision in light of the September 22, 2006 letter from Dr. Seet wherein he explained that he made a mistake when he executed the form he submitted to Defendant on March 22, 2006, and verified that Plaintiff was unable to perform full time sedentary work. Defendant also failed to explain how it could justify its decision in light of the documented clinical findings in Plaintiff's file, including those set forth in Dr. Seet's Current Level of Functionality Assessment dated January 9, 2006. Defendant's denial letter set forth Plaintiff's rights to again appeal the decision and the procedures to follow.

18.    Plaintiff timely appealed Defendant's decision to terminate her long term disability benefits. The additional supporting documentation submitted on behalf of Plaintiff included the following:

a.    Progress Notes from Dr. Seet dated January 3, 31 and March 2, 2007.

11618014 fif - 01/10/2007 1:46:20 PM

b.    Report from Robert S. Blum, M.D. dated February 20, 2007.  This report included

MRI evidence of central canal stenosis at C4/5 with flattening of the anterior

cervical cord and moderate right and moderate severe left foraminal narrowing,

and at 5/6 central canal stenosis with flattening of the anterior cervical cord and

severe bilateral foraminal narrowing, and C6/7 central canal stenosis with

effacement of the anterior subarachnoid space and severe bilateral foraminal

narrowing.

19.    On May 25, 2007, Defendant sent Plaintiff a letter again denying Plaintiff's appeal

and affirming its decision to terminate her long term disability benefits.  Defendant contended

that Plaintiff's treating providers had released her to sedentary work.  Defendant failed to explain

how it could reach such a conclusion in light of the September 22, 2006 letter from Dr. Seet

wherein he explained that he made a mistake when he executed the form submitted to him by

Defendant on March 22, 2006, and verified that Plaintiff was unable to perform full time

sedentary work.  Defendant contended that Plaintiff's documented medical findings consisted

solely of "range of motion and subjective pain complaints."  Defendant failed to explain how it

could make such a characterization of Plaintiff's documented medical findings in light of the

documented medical findings in Plaintiff's file, including MRI evidence of central canal stenosis

at C4/5 with flattening of the anterior cervical cord and moderate right and moderate severe left

foraminal narrowing, and at 5/6 central canal stenosis with flattening of the anterior cervical cord

and severe bilateral foraminal narrowing, and C6/7 central canal stenosis with effacement of the

anterior subarachnoid space and severe bilateral foraminal narrowing.  Defendant failed to

explain how Plaintiff could have been disabled and unable to perform full time sedentary work

during the period December 5, 1989 through May 31, 2006, due to a permanent and

1  progressively worsening condition, and then somehow improve to the point where she was able

2  to perform full time sedentary work subsequent to May 31, 2006.  Defendant advised that

3

4  Plaintiff had exhausted all administrative levels of appeal and no further appeals would be

5  considered.

6  **FIRST CAUSE OF ACTION**
   **BREACH OF CONTRACT**
7  (All defendants.)

8
   20.    Plaintiff refers to and incorporate by reference all preceding paragraphs of this
9
10  complaint.

11  21.    Defendant's denial of Plaintiff's claim and terminating her ongoing long term

12  disability income benefits constituted a breach of its obligations under the Policy, in that Plaintiff

13
   submitted documented medical findings establishing that Plaintiff continued to be Totally
14
15  Disabled under the terms of the Policy.

16  22.    As a direct and proximate result of Defendant's breach of its obligations under the

17  Policy, Plaintiff has sustained damage as follows:

18
   a.    Plaintiff has not received the ongoing long term disability income benefits she
19
20      was entitled to under the Policy for the period subsequent to May 31, 2006.

21  b.    Plaintiff has been required to retain attorneys to pursue her claim for benefits

22      under the Policy.

23
   c.    Plaintiff suffered severe emotional distress.
24
25  //

26  //

27  //

28

COMPLAINT FOR DAMAGES
8

## SECOND CAUSE OF ACTION
### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING
(All defendants.)

23.    Plaintiffs refer to and incorporate by reference all preceding paragraphs of this complaint.

24.    Defendant's denial of benefits to Plaintiff was done without reasonable cause. Defendant had no legitimate or arguable reason for refusing to pay Plaintiff's valid claim. Defendant consistently refused to consider evidence that supported Plaintiff's claim. In denying Plaintiff's claim, Defendant acted willfully, fraudulently, intentionally, and in bad faith with the purpose of avoiding the payment due Plaintiff under the terms of the Policy. Defendant's intentional refusal to pay Plaintiff's valid claim was a breach of the implied covenant of good faith and fair dealing and operated to unreasonably deprive Plaintiff of the benefits of the Policy.

25.    Examples of Defendant's consistent refusal to consider evidence that supported Plaintiff's claim, includes, but is not limited to, the following:

a.    In its denial letter of November 15, 2006, Defendant, without a reasonable basis in fact, characterized Plaintiff's condition as "complaints of pain … in the absence of clinical findings." Defendant failed to explain how it could justify this characterization in light of the documented clinical findings in Plaintiff's file, including those set forth in Dr. Seet's Current Level of Functionality Assessment dated January 9, 2006.

b.    In its denial letter of November 15, 2006, Defendant failed to explain how it could justify its determination Plaintiff was capable of full time sedentary work in light of the September 22, 2006 letter from Dr. Seet wherein he explained that he made

1    a mistake when he executed the form he submitted to Defendant on March 22,

2    2006, and verified that Plaintiff was unable to perform full time sedentary work.

3

4    c.    In its denial letter of May 25, 2007, Defendant contended that Plaintiff's treating

5          providers had released her to sedentary work.  Defendant failed to explain how it

6          could reach such a conclusion in light of the September 22, 2006 letter from Dr.

7          Seet wherein he explained that he made a mistake when he executed the form he

8          submitted to Defendant on March 22, 2006, and verified that Plaintiff was unable

9          to perform full time sedentary work.

10

11   d.    In its denial letter of May 25, 2007, Defendant characterized Plaintiff's

12         documented medical findings as consisting solely of "range of motion and

13         subjective pain complaints."  Defendant failed to explain how it could make such

14         a characterization of Plaintiff's documented medical findings in light of the

15         documented medical findings in her file, including MRI evidence of central canal

16         stenosis at C4/5 with flattening of the anterior cervical cord and moderate right

17         and moderate severe left foraminal narrowing, and at 5/6 central canal stenosis

18         with flattening of the anterior cervical cord and severe bilateral foraminal

19         narrowing, and C6/7 central canal stenosis with effacement of the anterior

20         subarachnoid space and severe bilateral foraminal narrowing.

21

22

23   e.    Defendant failed to explain how Plaintiff could have been disabled and unable to

24         perform full time sedentary work during the period December 5, 1989 through

25         May 31, 2006, due to a permanent and progressively worsening condition, and

26         then somehow miraculously improve to the point where she was able to perform

27         full time sedentary work subsequent to May 31, 2006.

28

11618914.tif - 9/10/2007 1:46:39 PM

26.    Defendant's conduct in intentionally refusing to pay Plaintiff's valid claim, as set forth above, was malicious, fraudulent, oppressive, and otherwise reflected a conscious disregard of Plaintiff's rights.  Plaintiff is therefore entitled to recover exemplary damages.

27.    As a direct and proximate result of Defendant's bad faith breach of its obligations under the Policy, Plaintiff has sustained damage as follows:

d.    Plaintiff has not received the ongoing long term disability income benefits she was entitled to under the Policy for the period subsequent to May 31, 2006.

e.    Plaintiff has been required to retain attorneys to pursue her claim for benefits under the Policy.

f.    Plaintiff suffered severe emotional distress.

**WHEREFORE** Plaintiff prays for judgment against defendants as follows:

1.    For general and compensatory damages for economic loss suffered as a proximate result of Defendant's bad faith refusal to pay Plaintiff's valid claim in an amount according to proof;

2.    For general and compensatory damages for severe emotional distress suffered as a proximate result of Defendant's bad faith refusal to pay Plaintiff's valid claim in an amount according to proof;

3.    For prejudgment interest in an amount to be proven at time of trial;

4.    For attorneys fees incurred in obtaining Policy benefits as provided by law;

5.    For punitive damages pursuant to Civil Code §3294;

6.    For costs of suit; and

7.    For such other relief as is fair, just and equitable.

Exhibit <u>2</u>

1  ADRIENNE C. PUBLICOVER  (SBN 161432)
   DENNIS J. RHODES  (SBN 168417)
2  WILSON, ELSER, MOSKOWITZ,
      EDELMAN & DICKER LLP
3  525 Market Street, 17th Floor
   San Francisco, California  94105
4  Tel:    (415) 433-0990
   Fax:    (415) 434-1370
5
6  Attorneys for Defendant
   LIFE INSURANCE COMPANY
7  OF NORTH AMERICA

8

9                 UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11

12  GHERI GALLAGHER,                    )   CASE NO.
                                        )
13           Plaintiff,                 )   **DECLARATION OF ANNIE HONG IN**
                                        )   **SUPPORT OF NOTICE OF**
14      v.                              )   **REMOVAL OF CIVIL ACTION**
                                        )   **UNDER 28 U.S.C. § 1441 PURSUANT**
15  LIFE INSURANCE COMPANY OF NORTH     )   **TO 28 U.S.C. § 1332 (DIVERSITY) and**
    AMERICA and DOES 1 to 10,           )   **29 U.S.C. § 1332(e)(1) (FEDERAL**
16                                      )   **QUESTION – ERISA)**
             Defendants.                )
17                                      )   Action Filed   :        September 10, 2007

18

19

20

21

22

23

24

25

26

27

28

---

                                        1

1

2        I, Annie Hong, declare:

3        I am a Senior Operations Representative for Life Insurance Company of North America

4    ("LINA").  As such, I have personal knowledge of the facts set forth below, and if called upon to

5    testify under oath in this matter, I could and would testify to the following:

6            1.      Attached hereto, as Exhibit A, is a true and correct copy of the Group Disability

7    Policy ("the Policy") that is the subject of this matter.

8            2.      Attached hereto as Exhibit B, are true and correct copies of the letters sent to

9    plaintiff on June 6, 2006 and May 25, 2007, advising her that her rights to appeal and the time

10   frames relating to her claim are governed by ERISA.

11           3.      I have reviewed documents in the claim file pertaining to the disability claim by

12   plaintiff Gheri Gallagher. These documents state that her date of birth is in May 1948.   In

13   addition, the monthly benefit Ms. Gallagher was receiving under the Policy was $1,872.00.

14

15       I declare under penalty of perjury, under the laws of the United States of America, that

16   the foregoing is true and correct.

17

18   Executed this  11  day of October 2007 at  Glendale , California.

19                                                    

20

21

22

23

24

25

26

27

28

**DECLARATION OF ANNIE HONG IN SUPPORT OF NOTICE OF REMOVAL**

305998.1

Exhibit <u>A</u>

LK
6617
PO

LIFE INSURANCE COMPANY OF NORTH AMERICA
1600 ARCH STREET, PHILADELPHIA, PA. 19101
A STOCK INSURANCE COMPANY

GROUP
LONG TERM DISABILITY
INCOME POLICY

(Non-Participating)

Group Policy No. LK-6617                    Policy Delivered In: Kansas

Policy Effective Date: August 1, 1986        Policy Anniversary Date: August 1

Premium Due Dates: August 31, 1986 and the last day of each calendar month thereafter.

This is a contract between us, the Life Insurance Company of North America, and you,

KIMBERLY SERVICES, INC.
8500 West 110th Street
Overland Park, KS. 66210

(the Policyholder).
In return for your application and for the payment of premiums as set forth in this policy, we agree to pay the benefits described in this policy. These benefits are subject to all of the terms of this policy, including any riders, endorsements, and amendments.

This policy goes into effect on the Policy Effective Date, 12:01 a.m. at your address. The policy will stay in force as long as the premium is paid, until terminated by you or us.

This contract shall be governed by the laws of the state in which it is delivered.

IN WITNESS WHEREOF, we have signed this policy at Philadelphia, PA.

Group Long Term Disability Income Policy

## LONG TERM DISABILITY INCOME POLICY

### CONTENTS

I.  BENEFITS                                                        PAGE

    Benefit Waiting Period and Benefit Amount                        7
    Insuring Provisions                                              8
    Payment of Benefits                                             11
    Schedule                                                         7


II. PREMIUMS

    Calculation of Premiums and Rate                                 9
    Changes in Premium Rates                                         9
    Due Dates                                                        9
    Grace Period                                                    10
    Payment of Premiums                                              9
    Waiver of Premium                                                8


III. OTHER PROVISIONS

    Cancellation of Policy                                          10
    Certificate                                                     12
    Claims, Forms, Notice of Claim                                  12
    Definitions                                                      3
    Effective Date of Insurance                                      5
    Eligibility of Insurance                                         5
    Extension of Benefits after Cancellation                         5
    Termination of Insurance                                         6

This policy includes the following attached forms on date of issue:








# LONG-TERM DISABILITY INCOME POLICY

## DEFINITIONS (Continued)

**BASIC EARNINGS.** The term Basic Earnings means the Employee's rate of pay reported by the Employer. It does not include overtime, bonus, additional compensation or pay for more than 40 hours a week.

For an Employee who is paid wholly or in part by commissions, the term Basic Earnings will also include commissions based on an average of the commissions paid by the Employer for the 24 months immediately preceding the onset of Total Disability. If such Employee was not in the employ of the Employer during the entire preceding 24 month period, his commissions will be based on an average of the total number of months he was so employed by the Policyholder.

Basic Earnings are determined initially on the date the Employee becomes insured. A change in the amount of Basic Earnings will be considered effective on the date of the change. If the Employee is not in Active Service on that day, no increase in Basic Earnings will be considered effective until he returns to Active Service for one full day. In no event will an increase in an Employee's Basic Earnings be considered effective if it occurs:

    (1) between separate periods of Total Disability which are considered one period under the Successive Periods of Disability provision; or

    (2) during a Benefit Waiting Period.

**TOTAL DISABILITY.** An Employee will be considered Totally Disabled if because of Injury or Sickness, he is unable to perform all the essential duties of his occupation.

After Monthly Benefits have been payable for 24 months, an Employee will be considered Totally Disabled only if, because of Injury or Sickness, he is unable to perform all the essential duties of any occupation for which he is, or may reasonably become qualified based on his education, training or experience.

**PARTIAL DISABILITY.** An Employee will be considered partially disabled if because of Injury or Sickness, he is unable to perform all the essential duties of his own occupation on a full time basis, but is:

    (1) performing at least one of the essential duties of his own occupation or another occupation on a part time or full time basis; and

    (2) now earning at least 20% less per month than his indexed prior earnings.

An Employee will not be deemed Totally Disabled for any period of time during which he is partially disabled.

Basic Earnings; Total Disability