ADRIENNE C. PUBLICOVER (SBN 161432)
DENNIS J. RHODES (SBN 168417)
WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, California 94105
Tel:   (415) 433-0990
Fax:   (415) 434-1370

Attorneys for Defendant
LIFE INSURANCE COMPANY
OF NORTH AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GHERI GALLAGHER,<br><br>　　Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY<br>OF NORTH AMERICA and DOES 1 to 10,<br><br>　　Defendants. | CASE NO.   CV07-05224 EDL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS: FRCP 12(b)(6)**<br><br>Date:       November 27, 2007<br>Time:       9:00 a.m.<br>Location:  450 Golden Gate Avenue<br>　　　　　  Courtroom E, 15th Floor<br>　　　　　  San Francisco, CA<br>Judge:     Hon. Elizabeth D. Laporte<br><br>**Accompanying Documents**<br>1.　Notice of Motion and Motion to Dismiss;<br>2.　Declaration of Dennis J. Rhodes; and<br>3.　[Proposed] Order |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA") submits the following Memorandum of Points and Authorities in support of its Motion to Dismiss Plaintiff's complaint against it for failure to state a claim upon which relief may be granted. This Memorandum of

---
1
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS**
USDC NDCA Case #CV07-05224 EDL
306702.1

1  Points and Authorities is also submitted in support LINA's motion to strike Plaintiff's request
2  for punitive damages.

## I.

## INTRODUCTION

The instant action arises from plaintiff Gheri Gallagher's claim for long term disability benefits submitted under an employee welfare benefit plan maintained by her employer and as LINA demonstrates, governed by the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sections 1001 et seq. ("ERISA"). Plaintiff does not allege that the benefits are governed by ERISA, but contends that her claim for long term disability benefits was wrongfully terminated and seeks to recover these benefits.

The Complaint contains two claims for relief: a first claim for relief entitled Breach of Contract and a second claim for breach of the covenant of good faith and fair dealing ("bad faith"). These claims are state common law causes of action which allege a breach of the insurance policy that provides the long term disability benefits and which seek extra-contractual damages pursuant to the to recover plan benefits wrongfully withheld.

LINA demonstrates below that the policy at issue is governed by ERISA. It is well established that ERISA preempts such duplicative common law claims which seeks the relief intended to be provided by ERISA. *See Aetna Health Inc. v. Davila,* 542 U.S. 200, 209, 124 S.Ct. 2488, 2495 (2004) and *Bui v. AT &T,* 310 F.3d 1143, 1148 (9th Cir. 2002)("ERISA precludes state law claims predicated on the denial of benefits.") ERISA also preempts plaintiff's bad faith claim and her claim for punitive damages.

Therefore, plaintiff has failed to claims upon which relief can be granted. Hence, the breach of contract and bad faith claims are subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) and any amendment would be futile. LINA brings the instant motion under F.R.C.P. 12(b)(6) requesting that the breach of contract and bad faith claims be dismissed.

\\\

---

2
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS**
USDC NDCA Case #CV07-05224 EDL
306702.1

## II.

## STATEMENT OF ISSUES TO BE DECIDED

Whether plaintiff's first and second claims for relief for breach of contract and bad faith, which seek an award of plan benefits, are preempted by ERISA and subject to dismissal under F.R.C.P. 12(b)(6). Whether plaintiff's claim for punitive damages and extra-contractual damages should be dismissed.

## III.

## FACTS AS ALLEGED IN THE COMPLAINT

Plaintiff alleges that she was formerly employed by Kimberly Services, Inc. ("Kimberly Services"), as a Director of Clinical Services. (The Complaint, par. 5, attached to the Rhodes Declaration in support of motion as Exhibit A.) Plaintiff further alleges that she enrolled in the group long term disability income insurance program provided to Kimberly Services employees and was entitled to coverage under Group Policy Number LK-6617. (*Id.*) Defendant LINA issued the policy at issue. (*Id.*)

Plaintiff received long term disability benefits under the Policy, effective December 5, 1989. (The Complaint, par. 9) On September 22, 2006, LINA notified plaintiff that her claim for long term disability benefits would be terminated. (The Complaint, par. 16.) Plaintiff contends that this decision was wrong and that she is entitled to long term disability benefits under the Policy. (The Complaint, pars. 17, 19, 24, 27.)

Plaintiff's Complaint alleges two claims for relief via state court causes of action. The first claim is entitled, "Breach of Contract." (The Complaint at p. 8:1.) The breach of contract claim alleges that the defendants breached the insurance policy by terminating her benefits. The second claim for relief is entitled: "Breach of the Covenant of Good Faith and Fair Dealing" (The Complaint, at p. 9:6.) Plaintiff seeks extra-contractual damages therein.

\\\

\\\

IV.

**LEGAL ARGUMENT**

**A.    The Motion To Dismiss Standard**

A motion to dismiss under F.R.C.P. 12(b)(6) tests the sufficiency of the complaint. *See Harper v. Poway Unified School Dist.*, 345 F.Supp.2d 1096, 1102 (S.D. Cal. 2004). "Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory." *Harper, supra,* 345 F.Supp.2d at 1102; *see also Whitehall v. City of Santa Rosa,* 2004 U.S. Dist. LEXIS 21453, at p. 5 (N.D. Cal. October 19, 2004)("Dismissal is proper if the complaint fails to allege either a cognizable legal theory or sufficient facts under a cognizable legal theory.")

In the instant case, the Complaint fails to state a cognizable legal theory for breach of contract and bad faith. These claims for relief allege state law causes of action for breach which seeks to recover benefits under the ERISA governed plan sponsored by Kimberly Services. Such state common law causes of action are preempted by ERISA as a matter of law. For this reason, LINA requests that plaintiff's claims be dismissed under F.R.C.P. 12(b)(6) and that the action proceed as an action based on ERISA only.

Finally, leave to amend these claims should be denied. As set forth more fully below, separate state law breach of contract and bad faith claims cannot be stated under the facts as alleged in the Complaint because such a claim is preempted by ERISA. Leave to amend is properly denied when ruling on a motion to dismiss where the amendment would be futile. *See Whitehall v. City of Santa Rosa,* 2004 U.S. Dist. LEXIS 21453, at p. 6 (N.D. Cal. October 19, 2004).

**B.    Plaintiff's Benefits Are Subject To ERISA As The Policy Is Part Of An ERISA Plan.**

In determining whether a plan is an ERISA plan, the analysis begins by examining the requirements under 29 U.S.C. 1002(3). Section 1002(3) provides the statutory definition of an employee welfare benefit plan. Such a plan is defined as:

---

4
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS
USDC NDCA Case #CV07-05224 EDL
306702.1

> Any plan, fund or program which ... is established or maintained by an employer or employee organization ... to the extent that such plan, fund or program was established or is maintained for the purpose of providing for its participants or their beneficiaries through the purchase of insurance or otherwise, ... benefits in the event of sickness, accident, disability ....

The lead case interpreting section 1002(3) is *Donovan v. Dillingham* 688 F.3d 1367 (11th Cir 1982). In *Donovan,* the court broke the statute into five requirements.

> By definition, then, a welfare plan requires (1) a plan, fund or program; (2) established or maintained; (3) by an employer or employee organization; (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, ... benefits; 5) to participants or beneficiaries.

The court then articulated the following rule:

> A "plan, fund or program" under ERISA is established if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and the procedures for receiving benefits.

The Ninth Circuit follows *Donovan. Cinelli v. Security Pacific Corp, et al.* 61 F.3d 1437 (9th Cir. 1995); *Winterrowd, et al. v. American General Annuity Insurance Company* 321 F.3d 933 (9th Cir. 2003). Hence, the analysis therein applies to this matter.

Additional guidance is found in *Gaylor v. John Hancock Mutual Life Insurance Company* 112 F.3d 460 (10th Cir. 1997), relied upon in *Stuart v. Unum Life Insurance Company of America* 217 F.3d 1145 (9th Cir. 1999). *Gaylor* illustrates the application of the rule set forth in *Donovan*. The employer in *Gaylor* provided life, AD&D, medical, accident and sickness, and disability benefits. The class of beneficiaries was its employees. The benefits were financed by both the employer and the employees, and the procedures for obtaining benefits were laid out in a booklet provided to the employees. Based on these facts, the court was certain that a plan existed. Most importantly, the court also held that the employer's purchase of insurance was part of a comprehensive insurance program to provide the employees with different types of insurance. Therefore, the court found that the employer had established or maintained the plan.

\\\

*Bellisario v. Lone Star Life Insurance, et al.* 871 F.Supp. 374 (9th Cir. 1994) is also helpful. There, the court did not perform a detailed analysis, but simply maintained that the *Donovan* approach was simple and straightforward. Where the plan met the *Donovan* factors, it was deemed subject to ERISA.

In *Credit Managers Assn. v. Kennesaw Life and Accident Ins. Co.* 809 F.2d 617 (9th Cir. 1987), the court held that establishing an ERISA plan is in fact a very easy thing to do.

> An employer ... can establish an ERISA plan rather easily. Even if an employer does no more than arrange for a group-type insurance program, it can establish an ERISA plan unless it (sic) a mere advertiser who makes no contribution on behalf of its employees. *Id.* at 625.

Further, under *Donovan, supra,* the purchase of a group policy is substantial evidence of that a plan has been established.

With respect to the policy at issue in this matter, all elements of section 1002(3) are met. First, with respect to the first three elements, the plan was established and maintained by Kimberly Services by the purchase of the group policy for its employees. (See p. 1 of the group policy, attached to the Notice of Removal. The Notice of Removal is Exhibit B of the Rhodes Declaration incorporating the Declaration of Annie Hong verifying the group policy.) Second, the purpose of the policy is to provide disability benefits to an intended class of beneficiaries, the company's employees. (*Id.* at p. 5.) The purchase of the coverage is evidence of a comprehensive insurance program to provide the employees with disability benefits funded by Kimberly Services and the employees. Finally, in terms of the procedure for receiving benefits, Kimberly relied upon LINA for making benefit determinations as evidenced by the instant lawsuit. Therefore, it is indisputable that the policy is governed by ERISA.

C.   **The Breach Of Contract And Bad Faith Claims Fails To State Claims Upon Which Relief Can Be Granted Because They Are Preempted By ERISA.**

In this action, plaintiff seeks to recover long term disability benefits under an ERISA governed employee welfare benefit plan. This is evident from the face of the Complaint. Plaintiff's breach of contract claim alleges that the agreement breached is the insurance contract

providing the benefits to covered employees. The bad faith claim is premised upon a tortious denial of contract benefits and seeks extra-contractual damages. These claims are preempted by ERISA and subject to dismissal.

"Extensive case law establishes that the scope of ERISA preemption is extremely broad." *Hyder v. Kemper National Services,* 390 F.Supp.2d 915, 918 (N.D. Cal. 2005). As explained by the United States Supreme Court, "[t]he purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To this end, ERISA includes expansive preemption provisions . . . " *Aetna Health Inc. v. Davila,* 542 U.S. 200, 208, 124 S.Ct. 2488, 2495 (2004). ERISA includes an integrated system of procedures for enforcement (i.e., 29 U.S.C. Section 1132(a)) which is "essential to accomplish Congress' purpose of creating a comprehensive statute for the regulation of employee benefit plans." *See id.* "Therefore, any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc. v. Davila,* 542 U.S. 200, 209, 124 S.Ct. 2488, 2495.

As similarly explained by the Ninth Circuit:

> "A denial of benefits involves an administrative decision regarding coverage. Under any of the tests for determining ERISA preemption applied by this court, it is clear that ERISA preempts suits predicated on administrative decisions. Subjecting such decisions to an individual state's laws would subvert the intent of Congress to allow for the uniform administration of ERISA benefits in three ways: by requiring administrators to follow many state laws instead of one federal law; by interfering with the relationship between ERISA administrators and beneficiaries; and by providing an alternative enforcement mechanism for beneficiaries to obtain benefits. <u>Thus, ERISA precludes state law claims predicated on the denial of benefits.</u>"

*Bui v. AT & T,* 310 F.3d 1143, 1147-1148 (9th Cir. 2002)(emphasis added).

Where plaintiffs bring suit to rectify a wrongful denial of benefits under an ERISA plan (as plaintiff does here) and do not attempt to remedy any violation of a legal duty independent of ERISA, the United States Supreme Court holds that the state causes of action fall within the

scope of ERISA and are completely preempted by ERISA Section 502. *See Aetna Health Inc. v. Davila,* 542 U.S. 200, 214, 124 S.Ct. 2488, 2498.

ERISA undeniably preempts state common law causes of action such as a breach of contract claim. *See Blau v. Del Monte Corp.*, 748 F.2d 1348, 1356 (9th Cir. 1984). More specifically, "[i]f a claim alleges a denial of benefits, ERISA preempts it." *Bui v. AT & T,* 310 F.3d 1143, 1147 (9th Cir. 2002); *see also California Pacific Medical Center v. Concentra Preferred Systems, Inc.,* 2004 U.S. Dist. LEXIS 21389, at p. 10 (N.D. Cal. Oct. 15, 2004)("a plaintiffs state law claim that merely seeks an alternative enforcement mechanism of an ERISA provision is preempted.")

To avoid ERISA preemption, a plaintiff's claim must exist even without the defendants' failure to pay the benefit. *See California Pacific Medical Center, supra,* 2004 U.S. Dist. LEXIS 21389, at p. 11. This is not true in the instant case.

Plaintiff clearly premises her breach of contract claim on LINA's decision to terminate long term disability benefits. As LINA points out, these benefits are governed by ERISA because the Policy constitutes an employee welfare benefit plan. Further, plaintiff's state law causes of action duplicate, supplement, or supplant the ERISA civil enforcement remedy. The remedy (plan benefits) which plaintiff seeks are available pursuant to 29 U.S.C Section 1132.

District courts within the Ninth Circuit have held that state law claims alleged in actions seeking ERISA benefits, such as plaintiff's claims here, are subject to dismissal under Rule 12(b)(6) because the state law claims are preempted by ERISA. *See Hyder, supra,* 390 F.Supp.2d 915, 917-918 (N.D. Cal. 2005)(holding that plaintiff's state law claims for breach of the duty of good faith and fair dealing and breach of contract arising from the denial of ERISA benefits were "completely preempted" and granting a motion to dismiss those claims) and *California Pacific Medical Center, supra,* 2004 U.S. Dist. LEXIS 21389, at pp. 6-7 and 18-20. *See also Kanne v. Connecticut Gen. Life Ins. Co.*, 867 F.2d 489, 494 (9th Cir. 1988), cert. denied, 492 U.S. 906 (1989) (holding plaintiff's common law causes of action for breach of

contract, breach of the duty of good faith and fair dealing, and statutory cause of action for unfair insurance practices under the California Insurance Code were preempted by ERISA) and *Tingey v. Pixley-Richards West, Inc.*, 953 F.2d 1124, 1131 (9th Cir. 1992) (holding plaintiff's causes of action for breach of contract, breach of the duty of good faith and fair dealing, intentional infliction of emotional distress, and violations of the Arizona Insurance Code were preempted by ERISA).

Based on ample authority cited above, plaintiff can state no cognizable legal theory for breach of contract and breach of the covenant of good faith and fair dealing. Her claims as set forth in the Complaint allege a breach of the insurance policy providing the long term disability benefits under the Policy which LINA has demonstrated is subject to ERISA and alleges an entitlement to those plan benefits. ERISA preempts these state law claims and therefore they should be dismissed.

### D. Punitive Damages Are Not Permitted Under ERISA

Plaintiff's claim for punitive damages is not permitted under ERISA. Plaintiff's claim for benefits may be brought under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), which grants relief only "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." The statute does not grant relief in the form of extra contractual damages. It is plain from the statutory language that the only relief to which Plaintiff is entitled is to "recover benefits" and to "enforce ...rights under the plan." §502(a)(1)(B) (29 U.S.C. §1132(a)(l)(B)).

The courts which have addressed this issue have concluded that "[§502(a)(1)(B)] does not authorize punitive damages." *Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 618 (6th Cir. 1998). Similarly, the First Circuit has held that "ERISA §502(a)(1)(B) provides a remedy to "secure benefits under the plan rather than damages for a breach of the plan' " *Hampers v. W.R. Grace & Co., Inc.*, 202 F.3d 44 (1st Cir. 2000) (quoting *Turner v. Fallen Community Health Plan*, 127 F.3d 196 (1st Cir. 1997)). The Fifth Circuit has also reached a similar conclusion in

*Medina v. Anthem Life Ins. Co.*, 983 F.2d 29, 32 (5th Cir. 1993) ("We join the other circuits that have held that section §502(a)(1)(B) does not allow the recovery of extra contractual or punitive damages.") See also, *Godfrey v. BellSouth Telecommunications, Inc.*, 89 F.3d 755, 761 (11th Cir. 1996). (There is no indication or reason to believe §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), permits punitive damages).

Furthermore, the Supreme Court has explained that ERISA does not provide for punitive damages. In *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134 (1985), the Supreme Court stated that:

> Congress did not provide, and did not intend the judiciary to imply a cause of action for extra-contractual damages caused by improper or untimely processing of benefits claims. Id. at 148.

The Ninth Circuit has amplified the Supreme Court's ruling that there is no right to punitive damages or extra contractual damages under ERISA. In *Johnson v. District 2 Engineers Beneficial Associated Maritime Officers Medical Plan*, 857 F.2d 514 (9th Cir. 1998), the Ninth Circuit explained that the "Supreme Court held a beneficiary could not recover extra contractual damages, either compensatory or punitive, under §409 of ERISA, 29 U.S.C. §1109(a) (incorporated by §502(a)(2), 29 U.S.C. §1132 (a)(2)), against a fiduciary for improper processing of benefit claims." *Id.* at 517 (referring to *Massachusetts Mutual, supra*. The Ninth Circuit, referring to its holding in *Sokol v. Bernstein*, 803 F.2d 532 (9th Cir. 1986), has further stated that "ERISA's preemptive effect and legislative history, applied equally to §502(a)(3), 29 U.S.C. §1132(a)(3), and as such there was no provision for extra contractual damages under that section either." *Johnson*, 857 F.2d at 517. *See also, Kayes v. Pacific Lumber Company, supra.*

Finally, in *Mertens v. Hewitt Assoc.*, 508 U.S. 248 (1993), the Supreme Court held that §502's equitable relief was limited to the "remedy traditionally viewed as equitable, such as injunction or restitution." *Id.* at 255. Money damages are legal relief, and §502(a)(3) authorizes only equitable relief. There is no recovery for compensatory damages, which clearly includes punitive damages. *Ibid. See also, Allinder v. Inter-city Products Corp.*, 152 F.3d 544 (6th Cir.

1998). It is clear, both from the statutes and the case law, that plaintiff does not have a claim for punitive damages under any of §502(a)(1)(B), §502(a)(2) or §502(a)(3). Accordingly, this Court should grant LINA's Motion to Dismiss Plaintiff's claim for punitive damages.

## V.

## CONCLUSION

Plaintiff's Complaint alleges that she is entitled to long term disability benefits under a Group Disability Policy which LINA has demonstrated is part of an employee welfare benefit plan governed by ERISA. Plaintiff has attempted to state a common law breach of contract and bad faith claims premised on the termination of disability benefits. Because these claims are preempted, they should be dismissed.

Plaintiff will not be prejudiced by the dismissal of her claims because plaintiff has a remedy under ERISA. If plaintiff prevails on the ERISA claim, she will be awarded the long term disability benefits to which she is entitled. Moreover, dismissal of these claims for relief will simplify the issues to be resolved by motions for summary judgment and/or trial.

For these reasons, LINA respectfully requests that its Motion to Dismiss plaintiff's breach of contract and bad faith claims be granted, that the action proceed only under ERISA and that plaintiff's recovery be limited only to the relief specifically allowed under ERISA.

Dated: October 16, 2007

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____
ADRIENNE C. PUBLICOVER
DENNIS J. RHODES
Attorneys for Defendant
LIFE INSURANCE COMPANY OF
NORTH AMERICA

# CERTIFICATE OF SERVICE
*Gheri Gallagher v. Life Insurance Company of North America, et al.*
USDC NDCA Case #CV07-05224 EDL

I am a citizen of the United States. I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address is 525 California Street, 17th Floor, San Francisco, California 94105.

On this date I served the following document(s):

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS**

on the parties identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

_X_ : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

_☐_ : **By Personal Service** – I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

_☐_ : **By Overnight Courier** – I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

_☐_ : **Facsimile** – (Only where permitted. Must consult CCP § 1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.C.A.)

Ryan A. Kent, Esq.
Attorney at Law
30 Mitchell Boulevard
San Rafael, CA  94903
Tel:    (415) 479-4356
Fax:    (415) 479-4358

*Attorney for Plaintiff*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED **October 16, 2007** at San Francisco, California.

_____
Nancy Li