1  ADRIENNE C. PUBLICOVER  (SBN 161432)
   DENNIS J. RHODES  (SBN 168417)
2  WILSON, ELSER, MOSKOWITZ,
       EDELMAN & DICKER LLP
3  525 Market Street, 17th Floor
   San Francisco, California  94105
4  Tel:    (415) 433-0990
   Fax:    (415) 434-1370
5
   Attorneys for Defendant
6  LIFE INSURANCE COMPANY
   OF NORTH AMERICA
7

8

9                  UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11

12  GHERI GALLAGHER,                    )  CASE NO.    CV07-05224 SBA
                                        )
13           Plaintiff,                 )  **MEMORANDUM OF POINTS AND**
                                        )  **AUTHORITIES IN SUPPORT OF**
14      v.                              )  **MOTION TO DISMISS PLAINTIFF'S**
                                        )  **STATE LAW CLAIMS and BREACH**
15  LIFE INSURANCE COMPANY              )  **OF FIDUCIARY DUTY CLAIM IN THE**
    OF NORTH AMERICA and DOES 1 to 10,  )  **FIRST AMENDED COMPLAINT:**
16                                      )  **FRCP 12(b)(6)**
             Defendants.                )
17                                      )  Date:        December 11, 2007
                                        )  Time:        1:00 p.m.
18                                      )  Location:    1301 Clay Street
                                        )             Courtroom 3, 3rd Floor
19                                      )             Oakland, CA
                                        )  Judge:       Hon. Saundra B. Armstrong
20                                      )
                                        )  **Accompanying Documents**
21                                      )  1.    Notice of Motion and Motion to
                                        )        Dismiss;
22                                      )  2.    Declaration of Dennis J. Rhodes; and
                                        )  3.    [Proposed] Order
23                                      )

24          Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant LIFE

25  INSURANCE COMPANY OF NORTH AMERICA ("LINA") submits the following

26  Memorandum of Points and Authorities in support of its Motion to Dismiss the state law and

27  ────────────────────────────────────────────────────
                                    1
    **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S**
28  **STATE LAW CLAIMS and BREACH OF FIDUCIARY DUTY CLAIM IN THE FIRST AMENDED**
    **COMPLAINT: FRCP 12(b)(6)**
    USDC NDCA Case #CV07-05224 SBA
    308912.1

1   breach of fiduciary duty claims in plaintiff Gheri Gallagher's ("plaintiff"), First Amended

2   Complaint ("FAC"), against it for failure to state a claim upon which relief may be granted.

3   This Memorandum of Points and Authorities is also submitted in support LINA's motion to

4   dismiss plaintiff's request for punitive damages.

5                                         I.

6                              **INTRODUCTION**

7       The instant action arises from plaintiff's claim for long term disability benefits

8   submitted under an employee welfare benefit plan maintained by her employer and as LINA

9   demonstrates, governed by the provisions of the Employee Retirement Income Security Act of

10  1974, 29 U.S.C. Sections 1001 et seq. ("ERISA").  Plaintiff contends that her claim for long

11  term disability benefits was wrongfully terminated and seeks to recover these benefits.

12      The FAC contains five claims for relief as follows: Breach of Contract, Breach of the

13  Covenant of Good Faith and Fair Dealing ("bad faith"), Claim for Recovery of Plan Benefits

14  (ERISA), Breach of Fiduciary Duty (ERISA), and Equitable Relief (ERISA).  The claims for

15  breach of contract and bad faith are state common law causes of action, which allege a breach of

16  the insurance policy that provides the long term disability benefits.  The bad faith claim seeks

17  extra-contractual damages for plan benefits allegedly wrongfully withheld.  The breach of

18  fiduciary duty claim seeks payment of disability benefits. Plaintiff also prays for punitive

19  damages.

20      LINA demonstrates below that the policy at issue is governed by ERISA.  It is well

21  established that ERISA preempts such duplicative common law claims which seeks the relief

22  intended to be provided by ERISA.  *See Aetna Health Inc. v. Davila,* 542 U.S. 200, 209, 124

23  S.Ct. 2488, 2495 (2004) and *Bui v. AT &T,* 310 F.3d 1143, 1148 (9th Cir. 2002)("ERISA

24  precludes state law claims predicated on the denial of benefits.")   ERISA also preempts

25  plaintiff's bad faith claim and her claim for punitive damages.

26

27                                          2

28  **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
    STATE LAW CLAIMS and BREACH OF FIDUCIARY DUTY CLAIM IN THE FIRST AMENDED
    COMPLAINT: FRCP 12(b)(6)**

    USDC NDCA Case #CV07-05224 SBA
    308912.1

In addition, Plaintiff claims breach of fiduciary duty under ERISA. However, because this claim seeks payment of disability benefits personal to plaintiff, she does not allege damage to the plan. Hence, this claim should be dismissed.

Therefore, plaintiff has failed to state claims upon which relief can be granted. Hence, the breach of contract and bad faith claims are subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) and any amendment would be futile. LINA brings the instant motion under F.R.C.P. 12(b)(6) requesting that the breach of contract, bad faith, breach of fiduciary duty, extra-contractual and punitive damages claims be dismissed with prejudice.

## II.

## STATEMENT OF ISSUES TO BE DECIDED

Whether plaintiff's first and second claims for relief for breach of contract and bad faith, which seek an award of plan benefits, are preempted by ERISA and subject to dismissal under F.R.C.P. 12(b)(6). Whether plaintiff has a cognizable claim for breach of fiduciary duty under ERISA. Whether plaintiff's claim for punitive damages and extra-contractual damages should be dismissed.

## III.

## FACTS AS ALLEGED IN THE AMENDED COMPLAINT

Plaintiff alleges that she was formerly employed by Kimberly Services, Inc. ("Kimberly Services"), as a Director of Clinical Services. (FAC, par. 3.) Plaintiff further alleges that she enrolled in the group long term disability income insurance program provided to Kimberly Services employees and was entitled to coverage under Group Policy Number LK-6617. (*Id.*) Defendant LINA issued the policy at issue. (*Id.*)

Plaintiff received long term disability benefits under the Policy, effective December 5, 1989. (*Id.* at par. 7.) On June 6, 2006, LINA notified plaintiff that her claim for long term disability benefits would be terminated. (*Id.* at par. 12.) Plaintiff contends that this decision was

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS and BREACH OF FIDUCIARY DUTY CLAIM IN THE FIRST AMENDED COMPLAINT: FRCP 12(b)(6)**

USDC NDCA Case #CV07-05224 SBA
308912.1

1   wrong and that she is entitled to long term disability benefits under the Policy. (*Id.* at, pars. 25,

2   31 and 35.)

3          The FAC alleges two claims for relief which are in fact state law court causes of action.

4   The Breach of Contract claim, alleges that the LINA breached the insurance policy by

5   terminating her benefits.  The claim for Breach of the Covenant of Good Faith and Fair Dealing

6   seeks extra-contractual damages therein.  Plaintiff also prays for punitive damages.

7                                              **IV.**

8                                    **LEGAL ARGUMENT**

9   **A.      The Motion To Dismiss Standard**

10          A motion to dismiss under F.R.C.P. 12(b)(6) tests the sufficiency of the complaint.  *See*

11  *Harper v. Poway Unified School Dist.*, 345 F.Supp.2d 1096, 1102 (S.D. Cal. 2004).  "Dismissal

12  is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory."  *Harper,*

13  *supra,* 345 F.Supp.2d at 1102; *see also Whitehall v. City of Santa Rosa,* 2004 U.S. Dist. LEXIS

14  21453, at p. 5 (N.D. Cal. October 19, 2004)("Dismissal is proper if the complaint fails to allege

15  either a cognizable legal theory or sufficient facts under a cognizable legal theory.")

16          In the instant case, the FAC fails to state a cognizable legal theory for breach of contract

17  and bad faith.  These claims for relief allege state law causes of action for breach which seeks to

18  recover benefits under the ERISA governed plan sponsored by Kimberly Services. Such state

19  common law causes of action are preempted by ERISA as a matter of law.  For this reason,

20  LINA requests that plaintiff's claims be dismissed under F.R.C.P. 12(b)(6) and that the action

21  proceed as an action based on ERISA only.

22          Finally, leave to amend these claims should be denied.  As set forth more fully below,

23  separate state law breach of contract and bad faith claims cannot be stated under the facts as

24  alleged in the FAC because such a claim is preempted by ERISA.  Leave to amend is properly

25  denied when ruling on a motion to dismiss where the amendment would be futile.  *See*

26

27                                              4

1  *Whitehall v. City of Santa Rosa,* 2004 U.S. Dist. LEXIS 21453, at p. 6 (N.D. Cal. October 19,

2  2004).

3  **B.     Plaintiff's Benefits Are Subject To ERISA As The Policy Is Part Of An ERISA
       Plan.**

4
5         In determining whether a plan is an ERISA plan, the analysis begins by examining the

   requirements under 29 U.S.C. 1002(3).  Section 1002(3) provides the statutory definition of an

6  employee welfare benefit plan. Such a plan is defined as:

7
8              Any plan, fund or program which … is established or maintained by an
               employer or employee organization … to the extent that such plan, fund or
9              program was established or is maintained for the purpose of providing for
               its participants or their beneficiaries through the purchase of insurance or
               otherwise, … benefits in the event of sickness, accident, disability ….

10        The lead case interpreting section 1002(3) is *Donovan v. Dillingham* 688 F.3d 1367 (11th

11 Cir 1982).  In *Donovan,* the court broke the statute into five requirements.

12
13             By definition, then, a welfare plan requires (1) a plan, fund or program; (2)
               established or maintained; (3) by an employer or employee organization;
14             (4) for the purpose of providing medical, surgical, hospital care, sickness,
               accident, disability, death, … benefits; 5) to participants or beneficiaries.

15        The court then articulated the following rule:

16             A "plan, fund or program" under ERISA is established if from the
               surrounding circumstances a reasonable person can ascertain the intended
17             benefits, a class of beneficiaries, the source of financing, and the
               procedures for receiving benefits.

18        The Ninth Circuit follows *Donovan.   Cinelli v. Security Pacific Corp, et al.* 61 F.3d

19 1437 (9th Cir. 1995); *Winterrowd, et al. v. American General Annuity Insurance Company* 321

20 F.3d 933 (9th Cir. 2003).  Hence, the analysis therein applies to this matter.

21        Additional guidance is found in *Gaylor v. John Hancock Mutual Life Insurance

22 Company* 112 F.3d 460 (10th Cir. 1997), relied upon in *Stuart v. Unum Life Insurance Company

23 of America* 217 F.3d 1145 (9th Cir. 1999).  *Gaylor* illustrates the application of the rule set forth

24 in *Donovan.*  The employer in *Gaylor* provided life, AD&D, medical, accident and sickness,

25 and disability benefits.   The class of beneficiaries was its employees.   The benefits were

26

27

28 **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
   STATE LAW CLAIMS and BREACH OF FIDUCIARY DUTY CLAIM IN THE FIRST AMENDED
   COMPLAINT: FRCP 12(b)(6)**

1   financed by both the employer and the employees, and the procedures for obtaining benefits

2   were laid out in a booklet provided to the employees.   Based on these facts, the court was

3   certain that a plan existed.  Most importantly, the court also held that the employer's purchase

4   of insurance was part of a comprehensive insurance program to provide the employees with

5   different types of insurance.  Therefore, the court found that the employer had established or

6   maintained the plan.

7        *Bellisario v. Lone Star Life Insurance, et al.* 871 F.Supp. 374 (9th Cir. 1994) is also

8   helpful.   There, the court did not perform a detailed analysis, but simply maintained that the

9   *Donovan* approach was simple and straightforward.  Where the plan met the *Donovan* factors, it

10  was deemed subject to ERISA.

11       In *Credit Managers Assn. v. Kennesaw Life and Accident Ins. Co.* 809 F.2d 617 (9th Cir.

12  1987), the court held that establishing an ERISA plan is in fact a very easy thing to do.

13               An employer ... can establish an ERISA plan rather easily.  Even if an
                 employer does no more than arrange for a group-type insurance program,
14               it can establish an ERISA plan unless it (sic) a mere advertiser who makes
                 no contribution on behalf of its employees. *Id.* at 625.

15       Further, under *Donovan, supra,* the purchase of a group policy is substantial evidence of

16  that a plan has been established.

17       Plaintiff admits that at the time the claim arose and she was approved for benefits, the

18  Policy constituted an ERISA Plan.

19               Plaintiff is informed and believes and thereon alleges that the Policy was
                 initially provided to Kimberly Services, Inc. and Plaintiff as part of an
20               ERISA plan called the Kimberly Quality Care Long Term Disability Plan
                 (hereinafter "the Plan").   However, plaintiff contends that because
21               Kimberly Services, Inc. is no longer in existence, there has been a
                 "constructive conversion" from a group policy to an individual policy not
22               subject to ERISA.

23  (*Id.* at par. 23.)

24  \\\

25  \\\

26

27                                        6

1    With respect to the policy at issue in this matter, all elements of section 1002(3) are met.

2    First, with respect to the first three elements, the plan was established and maintained by

3    Kimberly Services by the purchase of the group policy for its employees. (See p. 1 of the group

4    policy, attached to the Notice of Removal. The Notice of Removal is Exhibit A of the Rhodes

5    Declaration incorporating the Declaration of Annie Hong verifying the group policy.) Second,

6    the purpose of the policy is to provide disability benefits to an intended class of beneficiaries,

7    the company's employees. (*Id.* at p. 5.) The purchase of the coverage is evidence of a

8    comprehensive insurance program to provide the employees with disability benefits funded by

9    Kimberly Services and the employees. Finally, in terms of the procedure for receiving benefits,

10   Kimberly relied upon LINA for making benefit determinations as evidenced by the instant

11   lawsuit. Therefore, it is indisputable that the policy is governed by ERISA.

12   Furthermore, plaintiff's theory of "constructive conversion" is without merit. It is

13   admitted and undisputed that at the time plaintiff's claim arose the Plan was operative and that

14   her benefits at all times were provided under the terms of the group policy. Hence, ERISA

15   remains applicable.

16   **C.    The Breach Of Contract And Bad Faith Claims Fails To State Claims Upon Which Relief Can Be Granted Because They Are Preempted By ERISA.**

17   In this action, plaintiff seeks to recover long term disability benefits under an ERISA

18   governed employee welfare benefit plan. This is evident from the face of the FAC. Plaintiff's

19   breach of contract claim alleges that the agreement breached is the insurance contract providing

20   the benefits to covered employees. The bad faith claim is premised upon a tortious denial of

21   contract benefits and seeks extra-contractual damages. These claims are preempted by ERISA

22   and subject to dismissal.

23   "Extensive case law establishes that the scope of ERISA preemption is extremely

24   broad." *Hyder v. Kemper National Services,* 390 F.Supp.2d 915, 918 (N.D. Cal. 2005). As

25   explained by the United States Supreme Court, "[t]he purpose of ERISA is to provide a uniform

26

27   ───────────────────────────────
     7
28   **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS and BREACH OF FIDUCIARY DUTY CLAIM IN THE FIRST AMENDED COMPLAINT: FRCP 12(b)(6)**

1  regulatory regime over employee benefit plans.  To this end, ERISA includes expansive pre-

2  emption provisions . . . " *Aetna Health Inc. v. Davila,* 542 U.S. 200, 208, 124 S.Ct. 2488, 2495

3  (2004).   ERISA includes an integrated system of procedures for enforcement (i.e., 29 U.S.C.

4  Section 1132(a)) which is "essential to accomplish Congress' purpose of creating a

5  comprehensive statute for the regulation of employee benefit plans." *See id.*  "Therefore, any

6  state-law cause of action that duplicates, supplements, or supplants the ERISA civil

7  enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy

8  exclusive and is therefore pre-empted." *Aetna Health Inc. v. Davila,* 542 U.S. 200, 209, 124

9  S.Ct. 2488, 2495.

10        As similarly explained by the Ninth Circuit:

11                "A denial of benefits involves an administrative decision regarding
          coverage.  Under any of the tests for determining ERISA preemption
12        applied by this court, it is clear that ERISA preempts suits predicated on
          administrative decisions.   Subjecting such decisions to an individual
13        state's laws would subvert the intent of Congress to allow for the uniform
          administration of ERISA benefits in three ways:   by requiring
14        administrators to follow many state laws instead of one federal law; by
          interfering with the relationship between ERISA administrators and
15        beneficiaries; and by providing an alternative enforcement mechanism for
          beneficiaries to obtain benefits. <u>Thus, ERISA precludes state law claims
16        predicated on the denial of benefits.</u>"

17  *Bui v. AT & T,* 310 F.3d 1143, 1147-1148 (9th Cir. 2002)(emphasis added).

18        Where plaintiffs bring suit to rectify a wrongful denial of benefits under an ERISA plan

19  (as plaintiff does here) and do not attempt to remedy any violation of a legal duty independent

20  of ERISA, the United States Supreme Court holds that the state causes of action fall within the

21  scope of ERISA and are completely preempted by ERISA Section 502. *See Aetna Health Inc. v.*

22  *Davila,* 542 U.S. 200, 214, 124 S.Ct. 2488, 2498.

23        ERISA undeniably preempts state common law causes of action such as a breach of

24  contract claim. *See Blau v. Del Monte Corp.*, 748 F.2d 1348, 1356 (9th Cir. 1984).  More

25  specifically, "[i]f a claim alleges a denial of benefits, ERISA preempts it." *Bui v. AT & T,* 310

26  F.3d 1143, 1147 (9th Cir. 2002); *see also California Pacific Medical Center v. Concentra*

27  _____8_____
    **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S**
28  **STATE LAW CLAIMS and BREACH OF FIDUCIARY DUTY CLAIM IN THE FIRST AMENDED**
    **COMPLAINT: FRCP 12(b)(6)**

1    *Preferred Systems, Inc.,* 2004 U.S. Dist. LEXIS 21389, at p. 10 (N.D. Cal. Oct. 15, 2004)("a

2    plaintiffs state law claim that merely seeks an alternative enforcement mechanism of an ERISA

3    provision is preempted.")

4    　　　　To avoid ERISA preemption, a plaintiff's claim must exist even without the defendants'

5    failure to pay the benefit. *See California Pacific Medical Center, supra,* 2004 U.S. Dist. LEXIS

6    21389, at p. 11. This is not true in the instant case.

7    　　　　Plaintiff clearly premises her breach of contract claim on LINA's decision to terminate

8    long term disability benefits. As LINA points out, these benefits are governed by ERISA

9    because the Policy constitutes an employee welfare benefit plan. Further, plaintiff's state law

10   causes of action duplicate, supplement, or supplant the ERISA civil enforcement remedy. The

11   remedy (plan benefits) which plaintiff seeks are available pursuant to 29 U.S.C Section 1132.

12   　　　　District courts within the Ninth Circuit have held that state law claims alleged in actions

13   seeking ERISA benefits, such as plaintiff's claims here, are subject to dismissal under Rule

14   12(b)(6) because the state law claims are preempted by ERISA. *See Hyder, supra,* 390

15   F.Supp.2d 915, 917-918 (N.D. Cal. 2005)(holding that plaintiff's state law claims for breach of

16   the duty of good faith and fair dealing and breach of contract arising from the denial of ERISA

17   benefits were "completely preempted" and granting a motion to dismiss those claims) and

18   *California Pacific Medical Center, supra,* 2004 U.S. Dist. LEXIS 21389, at pp. 6-7 and 18-20.

19   *See also Kanne v. Connecticut Gen. Life Ins. Co.,* 867 F.2d 489, 494 (9th Cir. 1988), cert.

20   denied, 492 U.S. 906 (1989) (holding plaintiff's common law causes of action for breach of

21   contract, breach of the duty of good faith and fair dealing, and statutory cause of action for

22   unfair insurance practices under the California Insurance Code were preempted by ERISA) and

23   *Tingey v. Pixley-Richards West, Inc.,* 953 F.2d 1124, 1131 (9th Cir. 1992) (holding plaintiff's

24   causes of action for breach of contract, breach of the duty of good faith and fair dealing,

25   intentional infliction of emotional distress, and violations of the Arizona Insurance Code were

26   preempted by ERISA).

27
                                                    9
     **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S**
28   **STATE LAW CLAIMS and BREACH OF FIDUCIARY DUTY CLAIM IN THE FIRST AMENDED**
                              **COMPLAINT: FRCP 12(b)(6)**
     USDC NDCA Case #CV07-05224 SBA
     308912.1

1    Based on ample authority cited above, plaintiff can state no cognizable legal theory for
2    breach of contract and breach of the covenant of good faith and fair dealing. Her claims as set
3    forth in the FAC allege a breach of the insurance policy providing the long term disability
4    benefits under the Policy which LINA has demonstrated is subject to ERISA and alleges an
5    entitlement to those plan benefits. ERISA preempts these state law claims and therefore they
6    should be dismissed.

7    **D.**    **Punitive Damages Are Not Permitted Under ERISA**

8    Plaintiff's claim for punitive damages is not permitted under ERISA. Plaintiff's claim for
9    benefits may be brought under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), which grants
10    relief only "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights
11    under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the
12    plan." The statute does not grant relief in the form of extra-contractual damages. It is plain from
13    the statutory language that the only relief to which Plaintiff is entitled is to "recover benefits"
14    and to "enforce ...rights under the plan." §502(a)(1)(B) (29 U.S.C. §1132(a)(l)(B)).

15    The courts which have addressed this issue have concluded that "[§502(a)(1)(B)] does
16    not authorize punitive damages." *Ford v. Uniroval Pension Plan*, 154 F.3d 613, 618 (6th Cir.
17    1998). Similarly, the First Circuit has held that "ERISA §502(a)(1)(B) provides a remedy to
18    "secure benefits under the plan rather than damages for a breach of the plan' " *Hampers v. W.R.*
19    *Grace & Co., Inc.*, 202 F.3d 44 (1st Cir. 2000) (quoting *Turner v. Fallen Community Health*
20    *Plan*, 127 F.3d 196 (1st Cir. 1997)). The Fifth Circuit has also reached a similar conclusion in
21    *Medina v. Anthem Life Ins. Co.*, 983 F.2d 29, 32 (5th Cir. 1993) ("We join the other circuits that
22    have held that section §502(a)(1)(B) does not allow the recovery of extra-contractual or punitive
23    damages.") See also, *Godfrey v. BellSouth Telecommunications, Inc.*, 89 F.3d 755, 761 (11th
24    Cir. 1996). (There is no indication or reason to believe §502(a)(1)(B), 29 U.S.C.
25    §1132(a)(1)(B), permits punitive damages).

26    Furthermore, the Supreme Court has explained that ERISA does not provide for punitive

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS and BREACH OF FIDUCIARY DUTY CLAIM IN THE FIRST AMENDED COMPLAINT: FRCP 12(b)(6)**
USDC NDCA Case #CV07-05224 SBA
308912.1

1    damages. In *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134 (1985), the

2    Supreme Court stated that:

3              Congress did not provide, and did not intend the judiciary to imply a cause
         of action for extra-contractual damages caused by improper or untimely
4              processing of benefits claims. Id. at 148.

5         The Ninth Circuit has amplified the Supreme Court's ruling that there is no right to

6    punitive damages or extra-contractual damages under ERISA. In *Johnson v. District 2*

7    *Engineers Beneficial Associated Maritime Officers Medical Plan*, 857 F.2d 514 (9th Cir. 1998),

8    the Ninth Circuit explained that the "Supreme Court held a beneficiary could not recover extra-

9    contractual damages, either compensatory or punitive, under §409 of ERISA, 29 U.S.C.

10   §1109(a) (incorporated by §502(a)(2), 29 U.S.C. §1132 (a)(2)), against a fiduciary for improper

11   processing of benefit claims." *Id.* at 517 (referring to *Massachusetts Mutual, supra.* The Ninth

12   Circuit, referring to its holding in *Sokol v. Bernstein*, 803 F.2d 532 (9th Cir. 1986), has further

13   stated that "ERISA's preemptive effect and legislative history, applied equally to §502(a)(3), 29

14   U.S.C. §1132(a)(3), and as such there was no provision for extra-contractual damages under

15   that section either." *Johnson*, 857 F.2d at 517. *See also, Kayes v. Pacific Lumber Company*,

16   *supra*.

17        Finally, in *Mertens v. Hewitt Assoc.*, 508 U.S. 248 (1993), the Supreme Court held that

18   §502's equitable relief was limited to the "remedy traditionally viewed as equitable, such as

19   injunction or restitution." *Id.* at 255. Money damages are legal relief, and §502(a)(3) authorizes

20   only equitable relief. There is no recovery for compensatory damages, which clearly includes

21   punitive damages. *Ibid.* See also, *Allinder v. Inter-city Products Corp.*, 152 F.3d 544 (6th Cir.

22   1998). It is clear, both from the statutes and the case law, that plaintiff does not have a claim for

23   punitive damages under any of §502(a)(1)(B), §502(a)(2) or §502(a)(3).   Accordingly, this

24   Court should grant LINA's Motion to Dismiss Plaintiff's claim for punitive damages.

25   **E.    Plaintiff's Claim for Breach of Fiduciary Duty Should be Dismissed**

26        Plaintiff's fourth claim for relief is for Breach of Fiduciary Duty under ERISA.

27                                      11
28   **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
     STATE LAW CLAIMS and BREACH OF FIDUCIARY DUTY CLAIM IN THE FIRST AMENDED
     COMPLAINT: FRCP 12(b)(6)**

1  However, a claim for breach of fiduciary duty under ERISA cannot be premised solely on the

2  purported mishandling of an individual benefit claim.  *See Ford v. MCI Communications Corp.*

3  *Health and Welfare Plan*, 399 F.3d 1076, 1082 (9th Cir. 2005).  A claim for breach of fiduciary

4  duty may only be brought on behalf of the Plan itself and there is no private claim for relief by a

5  participant who merely seeks payment of his or her benefits.  *Massachusetts Mutual Life*

6  *Insurance Co. v. Russell,* 473 U.S. 134, 140 (1985).

7          Plaintiff alleges that "Defendant owed a fiduciary duty to the Plan to Pay all benefits due

8  under the Policy in order to avoid the Plan itself becoming liable for the wrongfully withheld

9  Plan benefits. (FAC, par. 39.)  Plaintiff further requests "an order compelling Defendant to pay

10 Plaintiff the benefits she is entitled to under the Policy ...."  (*Id.* at par. 42.)

11         These allegations do not support a claim for breach of fiduciary duty.  Rather, these

12 allegations merely seek benefits for plaintiff in particular rather than for the Plan.  They relate to

13 the purported mishandling of plaintiff's claim for long term disability benefits, but not to any

14 harm to the Plan as a whole.  Plaintiff cannot cloak her claim for benefits as an action based on

15 an alleged damage to the Plan.  As such, plaintiff has failed to state a claim for breach of

16 fiduciary duty.

17                                          **V.**

18                                    **CONCLUSION**

19         Plaintiff's FAC alleges that she is entitled to long term disability benefits under a Group

20 Disability Policy which LINA has demonstrated is part of an employee welfare benefit plan

21 governed by ERISA.  Plaintiff has attempted to state a common law breach of contract and bad

22 faith claims premised on the termination of disability benefits.  Because these claims are

23 preempted, they should be dismissed with prejudice.

24         Plaintiff will not be prejudiced by the dismissal of her claims because plaintiff has a

25 remedy under ERISA.  If plaintiff prevails on the ERISA claim, she will be awarded the long

26

27                                          12

28 **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS and BREACH OF FIDUCIARY DUTY CLAIM IN THE FIRST AMENDED COMPLAINT: FRCP 12(b)(6)**

1  term disability benefits to which she is entitled.  Moreover, dismissal of these claims for relief

2  will simplify the issues to be resolved by motions for summary judgment and/or trial.

3      For these reasons, LINA respectfully requests that its Motion to Dismiss plaintiff's

4  breach of contract, bad faith, breach of fiduciary duty, extra-contractual and punitive damages

5  claims be granted, that the action proceed only under ERISA and that plaintiff's recovery be

6  limited only to the relief specifically allowed under ERISA.

7

   Dated: October 30, 2007                WILSON, ELSER, MOSKOWITZ,
8                                          EDELMAN & DICKER LLP

9

10                             By:_____
                                   ADRIENNE C. PUBLICOVER
11                                 DENNIS J. RHODES
                                   Attorneys for Defendant
12                                 LIFE INSURANCE COMPANY OF
                                   NORTH AMERICA
13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                            13
27
       **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S**
28     **STATE LAW CLAIMS and BREACH OF FIDUCIARY DUTY CLAIM IN THE FIRST AMENDED**
                                   **COMPLAINT: FRCP 12(b)(6)**
   USDC NDCA Case #CV07-05224 SBA
   308912.1

## CERTIFICATE OF SERVICE

*Gheri Gallagher v. Life Insurance Company of North America, et al.*
*USDC NDCA Case #CV07-05224 SBA*

I am a citizen of the United States.  I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address is 525 California Street, 17th Floor, San Francisco, California 94105.

On this date I served the following document(s):

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS and BREACH OF FIDUCIARY DUTY CLAIM IN THE FIRST AMENDED COMPLAINT: FRCP 12(b)(6)**

on the parties identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

  X  : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

  ☐ : **By Personal Service** – I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

  ☐ : **By Overnight Courier** – I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

  ☐ : **Facsimile** – (Only where permitted.  Must consult CCP § 1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e).  Not currently authorized in N.D.C.A.)

Ryan A. Kent, Esq.
Attorney at Law
30 Mitchell Boulevard
San Rafael, CA  94903
Tel:    (415) 479-4356
Fax:    (415) 479-4358

*Attorney for Plaintiff*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED **October 30, 2007** at San Francisco, California.

Nancy Li

---

14

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS and BREACH OF FIDUCIARY DUTY CLAIM IN THE FIRST AMENDED COMPLAINT: FRCP 12(b)(6)

USDC NDCA Case #CV07-05224 SBA
308912.1