ADRIENNE C. PUBLICOVER (SBN 161432)
DENNIS J. RHODES (SBN 168417)
WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, California 94105
Tel:   (415) 433-0990
Fax:   (415) 434-1370

Attorneys for Defendant
LIFE INSURANCE COMPANY
OF NORTH AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GHERI GALLAGHER,<br><br>    Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY<br>OF NORTH AMERICA and DOES 1 to 10,<br><br>    Defendants. | CASE NO.   CV07-05224 SBA<br><br>**[PROPOSED] ORDER RE: DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S MOTION TO DISMISS STATE LAW AND BREACH OF FIDUCIARY DUTY CLAIMS IN FIRST AMENDED COMPLAINT**<br>**[F.R.C.P. 12(b)(6)]**<br><br>Date:       December 11, 2007<br>Time:      1:00 p.m.<br>Location:  1301 Clay Street<br>                  Courtroom 3, 3rd Floor<br>                  Oakland, CA<br>Judge:     Hon. Saundra B. Armstrong<br><br>**Accompanying Documents**<br>1.   Notice of Motion and Motion to Dismiss;<br>2.   Declaration of Dennis J. Rhodes; and<br>3.   Memorandum of Points and Authorities |

Defendant Life Insurance Company of North America's Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), came on regularly for hearing before the Honorable Saundra

---

1

[PROPOSED] ORDER RE: DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S MOTION TO DISMISS STATE LAW AND BREACH OF FIDUCIARY DUTY CLAIMS IN FIRST AMENDED COMPLAINT
USDC NDCA Case #CV07-05224 SBA
309157.1

B. Armstrong on December 11, 2007 at 1:00 p.m. in Courtroom 3 of this Court, located at 1301 Clay Street, 3rd Floor, Oakland, California. The Court having considered all papers filed in support of an in opposition to the motion, the arguments of counsel at the hearing on the motion, and all pleadings and evidence filed in this action, rules as follows:

## BACKGROUND

The instant action arises from plaintiff's claim for long term disability benefits submitted under an employee welfare benefit plan maintained by her employer governed by the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sections 1001 et seq. ("ERISA"). Plaintiff was formerly employed by Kimberly Services, Inc. ("Kimberly Services"), as a Director of Clinical Services. (FAC, par. 3.) Plaintiff enrolled in the group long term disability income insurance program provided to Kimberly Services employees and was entitled to coverage under Group Policy Number LK-6617. (*Id.*) Defendant LINA issued the policy at issue. (*Id.*)

Plaintiff received long term disability benefits under the Policy, effective December 5, 1989. (*Id.* at par. 7.) On June 6, 2006, LINA notified plaintiff that her claim for long term disability benefits would be terminated. (*Id.* at par. 12.) Plaintiff contends that this decision was wrong and that she is entitled to long term disability benefits under the Policy. (*Id.* at, pars. 25, 31 and 35.)

Plaintiff's first amended complaint contains five claims for relief as follows: Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing ("bad faith"), Claim for Recovery of Plan Benefits (ERISA), Breach of Fiduciary Duty (ERISA), and Equitable Relief (ERISA).

## LEGAL STANDARD

### Motion To Dismiss Standard

A motion to dismiss under F.R.C.P. 12(b)(6) tests the sufficiency of the complaint. *See Harper v. Poway Unified School Dist.*, 345 F.Supp.2d 1096, 1102 (S.D. Cal. 2004). "Dismissal is

warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory." *Harper, supra,* 345 F.Supp.2d at 1102; *see also Whitehall v. City of Santa Rosa,* 2004 U.S. Dist. LEXIS 21453, at p. 5 (N.D. Cal. October 19, 2004)("Dismissal is proper if the complaint fails to allege either a cognizable legal theory or sufficient facts under a cognizable legal theory.")

## ANALYSIS

### A. Plaintiff's Benefits Are Subject To ERISA As The Policy Is Part Of An ERISA Plan.

Plaintiff admits that the policy was part of an ERISA plan but contends that the policy was constructively converted from a group policy to an individual policy. Hence, according to plaintiff, the policy would be no longer subject to ERISA. However, the claim arose and benefits were approved at all times when the plan was in full force and effect. Hence, plaintiff's claim remains subject to ERISA. This Court has found no reason to determine that ERISA allows for "constructive conversion" of a group policy into an individual policy. Further:

> An employer ... can establish an ERISA plan rather easily. Even if an employer does no more than arrange for a group-type insurance program, it can establish an ERISA plan unless it (sic) a mere advertiser who makes no contribution on behalf of its employees.

*Managers Assn. v. Kennesaw Life and Accident Ins. Co.* 809 F.2d 617, 625 (9th Cir. 1987)

### B. The Breach Of Contract And Bad Faith Claims Are Preempted By ERISA.

Plaintiff's breach of contract claim alleges that the agreement breached is the insurance contract providing the benefits to covered employees. The bad faith claim is premised upon a tortious denial of contract benefits and seeks extra-contractual damages. These claims are preempted by ERISA and subject to dismissal.

"Extensive case law establishes that the scope of ERISA preemption is extremely broad." *Hyder v. Kemper National Services,* 390 F.Supp.2d 915, 918 (N.D. Cal. 2005). As explained by the United States Supreme Court, "[t]he purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To this end, ERISA includes expansive pre-emption provisions . . . " *Aetna Health Inc. v. Davila,* 542 U.S. 200, 208, 124 S.Ct. 2488, 2495 (2004). ERISA includes an

---

3
[PROPOSED] ORDER RE: DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S MOTION TO DISMISS STATE LAW AND BREACH OF FIDUCIARY DUTY CLAIMS IN FIRST AMENDED COMPLAINT
USDC NDCA Case #CV07-05224 SBA
309157.1

integrated system of procedures for enforcement (i.e., 29 U.S.C. Section 1132(a)) which is "essential to accomplish Congress' purpose of creating a comprehensive statute for the regulation of employee benefit plans." *See id.* "Therefore, any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc. v. Davila,* 542 U.S. 200, 209, 124 S.Ct. 2488, 2495.

As similarly explained by the Ninth Circuit:

> "A denial of benefits involves an administrative decision regarding coverage. Under any of the tests for determining ERISA preemption applied by this court, it is clear that ERISA preempts suits predicated on administrative decisions. Subjecting such decisions to an individual state's laws would subvert the intent of Congress to allow for the uniform administration of ERISA benefits in three ways: by requiring administrators to follow many state laws instead of one federal law; by interfering with the relationship between ERISA administrators and beneficiaries; and by providing an alternative enforcement mechanism for beneficiaries to obtain benefits. <u>Thus, ERISA precludes state law claims predicated on the denial of benefits.</u>"

Plaintiff premises her breach of contract claim on LINA's decision to terminate long term disability benefits. These benefits are governed by ERISA because the Policy constitutes an employee welfare benefit plan. Further, plaintiff's state law causes of action duplicate, supplement, or supplant the ERISA civil enforcement remedy. The remedy (plan benefits) which plaintiff seeks is available pursuant to 29 U.S.C Section 1132. Based on the authority cited above, plaintiff can state no cognizable legal theory for breach of contract and breach of the covenant of good faith and fair dealing. Hence, these claims are dismissed.

C. **Punitive Damages Are Not Permitted Under ERISA**

Plaintiff's claim for punitive damages is not permitted under ERISA. Plaintiff's claim for benefits may be brought under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), which grants relief only "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." The statute

does not grant relief in the form of extra-contractual damages. It is plain from the statutory language that the only relief to which Plaintiff is entitled is to "recover benefits" and to "enforce ...rights under the plan." §502(a)(1)(B) (29 U.S.C. §1132(a)(l)(B)).

The courts which have addressed this issue have concluded that "[§502(a)(1)(B)] does not authorize punitive damages." *Ford v. Uniroval Pension Plan*, 154 F.3d 613, 618 (6th Cir. 1998). Similarly, the First Circuit has held that "ERISA §502(a)(1)(B) provides a remedy to "secure benefits under the plan rather than damages for a breach of the plan' " *Hampers v. W.R. Grace & Co., Inc.*, 202 F.3d 44 (1st Cir. 2000) (quoting *Turner v. Fallen Community Health Plan*, 127 F.3d 196 (1st Cir. 1997)). The Fifth Circuit has also reached a similar conclusion in *Medina v. Anthem Life Ins. Co.*, 983 F.2d 29, 32 (5th Cir. 1993) ("We join the other circuits that have held that section §502(a)(1)(B) does not allow the recovery of extra-contractual or punitive damages.") See also, *Godfrey v. BellSouth Telecommunications, Inc.*, 89 F.3d 755, 761 (11th Cir. 1996). (There is no indication or reason to believe §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), permits punitive damages).

Furthermore, the Supreme Court has explained that ERISA does not provide for punitive damages. In *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134 (1985), the Supreme Court stated that:

> Congress did not provide, and did not intend the judiciary to imply a cause of action for extra-contractual damages caused by improper or untimely processing of benefits claims. Id. at 148.

The Ninth Circuit has amplified the Supreme Court's ruling that there is no right to punitive damages or extra-contractual damages under ERISA. In *Johnson v. District 2 Engineers Beneficial Associated Maritime Officers Medical Plan*, 857 F.2d 514 (9th Cir. 1998), the Ninth Circuit explained that the "Supreme Court held a beneficiary could not recover extra-contractual damages, either compensatory or punitive, under §409 of ERISA, 29 U.S.C. §1109(a) (incorporated by §502(a)(2), 29 U.S.C. §1132 (a)(2)), against a fiduciary for improper processing of benefit claims." *Id.* at 517 (referring to *Massachusetts Mutual, supra.* The Ninth Circuit, referring to its holding in

*Sokol v. Bernstein*, 803 F.2d 532 (9th Cir. 1986), has further stated that "ERISA's preemptive effect and legislative history, applied equally to §502(a)(3), 29 U.S.C. §1132(a)(3), and as such there was no provision for extra-contractual damages under that section either." *Johnson*, 857 F.2d at 517. *See also, Kayes v. Pacific Lumber Company*, supra.

Finally, in *Mertens v. Hewitt Assoc.*, 508 U.S. 248 (1993), the Supreme Court held that §502's equitable relief was limited to the "remedy traditionally viewed as equitable, such as injunction or restitution." *Id.* at 255. Money damages are legal relief, and §502(a)(3) authorizes only equitable relief. There is no recovery for compensatory damages, which clearly includes punitive damages. *Ibid.* See also, *Allinder v. Inter-city Products Corp.*, 152 F.3d 544 (6th Cir. 1998). It is clear, both from the statutes and the case law, that plaintiff does not have a claim for punitive damages under any of §502(a)(1)(B), §502(a)(2) or §502(a)(3). Accordingly, plaintiff's claim for punitive damages is dismissed with prejudice.

### D. Plaintiff's Claim for Breach of Fiduciary Duty is Improper

A claim for breach of fiduciary duty under ERISA cannot be premised solely on the purported mishandling of an individual benefit claim. *See Ford v. MCI Communications Corp. Health and Welfare Plan*, 399 F.3d 1076, 1082 (9th Cir. 2005). A claim for breach of fiduciary duty may only be brought on behalf of the Plan itself and there is no private claim for relief by a participant who merely seeks payment of his or her benefits. *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134, 140 (1985).

Plaintiff alleges that "Defendant owed a fiduciary duty to the Plan to Pay all benefits due under the Policy in order to avoid the Plan itself becoming liable for the wrongfully withheld Plan benefits. (FAC, par. 39.) Plaintiff further requests "an order compelling Defendant to pay Plaintiff the benefits she is entitled to under the Policy …." (*Id.* at par. 42.)

These allegations do not support a claim for breach of fiduciary duty. Rather, these allegations merely seek benefits for plaintiff in particular rather than for the Plan. They relate to the

1 purported mishandling of plaintiff's claim for long term disability benefits, but not to any harm to the Plan as a whole. Plaintiff cannot cloak her claim for benefits as an action based on an alleged damage to the Plan. As such, plaintiff has failed to state a claim for breach of fiduciary duty.

## CONCLUSION AND ORDER

1. Plaintiff's first cause of action, entitled "Breach of Contract," second cause of action, entitled "Breach of the Covenant of Good Faith and Fair Dealing," fourth cause of action for Breach of Fiduciary Duty ("ERISA"), and the claims for punitive and extra-contractual damages, fail to state claims upon which relief can be granted and are dismissed with prejudice.

2. Leave to amend hereby is denied, because amendment would be futile. *See Whitehall v. City of Santa Rosa*, 2004 U.S. Dist. LEXIS 21453, at p. 5 (N.D. Cal. Oct. 18, 2004).

3. Plaintiff's action shall proceed under ERISA and plaintiff's recovery, if any there be, shall be governed by ERISA.

**IT IS SO ORDERED.**

Dated: _____, 2007       By:_____
                                          Honorable Saundra B. Armstrong
                                          United States District Court Judge

---

7

[PROPOSED] ORDER RE: DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S MOTION TO DISMISS STATE LAW AND BREACH OF FIDUCIARY DUTY CLAIMS IN FIRST AMENDED COMPLAINT
USDC NDCA Case #CV07-05224 SBA
309157.1

# CERTIFICATE OF SERVICE
*Gheri Gallagher v. Life Insurance Company of North America, et al.*
*USDC NDCA Case #CV07-05224 SBA*

I am a citizen of the United States. I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address is 525 California Street, 17th Floor, San Francisco, California 94105.

On this date I served the following document(s):

**[PROPOSED] ORDER RE: DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S MOTION TO DISMISS STATE LAW AND BREACH OF FIDUCIARY DUTY CLAIMS IN FIRST AMENDED COMPLAINT**

on the parties identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

_X_ : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

_☐_ : **By Personal Service** – I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

_☐_ : **By Overnight Courier** – I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

_☐_ : **Facsimile** – (Only where permitted. Must consult CCP § 1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.C.A.)

Ryan A. Kent, Esq.
Attorney at Law
30 Mitchell Boulevard
San Rafael, CA  94903
Tel:   (415) 479-4356
Fax:   (415) 479-4358

*Attorney for Plaintiff*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED **October 30, 2007** at San Francisco, California.

_____
Nancy Li

---

8
[PROPOSED] ORDER RE: DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S MOTION TO DISMISS STATE LAW AND BREACH OF FIDUCIARY DUTY CLAIMS IN FIRST AMENDED COMPLAINT
USDC NDCA Case #CV07-05224 SBA
309157.1