Ryan A. Kent (St. Bar # 169810)
Attorney at Law
30 Mitchell Boulevard
San Rafael, CA 94903
Telephone:   (415) 479-4356
Fax:             (415) 479-4358

Attorney for Plaintiff
GHERI GALLAGHER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GHERI GALLAGHER,<br><br>      Plaintiff,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA, and DOES 1 to 10,<br><br>      Defendants. | Case No.  CV07-05224 SBA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS**<br><br>Date: February 5, 2008<br>Time: 1:00 p.m.<br>Judge: Hon Saundra B. Armstrong |

1

**TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ..................................................................................................... ii

I. INTRODUCTION ................................................................................................................. 1

II. FACTS ALLEGED IN THE FIRST AMENDED COMPLAINT ......................................... 1

III. STATEMENT OF ISSUES TO BE DECIDED .................................................................. 3

IV. LEGAL DISCUSSION ........................................................................................................ 4

    1.    Plaintiff's state law claims are not subject to ERISA preemption because the subject Policy is not an employee benefit plan subject to ERISA regulation. ..................................... 4

    2.    The Policy was constructively converted to an individual insurance policy not subject to ERISA prior to the accrual of Plaintiff's state law claims. .................................................... 6

    3.    Plaintiff's claim for breach of fiduciary duty is brought for the benefit of the Kimberly Quality Care Plan itself, and not for Plaintiff's individual benefit. ......................................... 12

V. CONCLUSION .................................................................................................................... 12

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Cases**

Callaway v. G.P.S., Inc. (S.D.Tex. 1992) 793 F.Supp. 133.................................................................. 6

Christie v. Standard Insurance Company (N.D. Cal. 2002) Not Reported in F.Supp.2d., WL
   31505648, U.S. District Court Case No. C 02-02520 WHA .......................................... 7, 10, 11

Cinelli v. Sec. Pac. Corp. (9th Cir. 1995) 61 F.3d 1437 ................................................................ 12

Demars v. CIGNA Corporation (1st Cir. 1999) 173 F.3d 443 ........................................... 4, 5, 6, 7

Fort Halifax Packing Co. v. Coyne (1987) 482 U.S. 1 ................................................................. 4

Loudermilch v. New England Mutual Life Insurance Company (S.D. Ala. 1996) 942 F.Supp.
   143.......................................................................................................................................... 7, 8, 9

Mizrahi v. Provident Life and Accident Insurance Company (S.D. Fla. 1998) 994 F.
   Supp. 1452 ................................................................................................................................ 7, 9

Waks v. Empire Blue Cross (9th Cir. 2001) 263 F.3d 872..................................................... 4, 5, 7

**Statutes**

29 U.S.C. § 1002(1) ..................................................................................................................... 4

29 U.S.C. § 1132(a) .................................................................................................................. 1, 4

29 U.S.C. § 1132(a)(2).................................................................................................................. 12

29 U.S.C. § 1132(1)(B)................................................................................................................... 9

29 U.S.C. § 1144(a) .................................................................................................................. 1, 4

**Other Authorities**

Employee Retirement Income Security Act of 1974 ("ERISA")........................................... passim

# MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS

Plaintiff GHERI GALLAGHER ("Plaintiff") submits the following memorandum of points and authorities in opposition to the motion to dismiss filed by defendant LIFE INSURANCE COMPANY OF NORTH AMERICA ("Defendant").

## I.

## INTRODUCTION

Plaintiff's claims arise out of Defendant's wrongful termination of her long term disability benefits under the policy of insurance issued by Defendant ("the Policy"). Defendant contends that Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), and that ERISA preempts Plaintiff's claims based on state law. Defendant is mistaken.

In order for ERISA to preempt a state law claim, the state law claim must relate to or seek benefits due under an employee benefit plan. 29 U.S.C. §§ 1144(a) and 1132(a). Although the Policy was initially purchased by Plaintiff's employer as part of an employee benefits plan governed by ERISA, Plaintiff's claims are based on Defendant's conduct occurring more than 10 years after her employer went out of business and ceased to exist and the employee benefit plan was terminated. There is no longer an employer. There is no longer an employee. There is no longer a plan administrator. There is no longer a plan sponsor. There is no longer a plan. All that remains is the Plaintiff, an individual, and Defendant, an insurance company, and the Policy, an individual policy not subject to ERISA. Plaintiff's state law claims do not relate to or seek to enforce or clarify rights under an employee benefit plan subject to ERISA regulation. Thus, Plaintiff's state law claims are not subject to preemption by ERISA.

## II.

## FACTS ALLEGED IN THE FIRST AMENDED COMPLAINT

On or about July 5, 1988, Plaintiff was hired as a Director of Clinical Services by

1

Kimberly Services, Inc. in their San Rafael, California location.  At that time, plaintiff enrolled in the group long term disability income insurance program provided to employees of Kimberly Services, Inc. by Defendant, Group Policy No. LK-6617 (hereinafter "the Policy").  (FAC ¶ 3.) Plaintiff is informed and believes and thereon alleges that the Policy was initially provided to Kimberly Services, Inc. and Plaintiff as part of an ERISA plan called the Kimberly Quality Care Long Term Disability Plan (hereinafter "the Plan").  (FAC ¶ 18.)  Plaintiff is informed and believes and thereon alleges that Kimberly Services, Inc. was designated on the Form 5500 filing with the U.S. Department of Labor in 1993 as the "plan sponsor" and "plan administrator". (FAC ¶ 19.)

On October 6, 1989, Plaintiff ceased active employment due to severe neck, shoulder and right arm pain/radiculopathy and headaches secondary to cervical disc injury and disease resulting in three herniated cervical discs.  (FAC ¶ 5.)  On December 12, 1989, Plaintiff submitted a claim for long term disability income insurance benefits under the Policy to Defendant in accordance with the terms of the Policy.  (FAC ¶6.)

Defendant approved Plaintiff's claim and commenced providing long term disability income insurance benefits to Plaintiff in accordance with the terms and provisions of the Policy, effective December 5, 1989.  (FAC ¶ 7.)  Defendant continued to provide long term disability income insurance benefits to Plaintiff in accordance with the terms and provisions of the Policy during the ensuing 15 and 1/2 year period, December 5, 1989, through May 31, 2006.  (FAC ¶ 9.)

Plaintiff is informed and believes and thereon alleges that Kimberly Services, Inc., merged out of existence effective January 1, 1996.  Since that time, Kimberly Services, Inc. has ceased to exist, has had no employees and has conducted no business.  The surviving entity that Kimberly Services, Inc. merged out of existence with was Kimberly Home Health Care, Inc. (FAC ¶ 20.)

Plaintiff is informed and believes and thereon alleges that when Kimberly Services, Inc.

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS

merged out of existence effective January 1, 1996, the Plan was terminated. Since that time neither Kimberly Services, Inc. nor Kimberly Home Health Care, Inc. has had any further involvement in the Plan. Since that time Defendant's only ongoing obligation under the Policy was to Plaintiff. (FAC ¶ 21.)

Plaintiff is informed and believes and thereon alleges that there were no filings by Kimberly Services, Inc. with the U.S. Department of Labor subsequent to the 1993 Form 5500 filing. There were never any filings with the U.S. Department of Labor by Kimberly Home Health Care, Inc. (FAC ¶ 22.)

As a result of the foregoing, the Policy was constructively converted from a group insurance policy subject to ERISA to an individual insurance policy not subject to ERISA. (FAC ¶ 23.)

On June 6, 2006, Defendant notified Plaintiff that it had determined Plaintiff was capable of full-time sedentary work and therefore did not meet the definition of Total Disability set forth in the Policy, and that it was terminating her long term disability benefits under the Policy as a result. (FAC ¶ 12.)

Plaintiff filed an initial complaint in state court on September 10, 2007. Defendant removed the action to federal court on the grounds of diversity jurisdiction and ERISA preemption on October 11, 2007. Plaintiff filed a First Amended Complaint on October 17, 2007.

Plaintiff's first cause of action is a state law breach of contract claim. Plaintiff's second cause of action is a state law claim for breach of the covenant of good faith and fair dealing.

//

//

### III.

### STATEMENT OF ISSUES TO BE DECIDED

1.   Is the subject Policy itself an "employee benefit plan" subject to ERISA

regulation?

2. Was the subject Policy constructively converted to an individual policy not subject to ERISA prior to the accrual of Plaintiff's state law claims?

3. Is Plaintiff's claim for breach of fiduciary duty is brought for the benefit of the Kimberly Quality Care Plan itself, and not for Plaintiff's individual benefit?

## IV.

## LEGAL DISCUSSION

**1. Plaintiff's state law claims are not subject to ERISA preemption because the subject Policy is not an employee benefit plan subject to ERISA regulation.**

29 U.S.C. §1144(a) expressly preempts state laws that relate to employee benefit plans. 29 U.S.C. §1132(a) provides the exclusive remedies to recover benefits due or to enforce or clarify rights under an employee benefit plan. "The 'plan' distinction is important, for 'ERISA's pre-emption provision does not refer to state laws relating to 'employee benefits,' but to state laws relating to 'employee benefit *plans*.' " Waks v. Empire Blue Cross (9th Cir. 2001) 263 F.3d 872, 875, citing to Fort Halifax Packing Co. v. Coyne (1987) 482 U.S. 1, 7.

29 U.S.C. §1002(1) defines employee benefit plan as follows:

> The terms "employee welfare benefit plan" and "welfare plan" mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, …

In the case at bench, the first question is whether the Policy is itself an "employee benefit plan" subject to ERISA regulation. Waks, supra, at 875; Demars v. CIGNA Corporation (1st Cir. 1999) 173 F.3d 443, 445. It is not; it is a policy of insurance purchased by Plaintiff's then-employer Kimberly Services, Inc. as part of an ERISA plan called the Kimberly Quality Care Long Term Disability Plan. If the subject Policy is an ERISA plan, who is the plan

4

administrator? Who is the plan sponsor? Who is the employer? Who are the employee beneficiaries? Why haven't the required form 5500 filings been made with the U.S. Department of Labor since 1993?

The facts in the case at bench establish that the subject Policy is not itself a plan subject to ERISA, rather it is merely a policy of insurance that was purchased long ago by Plaintiff's then-employer Kimberly Services, Inc. as part of an ERISA plan called the Kimberly Quality Care Long Term Disability Plan. Since that time, Kimberly Services, Inc. merged out of existence and the Kimberly Quality Care Long Term Disability Plan was terminated. Defendant cancelled the subject Policy. Defendant's only ongoing obligation under the Policy was to Plaintiff. Accordingly, the subject Policy does not constitute a plan subject to ERISA.

"In determining the reach of ERISA preemption, 'the purpose of Congress is the ultimate touchstone.' " Waks, supra, at 874-875. "The [Supreme] Court has stressed two central objectives of ERISA regulation: protection of employee interests, and administrative ease for employers." Waks, supra, at 875.

> Congress wanted to safeguard employee interests by reducing the threat of abuse or mismanagement of funds that had been accumulated to finance employee benefits, (citation omitted), while at the same time safeguarding employer interests by eliminating "the threat of conflicting and inconsistent State and local regulation" of employee benefit plans, (citation omitted).
> Demars, supra, at 446.

In the case at bench, neither purpose of Congress is implicated. There is no risk that Plaintiff's employer will abuse or mismanage funds that had been accumulated to finance employee benefits. Plaintiff's employer has not existed for over ten years. "There is little threat of abuse of funds in the ERISA sense." Demars, supra, at 446. Likewise, in the case at bench, Plaintiff's employer has not had any involvement in the ongoing administrative and financial obligations under the Policy. Plaintiff's employer no longer exists. It cannot have any obligations whatsoever. Accordingly, there is no concern of conflicting obligations for Plaintiff's employer. Therefore, ERISA does not apply.

> Congress intended pre-emption to afford employers the advantages of a uniform set of administrative procedures governed by a single set of regulations. This concern only arises … with respect to benefits whose provision by nature requires an ongoing administrative program to meet the employer's obligation." (citation omitted).  Thus, "an employee benefit may be considered a plan for purposes of ERISA only if it involves the undertaking of continuing administrative and financial obligations by the employer.
> 
> Demars, supra, at 446.

More than ten years before Plaintiff's claims against Defendant accrued, Kimberly Services, Inc. merged out of existence and ceased to exist. At that time, the Kimberly Quality Care Long Term Disability Plan was terminated.  "There being no plan, there can be no preemption …" Callaway v. G.P.S., Inc. (S.D.Tex. 1992) 793 F.Supp. 133, 136.

//

> Although G.S.P. had "established" a plan, that plan was canceled in its entirety. Edward Callaway, therefore, was not a "participant" or "beneficiary" of a plan when the Plaintiffs filed their state court claims. The Plaintiffs are not seeking to recover benefits provided by the plan because there is no plan.
> Callaway, supra, at 134-135.

> There simply is no plan. The Plaintiffs' claims do not "raise any issues concerning the matters regulated by ERISA, namely, the administration, reporting, disclosure, funding, vesting, and enforcement of benefit plans." (Citation omitted). … Because there is no plan, the Plaintiffs' state law claims will not interfere with the exclusively federal regulatory scheme found in ERISA. A plan must exist for this Court to exercise jurisdiction under ERISA.
> Callaway, supra, at 135-136.

In the case at bench, even if the Policy itself previously constituted a plan subject to ERISA regulation, it has long since been constructively converted to an individual insurance policy not subject to ERISA.

**2.    The Policy was constructively converted to an individual insurance policy not subject to ERISA prior to the accrual of Plaintiff's state law claims.**

More than 10 years before Plaintiff's state law claims against Defendant arose, Kimberly Services, Inc. merged out of existence and ceased to exist and the Kimberly Quality Care Long

6

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS

Term Disability Plan was terminated. Since that time neither Kimberly Services, Inc. nor Kimberly Home Health Care, Inc. has had any further involvement in the Plan. Since that time Defendant's only ongoing obligation under the Policy was to Plaintiff. Kimberly Services, Inc. has no employees and conducts no business. As a result of the foregoing, the Policy was constructively converted from a group insurance policy subject to ERISA to an individual insurance policy not subject to ERISA.

The cases of Waks and Demars dealt with the explicit conversion of group insurance policies subject to ERISA to individual insurance policies not subject to ERISA. In Waks, like the case at bench, the plaintiff's employer went out of business and the plan itself was terminated at that time. Under these circumstances, the court in Waks held that ERISA preemption would be an absurd result.

> Indeed, in this case ERISA preemption would be an absurd result because there is no ERISA plan and no administrator. SCS ceased operations years ago, and the ERISA plan was terminated at that time. State law therefore cannot impose conflicting requirements on any employer or ERISA plan administrator.

Waks, supra, at 876.

Several cases have held that when the employer ceases to exist and the ERISA plan is terminated, a group insurance policy initially purchased under the terminated ERISA plan is constructively converted to a private insurance policy not subject to ERISA. Loudermilch v. New England Mutual Life Insurance Company (S.D. Ala. 1996) 942 F.Supp. 143; Mizrahi v. Provident Life and Accident Insurance Company (S.D. Fla. 1998) 994 F.Supp. 1452; Christie v. Standard Insurance Company (N.D. Cal. 2002) Not Reported in F.Supp.2d., WL 31505648, U.S. District Court Case No. C 02-02520 WHA.

In Loudermilch, the plaintiff founded a company, America's Best, Inc., in 1968 and was its President and sole stockholder. In 1971 the plaintiff set up a pension plan for himself and certain eligible employees of America's Best. In 1984, the plaintiff sold all of his stock in America's Best to a group of investors. At the time of the sale, all of the benefits in the pension plan had vested for plaintiff and all other participants. America's Best made no further

7

contributions to the pension plan after the sale in 1984. Since 1984, plaintiff had not occupied any office or other employment with America's Best. In 1991, the pension plan established by America's Best was amended to be a profit-sharing plan which then purchased, with plan assets, a life insurance policy from defendant insuring the lives of plaintiff and his wife. The profit sharing plan was designated as the owner and beneficiary of the policy.

The defendant in Loudermilch contended that the life insurance policy was part of an ERISA plan and that plaintiff's state law claims were preempted. However, the court in Loudermilch held that "the sale of the company in 1984 removed the America's Best pension plan from the rubric of ERISA." Loudermilch, supra, at 1437.

> The question therefore becomes analogous to that addressed in *Glass v. United of Omaha Life Ins. Co.*, 33 F.3d 1341, 1346 (11th Cir. 1994), namely "whether a[n] [insurance] policy that is initially governed by ERISA can undergo a transformation such that it is no longer part of an ERISA plan."
> Loudermilch, supra, at 1437.

In the case at bench, like in Loudermilch, the merger out of existence of Kimberly Services, Inc. in 1996, and the termination of the Kimberly Quality Care Long Term Disability Plan at that time, caused the subject Policy to undergo a transformation such that it was no longer part of an ERISA plan when Plaintiff's state law claims accrued on June 6, 2006.

Furthermore, Plaintiff's state law claims do not seek to recover benefits due under the terms of the terminated Kimberly Quality Care Long Term Disability Plan, or to clarify her rights under the terms of the Kimberly Quality Care Long Term Disability Plan. Plaintiff is not suing a plan or its administrator. Plaintiff's state law claims relate only to the subject insurance Policy and not to the Kimberly Quality Care Long Term Disability Plan. Under similar circumstances, the court in Loudermilch held that ERISA does not apply.

> Apart from the above, the court nonetheless concludes that remand would be appropriate because plaintiffs' claims relate only to the insurance policy purchased in 1991 and not to the America's Best pension plan. Plaintiff's state law claims do not seek "to recover benefits due [Wayne or Anne Loudermilch] under the terms of the [America's Best] plan, to enforce [their] rights under the terms of the [America's Best] plan, or to clarify [their] rights under the terms of

8

the [America's Best] plan, or to clarify [their] rights to future benefits under the terms of the [America's Best] plan." 29 U.S.C. § 1132(1)(B). Plaintiffs are not in this action suing a plan, its administrator or any person or entity associated with the pension plan established by America's Best.  Resolution of plaintiffs' state law claims will have no affect on the relations among America's Best, Inc., the America's Best pension plan, the plan's Trustee and Wayne and Anne Loudermilch, as the alleged ERISA principals in the case.  The terms of the America's Best pension plan are entirely irrelevant to the state law claims asserted by the plaintiffs.
Loudermilch, supra, at 1437.

In Mizrahi, the plaintiff was the sole proprietor of a rent-a-car business.  The business made the payments on plaintiff's disability insurance policy issued by defendant.  Subsequently, other employee's of plaintiff's rent-a-car business obtained disability coverage under the policy.  However, any persons other than plaintiff obtaining disability coverage from defendant dropped their coverage no later than March 18, 1992, when the rent-a-car business went into Chapter 7 bankruptcy.

The defendant in Mizrahi argued that the disability insurance policy was subject to ERISA regulation.  The court in Mizrahi held that, under the circumstances, the subject disability insurance policy was constructively converted from a group insurance policy subject to ERISA to a private insurance policy not subject to ERISA.  Mizrahi, supra, at 1453-1454.

> Based on those decisions, one district court in this Circuit has held that where the employer-company contributing to the ERISA plan is sold, makes no further contributions to the participant's plan, and has no further involvement in the plan, the plan converts to an individual insurance policy outside the rubric of ERISA. *Loudermilch v. New England Mutual Life Ins. Co.*, 942 F.Supp. 1434, 1437 (S.D. Ala. 1996)
>
> The facts of this case are nearly identical.  Here the employer contributing to the plan went into Chapter 7 bankruptcy and ceased to exist.  None of the beneficiaries of the policy continued their coverage except for the Plaintiff … His former employer had no further involvement in the plan.  Even assuming that Plaintiff's policy was at one point governed by ERISA, at the time the Plaintiff was injured, his policy with the Defendant was more akin to that of a private person contracting for individual insurance coverage.  The Court agrees with the *Loudermilch* decision that under such circumstances, individual insurance policies fall outside the scope of ERISA coverage and are governed exclusively

9

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS

>by state law.
>Mizrahi, supra, at 1453-1454.

In Christie, plaintiff was the principal of a medical practice. Defendant issued a long-term disability policy insuring the employees of plaintiff's medical practice, including plaintiff herself. Plaintiff stopped seeing patients in September 1998 after becoming disabled. Plaintiff applied for disability benefits on October 2, 1998. Defendant commenced paying benefits on December 16, 1998, however, plaintiff contended the benefit amount was less than it should have been. Plaintiff closed her medical practice in March of 1999. Plaintiff alleges that defendant cancelled her policy once she closed her business. On February 23, 2001, defendant ceased paying benefits under the policy altogether. Plaintiff filed suit alleging state law claims based on defendant paying less in benefits than it should have and subsequently terminating the benefit payments.

The defendant in Christie moved to dismiss plaintiff's state law claims for benefits under the policy, contending they were preempted by ERISA. The court in Christie denied the motion to dismiss, holding that, in light of the closing of her medical practice and the cancellation of the insurance policy, there was a possibility the plaintiff might be able to establish facts sufficient to support a finding the subject insurance policy had been constructively converted from a group insurance policy subject to ERISA to a private insurance policy not subject to ERISA. Christie, supra, at 3-5.

The court in Christie defined the issue as follows:

>Specifically, the issue is whether plaintiff's policy unequivocally is or was at relevant times an ERISA plan, given the circumstances surrounding its purchase and the alleged occurrences thereafter.
>Christie, supra, at 3.

The court in Christie found the policy was not unequivocally an ERISA plan at all relevant times.

>*Waks* would seem to indicate that, at least under certain facts consistent with the complaint, the policy at issue here might not represent an ERISA plan (and claims

10

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS

concerning the policy would not be related to a plan), at least after the cessation of plaintiff's business.
Christie, supra, at 3.

The court in Christie listed the relevant facts that supported a constructive conversion of the insurance policy as follows:

> Plaintiff asserts that no plan exists after her practice's asserted closure. She claims that soon thereafter Standard notified her that the group policy was canceled, which may have served a similar policy function as conversion. It is intimated in the briefs that there are no other participants at this time. These facts would all be relevant to a determination whether, under *Waks*, an ERISA plan exists (or existed at relevant times), or whether plaintiff's state-law claims are so related to a plan that they are preempted.
> Christie, supra, at 3.

Likewise in the case at bench, Plaintiff's employer, the sponsor and administrator of the Kimberly Quality Care Long Term Disability Plan, merged out of existence and ceased to exist in 1996. At that time, the Kimberly Quality Care Long Term Disability Plan was terminated. Plaintiff's employer no longer had any involvement in the Kimberly Quality Care Long Term Disability Plan or in the subject Policy. Indeed, Defendant cancelled the subject Policy prior to 1996. Plaintiff's state law claims against Defendant did not accrue until Defendant wrongfully terminated her disability benefits under the Policy on June 6, 2006. By that time, the Policy had long since been constructively converted from a group policy subject to ERISA to a private policy not subject to ERISA.

Defendant makes the unsupported argument that Plaintiff's theory of constructive conversion is without merit because at the time Plaintiff's claim arose the Plan was operative and that her benefits at all times were provided under the terms of the group policy. First of all, Plaintiff's state law claims arose when Defendant wrongfully terminated her long term disability benefits on June 6, 2006. By that time her employer had long since ceased to exist and the Kimberly Quality Care Long Term Plan had long since been terminated. Secondly, by that time the subject group Policy had long since been constructively converted to an individual policy not subject to ERISA.

**3.  Plaintiff's claim for breach of fiduciary duty is brought for the benefit of the Kimberly Quality Care Plan itself, and not for Plaintiff's individual benefit.**

Under 29 U.S.C. §1132(a)(2), "[i]ndividual beneficiaries may bring actions against the plan fiduciaries, but they must do so for the benefit of the plan and not their individual benefit." Cinelli v. Sec. Pac. Corp. (9th Cir. 1995) 61 F.3d 1437, 1445.

In the case at bench, Plaintiff does not believe that her claim for benefits under the Policy is subject to ERISA.  (FAC ¶ 37.)  However, if Plaintiff's claim for benefits under the Policy is found to be subject to ERISA, Plaintiff alleges that Defendant owed a fiduciary duty *to the Plan* to pay all benefits due under the Policy in order to avoid *the Plan itself becoming liable* for the wrongfully withheld Plan benefits.  (FAC ¶ 39.)  Plaintiff requested relief in the form of an order compelling Defendant to pay Plaintiff the benefits she is entitled to under the Policy *in order that the Plan itself not be subjected to these liabilities* to Plaintiff that should legally and equitably be borne by Defendant.  (FAC ¶ 42.)  Thus, Plaintiff's claim for breach of fiduciary duty is brought for the benefit of the Kimberly Quality Care Plan itself, and not for Plaintiff's individual benefit.

## V.
## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that Defendant's Motion to Dismiss be denied in its entirety.

DATED: January 15, 2008

By: /s/Ryan A. Kent_____
Ryan A. Kent (St. Bar # 169810)
Attorney at Law
30 Mitchell Boulevard
San Rafael, CA 94903
Telephone:    (415) 479-4356
Fax:            (415) 479-4358
Email: ryanakent@hotmail.com

12

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS

1

**PROOF OF SERVICE BY U.S. MAIL**

I DECLARE THAT: I am employed in the County of Marin, State of California. I am over the age of eighteen years and not a party to this action. My business address is 30 Mitchell Boulevard, San Rafael, California 94903.

On January 15, 2008, I served the following described documents:

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS

with Proof of Service attached, on the interested parties in this action by placing a true copy(ies) thereof enclosed in a sealed envelope addressed as follows:

Adrienne C. Publicover
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
525 Market Street, 17th Floor
San Francisco, CA 94105

I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Rafael, California.

Executed on January 15, 2008, at San Rafael, California.

                                                    Ryan A. Kent