1  ADRIENNE C. PUBLICOVER  (SBN 161432)
   DENNIS J. RHODES  (SBN 168417)
2  WILSON, ELSER, MOSKOWITZ,
       EDELMAN & DICKER LLP
3  525 Market Street, 17th Floor
   San Francisco, California  94105
4  Tel:    (415) 433-0990
   Fax:    (415) 434-1370
5
   Attorneys for Defendant
6  LIFE INSURANCE COMPANY
   OF NORTH AMERICA
7

8

9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12

13  GHERI GALLAGHER,                    )  CASE NO.    CV07-05224 SBA
                                        )
14          Plaintiff,                  )  **MEMORANDUM OF POINTS AND**
                                        )  **AUTHORITIES IN REPLY TO**
15      v.                              )  **PLAINTIFF'S OPPOSITION TO**
                                        )  **MOTION TO DISMISS PLAINTIFF'S**
16  LIFE INSURANCE COMPANY              )  **STATE LAW CLAIMS and BREACH**
    OF NORTH AMERICA and DOES 1 to 10,  )  **OF FIDUCIARY DUTY CLAIM IN THE**
17                                      )  **FIRST AMENDED COMPLAINT:**
            Defendants.                 )  **FRCP 12(b)(6)**
18                                      )
                                        )  Date:        March 11, 2008
19                                      )  Time:        1:00 p.m.
                                        )  Location:    1301 Clay Street
20                                      )             Courtroom 3, 3rd Floor
                                        )             Oakland, CA
21                                      )  Judge:       Hon. Saundra B. Armstrong
                                        )

22

23          Defendant LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA") submits

24  the following memorandum of points and authorities in reply to the opposition of plaintiff Gheri

25  Gallagher ("plaintiff"), to its motion to dismiss the state law and breach of fiduciary duty claims

26  in plaintiff's First Amended Complaint.

27  _____
                                        1
28  **MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO THE OPPOSITION OF PLAINTIFF TO**
    **LINA'S MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS and BREACH OF FIDUCIARY DUTY**
    **CLAIM IN THE FIRST AMENDED COMPLAINT: FRCP 12(b)(6)**
    USDC NDCA Case #CV07-05224 SBA
    321125.1

In opposition to LINA's motion to dismiss the state law claims, plaintiff essentially raises two arguments. First, plaintiff contends that ERISA does not preempt her state law claims because her employer Kimberly Services, Inc. merged out of existence in 1996. Second, plaintiff contends that after the merger, the policy was "constructively converted" to an individual policy. For the following reasons, each of these arguments fails.

## ARGUMENT

1. **The Fact That Plaintiff's Employer Was Merged Out Of Existence Does Not Vitiate the Operation of ERISA**

In support of her first argument, plaintiff relies upon *Callaway v. G.S.P., Inc.* (S.D. Tex. 1992) 793 F.Supp. 133. Plaintiff cites *Callaway* for the proposition that the nonexistence of a plan at the time of filing a lawsuit renders the claim exempt from ERISA. This premise is faulty.

In *Callaway,* the plaintiff, an employee of G.S.P., made a claim for medical benefits which he believed G.S.P. had provided as part of his employment. However, when plaintiff made the claim for medical benefits, he discovered to his dismay, that his employer had terminated the insurance coverage without his knowledge. Because there was no policy to cover his medical conditions, he sued the employer for breach of employment contract, fraud and violation of Texas' Deceptive Trade Practices Act.

The court held that ERISA did not preempt plaintiff's claims, reasoning as follows:

> The court finds controlling the fact that the insurance plan was terminated while (plaintiff) was still an employee, and that *his claims arose after the plan was canceled.* (Emphasis added.)

*Id.* at 134-135.

The court also held:

> … The Plaintiffs are not seeking to recover benefits provided by the plan because
> there is no plan.

*Id.*

---

2

MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO THE OPPOSITION OF PLANITIFF TO LINA'S MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS and BREACH OF FIDUCIARY DUTY CLAIM IN THE FIRST AMENDED COMPLAINT: FRCP 12(b)(6)

USDC NDCA Case #CV07-05224 SBA
321125.1

1  Therefore, when the plaintiff in *Callaway* made the claim for benefits, there was no plan

2  because the policy had been canceled. He could not be a participant of a plan that did not exist.

3  Hence, his state law actions were not preempted and he was allowed to sue the employer for

4  failing to have a plan in place to provide the promised benefits.

5  This scenario is entirely different from plaintiff's. Unlike the plaintiff in *Callaway*,

6  plaintiff's claim for benefits arose while actively employed and while the ERISA plan was in

7  place. She made her claim and was awarded benefits under ERISA. *Callaway* is inapposite. It

8  simply does not address plaintiff's situation where a benefits claim falls squarely under ERISA,

9  benefits were awarded under an ERISA plan, and the employer thereafter merges out of

10  existence.

11  Additional guidance is found in several cases where courts have found ERISA to apply

12  even when a plan has been terminated. In *Richardson, et al. v. The Pension Plan of Bethlehem*

13  *Steel Corp., et al.* 112 F.3d 982 (9th Cir. 1997), the plaintiffs comprised a group of former

14  employees of Bethlehem Steel. Prior to the lawsuit, Bethlehem Steel sold the company for

15  which plaintiffs worked to an entity which did not hire them on as employees. This entity went

16  out of business and plaintiffs sued to recover pension benefits. Even though the entity for

17  which they worked was no longer in business, the court determined that the issue of entitlement

18  to pension benefits was governed by ERISA.

19  Further, in *Pension Benefit Guaranty Corporation v. Carter and Tillery Enterprises, et*

20  *al.* 133 F.3d 1183 (9th Cir. 1998), the court dealt with both a defunct plan and a defunct

21  employer. There, the employer went out of business in 1987, declaring bankruptcy. In 1989,

22  the ERISA plan administrator officially terminated the Plan and appointed plaintiff, PBGC, as

23  trustee. Five years later, PBGC sued the defendants for failure to properly fund the now defunct

24  plan. Despite the fact that both the Plan and the employer were long defunct, the action

25  proceeded under ERISA.

26

27

28

---

3

**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO THE OPPOSITION OF PLAINTIFF TO LINA'S MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS and BREACH OF FIDUCIARY DUTY CLAIM IN THE FIRST AMENDED COMPLAINT: FRCP 12(b)(6)**

USDC NDCA Case #CV07-05224 SBA
321125.1

1    In addition, *Prakash v. Pulsent Corporation Employee Long Term Disability Plan, et al.,*

2    2007 U.S. Dist. Lexis 49850 (USDC ND Cal.), the plaintiff's long term disability benefits were

3    terminated.  Plaintiff sued the defunct ERISA plan and the insurer, Sun Life.  Sun Life filed a

4    counterclaim against plaintiff for fraud seeking to recover the payments made to plaintiff.  Sun

5    Life argued that the fraud claim was preempted by ERISA.  Judge Conti agreed.  However,

6    importantly, Judge Conti determined that plaintiff's affirmative claim for benefits was to

7    proceed under ERISA, notwithstanding the fact that the plan was defunct and that the

8    counterclaim was not preempted by ERISA.

9    Finally, guidance is provided by the Sixth Circuit in *Phaler, et al. v. National Latex*

10   *Products Company, et al.* 2007 Lexis 28886, 42 Employee Benefit Cas. (BNA) 1769.  In this

11   case, the plaintiffs were beneficiaries of an ERISA plan sponsored by the employer.  In 1999,

12   the company was sold, and the plan and employees were terminated.  Three years after these

13   terminations, the employees, now plaintiffs, sued for breach of fiduciary duty under ERISA to

14   recover unpaid wages and benefits.  The fact that the plan was defunct did not alter the court's

15   holding that the suit was permitted by ERISA.  The court held:

16   > Here, nothing in the plain language of (ERISA) 502(a)(2) suggests that a
     > plaintiff's ability to recover under that provision is contingent upon a
17   > plan's being active at the time of suit. … The Fourth Circuit accurately
     > stated (in Wilmington Shipping Co. v. New England Life Ins. Co. 496
18   > F.3d 326, 338 41 (4th Cir. 2007)) that "it is perhaps a massive
     > understatement to say that the plain language of ERISA 502(a)(2) favors
19   > allowing beneficiaries to bring an action on behalf of a defunct plan.
     > Nowhere does section 502(a)(2) qualify a beneficiary's ability to bring suit
20   > by stating, for example, that a beneficiary may only sue "until plan
     > termination" or "before plan termination." *Id.* Rather, 502(a)(2) merely
21   > states that "a civil action may be brought . . . by the Secretary, or by a
     > participant, beneficiary or fiduciary for appropriate relief under section
22   > 1109.

23   > Moreover, permitting beneficiaries to bring suit to remedy fiduciary
     > breaches even after a plan is defunct effectuates ERISA's underlying
24   > goals. One of the primary purposes of ERISA is to protect . . . the interests
     > of participants in employee benefit plans and their beneficiaries . . . by
25   > establishing standards of conduct, responsibility, and obligation for
     > fiduciaries . . . and by providing for appropriate remedies, sanctions, and
26   > ready access to the Federal courts.

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO THE OPPOSITION OF PLAINTIFF TO LINA'S MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS and BREACH OF FIDUCIARY DUTY CLAIM IN THE FIRST AMENDED COMPLAINT: FRCP 12(b)(6)**

USDC NDCA Case #CV07-05224 SBA
321125.1

1    *Id.* at 44.

2        The same reasoning holds true here.  There is nothing in ERISA that states that plaintiff

3    cannot or should not be able to seek relief – here reinstatement of benefits originally provided

4    under ERISA - because the plan has been terminated or the employer merged out of existence.

5    This is especially true in light of plaintiff's breach of fiduciary duty claim.  Based on *Phaler,*

6    she would have to agree that her claims are preempted.  Hence, notwithstanding plaintiff's

7    arguments to the contrary, ERISA is fully applicable to her claims for relief, even in view of the

8    merger of her former employer.  As such, defendant's motion to dismiss should be granted.

9    **2.    The Ninth Circuit Does Not Recognize "Constructive Conversion"**

10        Plaintiff's second approach to avoid ERISA preemption of her state law claims is to

11    argue that where an employer ceases to exist, a group insurance policy is "constructively

12    converted" into an individual policy.  To support her thesis, plaintiff relies upon three cases

13    each of which is in apposite and distinguished below.

14        First, plaintiff cites *Loudermilch v. New England Mutual Life Insurance Company* (S.D.

15    Ala. 1996) 942 F.Supp. 1434.  *Loudermilch* centered on the application of ERISA to an

16    individual life insurance policy purchased by a profit sharing plan, not the operation of a group

17    policy providing long term disability benefits to the employees of an employer.    In

18    *Laudermilch,* the plaintiffs were a husband and wife.  The husband was the owner and employer

19    of the underlying business, America's Best.  America's Best provided the owner and its

20    employees with a pension plan, all of whom were vested when the assets of the business were

21    sold in 1984.  Several years later, in 1991, the pension plan was amended and turned into a

22    profit sharing plan.  The new profit sharing plan then purchased a life insurance policy from

23    New England Mutual insuring the former owner and his wife.

24        The owner and his wife sued New England Mutual and its agents for misrepresenting the

25    terms of the policy.  Reportedly, New England Mutual and its agents represented to plaintiffs

26    that no premiums would be due after the insured husband reached 59 years old.  The defendants

27    

28    
                                        5

**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO THE OPPOSITION OF PLAINTIFF TO LINA'S MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS and BREACH OF FIDUCIARY DUTY CLAIM IN THE FIRST AMENDED COMPLAINT: FRCP 12(b)(6)**

USDC NDCA Case #CV07-05224 SBA
321125.1

1   removed based on the ground of ERISA preemption.  The defendants claimed that the policy

2   was part of the pension plan and therefore governed by ERISA.  The court disagreed and

3   granted plaintiff's motion for remand.  The court reasoned that:

> All benefits within the plan had vested in the participants at the time
> America's Best was sold.  Mr. Loudermilch (the owner/employer),
> through the plan's trustee, merely *converted* these vested benefits to an
> individual life insurance policy.  (emphasis added.)
> …
>
> The court … concludes that remand would be appropriate because
> plaintiffs' claims relate only to the insurance policy purchased in 1991 and
> not to the America's Best pension plan.  Plaintiffs' state law claims do not
> seek to recover benefits due under the terms of the plan, to enforce their
> rights under the terms of the plan or to clarify their rights to future benefits
> under the terms of the plan.

*Id.* at 1473.

It is clear that *Laudermilch* dealt only with an individual life insurance policy, clearly outside the ambit of the employer's pension plan.  Hence, it was never part of an ERISA plan. Conversely, in the case at bar, plaintiff's claims arise exclusively from a group policy issued to her employer, within the scope of ERISA and which provided and awarded long term disability benefits.  Notwithstanding plaintiff's claim to the contrary, her complaint is a claim for benefits and a clear request to the court that it reinstate the benefits she was initially awarded under the group policy.  There has been no conversion of that policy to an individual policy, either expressly or constructively.

The second case upon which plaintiff relies is *Mizrahi v. Provident Life and Accident Insurance Company* 994 F.supp. 1452 (S.D. Fla. 1998).  *Mizrahi* is clearly distinguishable on its facts.  In *Mizrahi,* the plaintiff contended that the policy was never subject to ERISA because at the time of purchase, he purchased an individual disability income policy as a sole proprietor of the business.  The defendant tried to bring the policy within the ambit of ERISA by arguing that subsequent to the initial purchase, other employees were covered under the policy.  However, by the time that plaintiff incurred his alleged injuries and submitted a claim for benefits, the

6

**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO THE OPPOSITION OF PLAINTIFF TO LINA'S MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS and BREACH OF FIDUCIARY DUTY CLAIM IN THE FIRST AMENDED COMPLAINT: FRCP 12(b)(6)**

1    following had occurred: no other employees were covered under the policy, the employer had

2    filed for Chapter 7 bankruptcy and plaintiff "continued his individual coverage and made the

3    payments on that policy from his personal checking account from that time until the date he was

4    injured and became disabled…." *Id.* at 1453.

5         In distinct contrast to these facts, the group policy at issue here was clearly part of an

6    ERISA plan.   Plaintiff never exercised any right to convert the policy nor ever paid any

7    premiums with her own funds to keep the policy in force following the merger of her former

8    employer.   Further, as pointed out above, plaintiff's disability arose while the plan and

9    employer were fully functioning.

10        Finally, plaintiff relies upon *Christie v. Standard Insurance Company* (N.D. Cal. 2002)

11   2002 U.S. Dist. Lexis 22602.  In *Christie*, the plaintiff, a medical doctor, sued for long term

12   disability benefits.   Benefits were awarded, but the plaintiff asserted they were less than she

13   should have received.   Shortly thereafter, the plaintiff closed her practice.   Upon notifying

14   Standard Insurance of the closure, Standard Insurance reportedly informed the plaintiff that the

15   group policy was canceled. According to the plaintiff, the fact that Standard Insurance canceled

16   the group policy when she closed her practice allowed her to raise state law claims.

17        The court did not decide the issue.   Rather the court simply declined to grant Standard

18   Insurance's motion to dismiss as follows:

19           [I]t would not be impossible for plaintiff to prove a set of facts that would
             defeat Standard's preemption argument.    Although plaintiff's claims
20           appear to have accrued at different times, including at some points when
             there may have been  an ERISA plan in effect, the record is too thin and
21           the applicable law too poorly briefed for this order to identify and
             distinguish the preempted from the nonpreempted claims.   Standard may,
22           of course, raise its preemption argument again in a timely motion for
             summary judgment.
23
     *Id.* at 16.
24
25        Hence, *Christie* does not support plaintiff's position.  Yet, plaintiff tries to persuade the

26   court that *Christie* would allow for the possibility of "constructive conversion." She cites

27   ────────────────────────────────────────
                          7

28   **MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO THE OPPOSITION OF PLAINTIFF TO
     LINA'S MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS and BREACH OF FIDUCIARY DUTY
     CLAIM IN THE FIRST AMENDED COMPLAINT: FRCP 12(b)(6)**
     USDC NDCA Case #CV07-05224 SBA
     321125.1

1  *Christie* as follows to support this proposition:

2          Plaintiff asserts that no plan exists after her practice's asserted closure.
           She claims that soon thereafter Standard notified her that the group policy
3          was canceled, which may have served a *similar policy function as
           conversion.*
4

5  *Id.* at 3. (Emphasis added.)

6          It is important to note that nowhere does the *Christie* court use the term "constructive

7  conversion." Rather, it appears that plaintiff keys in on the phrase "similar policy function as

   conversion." In making this statement, the *Christie* court (in a footnote), refers to *Brown v. Paul
8
   Revere* 2002 U.S. Dist. Lexis 8994 as follows:
9

10         Indeed, it has recently been noted that notification of an insurer, by an
           insured, that he is no longer employed or that his company is out of
11         business would serve a similar function as conversion, lowering
           administrative costs while allowing the insurer to adjust the premiums
12         from group to individual level.

13 *Id.*

14         Plaintiff wrongly concludes that there is such a thing as constructive conversion and that

15 the group policy at issue here has been constructively converted.

16         Interestingly, plaintiff does not direct the Court to *Brown* and a brief look at the facts

17 explains why.  The plaintiff in *Brown* paid the premiums on the policy himself after the

   employer determined that it would no longer pay them.  Hence, when the alleged disability
18
   arose, the plaintiff had been paying the premiums.  Thereafter, the employer went out of
19
   business.  However, the plaintiff never informed Paul Revere of this fact.  Had he done so, the
20
   court reasoned that it might have put the insurer on notice that the coverage was no longer
21
   subject to a group policy and constituted something akin to a conversion.  This is a critical
22
   difference from the case at bar.
23
           Furthermore, *Brown* does not stand for the proposition that when a plaintiff's employer
24
   goes out of business and the underlying plan is terminated, the group policy "constructively
25
   converts" to an individual – or as plaintiff characterizes it – a private policy.  The court held:
26

27 ────────────────────────────────────────────────
                                    8
28 **MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO THE OPPOSITION OF PLAINTIFF TO
   LINA'S MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS and BREACH OF FIDUCIARY DUTY
   CLAIM IN THE FIRST AMENDED COMPLAINT: FRCP 12(b)(6)**
   USDC NDCA Case #CV07-05224 SBA
   321125.1

> If a policy could be converted absent a contractual right and without any evidence the individual notified his insurer that he was no longer employed, a purpose of ERISA preemption would be undermined. One rationale for preemption is to lower administrative costs: forcing an insurer to know the insured's employment status would increase costs and burden beneficiaries. ... (Plaintiff) may not avoid preemption as if the Policy had been converted because he never informed Paul Revere that (the employer) had allegedly ceased operations and he was no longer (an) employee.

*Id.* at 25 – 26.

Therefore, it is clear that plaintiff's notion of "constructive conversion" in *Christie* stems from a completely different set of circumstances inapplicable to facts of her case.

**3.    Plaintiff's Claim for Breach of Fiduciary Duty Should be Dismissed**

Plaintiff has set forth no authority in her terse opposition to the motion to dismiss the breach of fiduciary duty claim. Hence, LINA's reliance upon *Ford v. MCI Communications Corp. Health and Welfare Plan*, 399 F.3d 1076, 1082 (9th Cir. 2005) is not seriously opposed. As stated, a claim for breach of fiduciary duty may only be brought on behalf of the Plan itself and there is no private claim for relief by a participant who merely seeks payment of his or her benefits. *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134, 140 (1985).

Irrespective of plaintiff's allegations that she is seeking to benefit the entire plan, she is merely seeking reinstatement of her benefits. Hence, plaintiff has failed to state a claim for breach of fiduciary duty.

## CONCLUSION

For all of the above reasons, LINA's motion to dismiss should be granted without leave to amend. Plaintiff's claim for benefits arose when her employer was viable and maintained an ERISA plan. Plaintiff received benefits long before the employer was merged out of existence. At no time did plaintiff ever convert her policy to an individual policy and pay premiums on a converted individual policy. Therefore, it would be disingenuous of plaintiff to expect that she can now sue to recover benefits under a policy which provided her benefits and assert state law claims to recover extra contractual damages.

**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO THE OPPOSITION OF PLAINTIFF TO LINA'S MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS and BREACH OF FIDUCIARY DUTY CLAIM IN THE FIRST AMENDED COMPLAINT: FRCP 12(b)(6)**

USDC NDCA Case #CV07-05224 SBA
321125.1

1      Further, there is no danger of prejudice to plaintiff because she has a remedy under

2    ERISA.  If plaintiff prevails on the ERISA claim, she will be awarded the long term disability

3    benefits to which she is entitled.

4      For these reasons, LINA respectfully requests that its Motion to Dismiss plaintiff's

5    breach of contract, bad faith, breach of fiduciary duty, extra-contractual and punitive damages

6    claims be granted, that the action proceed only under ERISA and that plaintiff's recovery be

7    limited only to the relief specifically allowed under ERISA.

Dated: January 22, 2008          WILSON, ELSER, MOSKOWITZ,
                        EDELMAN & DICKER LLP

By:_____*/s/ Dennis J. Rhodes*_____
          ADRIENNE C. PUBLICOVER
          DENNIS J. RHODES
          Attorneys for Defendant
          LIFE INSURANCE COMPANY OF
          NORTH AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO THE OPPOSITION OF PLANITIFF TO LINA'S MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS and BREACH OF FIDUCIARY DUTY CLAIM IN THE FIRST AMENDED COMPLAINT: FRCP 12(b)(6)**

USDC NDCA Case #CV07-05224 SBA
321125.1

## CERTIFICATE OF SERVICE

*Gheri Gallagher v. Life Insurance Company of North America, et al.*
*USDC NDCA Case #CV07-05224 SBA*

I am a citizen of the United States. I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address is 525 California Street, 17th Floor, San Francisco, California 94105.

On this date I served the following document(s):

**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS THE STATE LAW CLAIMS and BREACH OF FIDUCIARY DUTY CLAIM IN THE FIRST AMENDED COMPLAINT: FRCP 12(b)(6)**

on the parties identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

   X  : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

   ☐  : **By Personal Service** – I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

   ☐  : **By Overnight Courier** – I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

   ☐  : **Facsimile** – (Only where permitted. Must consult CCP § 1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.C.A.)

Ryan A. Kent, Esq.
Attorney at Law
30 Mitchell Boulevard
San Rafael, CA  94903
Tel:    (415) 479-4356
Fax:    (415) 479-4358

*Attorney for Plaintiff*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED **January 22, 2008** at San Francisco, California.

Nancy Li

---

11