Ryan A. Kent (St. Bar # 169810)
Attorney at Law
30 Mitchell Boulevard
San Rafael, CA 94903
Telephone:   (415) 479-4356
Fax:              (415) 479-4358

Attorney for Plaintiff
GHERI GALLAGHER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GHERI GALLAGHER,<br><br>    Plaintiff,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA, and DOES 1 to 10,<br><br>    Defendants. | Case No.  3:07-cv-5224 SBA<br><br>MOTION TO COMPEL RESPONSES TO INTERROGATORIES<br><br>Date: May 27, 2008<br>Time: 1:00 p.m.<br>Location: 1301 Clay Street, Courtroom 3, 3rd Floor, Oakland |

**NOTICE OF MOTION**

TO LIFE INSURANCE COMPANY OF NORTH AMERICA AND TO ITS ATTORNEYS OF RECORD:

YOU ARE HEREBY NOTIFIED THAT on May 27, 2008, in Courtroom 3 of this Court, located at 1301 Clay Street, 3rd Floor, Oakland, California, plaintiff Gheri Gallagher ("Plaintiff") will move this Court for an order requiring defendant Life Insurance Company of North America ("Defendant") to provide full and complete responses to interrogatories propounded upon it by Plaintiff.  This motion is made upon the ground that the requested information is necessary in

order for the Court to conduct an adequate review of Defendant's decision to terminate Plaintiff's disability benefits.

Pursuant to the Court's standing order. Counsel for Plaintiff and Defendant have met and conferred by letter on April 8, 2008, regarding this discovery dispute without success in resolving it.

This motion is based upon this Notice of Motion and Memorandum of Points and Authorities, the accompanying Separate Statement of Discovery in Dispute and the Declaration of Ryan A. Kent, the papers and records on file in this action and on such oral and documentary evidence as may be presented at the hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Generally, in ERISA actions, discovery is appropriate only when circumstances clearly establish that additional evidence is necessary to conduct an adequate review of the benefit decision. In the case at bench, Defendant failed to adequately explain the basis of its denial, in that it failed to explain how it reached the conclusions set forth in its denial letters in light of the medical documentation submitted by Plaintiff. It is impossible to determine from a review of the Administrative Record the basis of Defendant's denial and the exact information Defendant considered in reaching its decision. As more fully set forth in Plaintiff's Separate Statement of Discovery in Dispute, the interrogatories at issue merely seek to compel Defendant to provide the information necessary to adequately explain the basis of its decision to terminate her disability benefits.

### II.    FACTUAL BACKGROUND

On or about July 5, 1988, Plaintiff was hired as a Director of Clinical Services by Kimberly Services, Inc. in their San Rafael, California location. At that time, Plaintiff enrolled in the group long term disability income insurance program provided to employees of Kimberly Services, Inc. by Defendant, Group Policy No. LK-6617 (hereinafter "the Policy").

As a full-time employee of Kimberly Services, Inc. enrolled in the group long term disability income insurance program, Plaintiff is entitled to coverage under the Policy. The Policy provides as set forth below:

> **TOTAL DISABILITY.** An Employee will be considered Totally Disabled if because of Injury or Sickness, he is unable to perform all the essential duties of his occupation.
>
> After Monthly Benefits have been payable for 24 months, an Employee will be considered Totally Disabled only if, because of Injury or Sickness, he is unable to perform all the essential duties of any occupation for which he is or may reasonably become qualified based on his education, training or experience.

On October 6, 1989, Plaintiff ceased active employment due to severe neck, shoulder and right arm pain/radiculopathy and headaches secondary to cervical disc injury and disease resulting in three herniated cervical discs. On December 12, 1989, Plaintiff submitted a claim for long term disability income insurance benefits under the Policy to Defendant in accordance with the terms of the Policy. Defendant approved Plaintiff's claim and commenced providing long term disability income insurance benefits to Plaintiff in accordance with the terms and provisions of the Policy, effective December 5, 1989.

Defendant periodically requested and was provided documentation of Plaintiff's ongoing total disability. Based upon the ongoing documentation verifying Plaintiff's ongoing total disability, Defendant continued to provide long term disability income insurance benefits to

Plaintiff in accordance with the terms and provisions of the Policy during the ensuing 15 and 1/2 year period, December 5, 1989, through May 31, 2006.

Ray Seet, M.D. submitted to Defendant a Current Level of Functionality Assessment dated January 9, 2006, indicating that Plaintiff could perform sedentary and light work. (LINA 225-226.) However, in that same document, Dr. Seet also indicated that Plaintiff was not going to be able to return to work on a full or part-time basis. Dr. Seet also submitted a Physical Ability Assessment dated January 10, 2006, indicating Plaintiff was capable of various physical activities. (LINA 228-229.) On March 22, 2006, Ray Seet, M.D. mistakenly executed a form submitted to him by Defendant indicating his agreement that Plaintiff was able to perform full-time sedentary work. (LINA 223.)

On June 6, 2006, Defendant notified Plaintiff that based upon the above referenced information provided by Ray Seet, M.D., it had determined Plaintiff was capable of full-time sedentary work and therefore did not meet the definition of Total Disability set forth in the Policy. (LINA 241-245.)

Plaintiff timely appealed Defendant's termination of her long term disability benefits. The additional supporting documentation submitted on behalf of Plaintiff included, but was not limited to, the following:

   a.   Letter from Ray Seet, M.D. dated June 13, 2006, explaining why the decision to terminate Plaintiff's disability benefits was not medically justified and asking Defendant to reconsider. (LINA 177.)

   b.   Report from Robert S. Blum, M.D. dated August 23, 2006 confirming that Plaintiff was permanently disabled and unable to perform full-time sedentary work. (LINA 169-176.)

   c.   Letter from Ray Seet, M.D. dated September 22, 2006, explaining that he made a mistake when he executed the form he submitted to Defendant on March 22,

2006, and verified that Plaintiff was unable to perform full time sedentary work. (LINA 178.)

On November 15, 2006, Defendant sent Plaintiff a letter denying Plaintiff's appeal and affirming its decision to terminate her long term disability benefits. Defendant characterized Plaintiff's condition as "complaints of pain … in the absence of clinical findings." (LINA 122-125.) Defendant failed to explain how it could justify its decision in light of the September 22, 2006 letter from Dr. Seet wherein he explained that he made a mistake when he executed the form he submitted to Defendant on March 22, 2006, and verified that Plaintiff was unable to perform full time sedentary work. Defendant also failed to explain how it could justify its decision in light of the documented clinical findings in Plaintiff's file, including those set forth in Dr. Seet's Current Level of Functionality Assessment dated January 9, 2006.

Plaintiff timely appealed Defendant's decision to terminate her long term disability benefits. Plaintiff wrote a letter dated April 4, 2007, pointing out that her condition is degenerative and will not improve and that Dr. Seet had repeatedly retracted his mistaken statement that plaintiff was able to work a full time sedentary job. (LINA 100-101.) The additional supporting documentation submitted on behalf of Plaintiff included the following:

    a.    Progress Notes from Dr. Seet dated January 3, 31, March 2 and April 3, 2007. (LINA 103-106.)

    b.    Supplemental Report from Robert S. Blum, M.D. dated February 20, 2007. (LINA 090-096.) This report included MRI evidence of central canal stenosis at C4/5 with flattening of the anterior cervical cord and moderate right and moderate severe left foraminal narrowing, and at 5/6 central canal stenosis with flattening of the anterior cervical cord and severe bilateral foraminal narrowing, and C6/7 central canal stenosis with effacement of the anterior subarachnoid space and severe bilateral foraminal narrowing.

On May 25, 2007, Defendant sent Plaintiff a letter again denying Plaintiff's appeal and affirming its decision to terminate her long term disability benefits. (LINA 080-082.) Defendant contended that Plaintiff's treating providers had released her to sedentary work. Defendant failed to explain how it could reach such a conclusion in light of the September 22, 2006 letter from Dr. Seet wherein he explained that he made a mistake when he executed the form submitted to him by Defendant on March 22, 2006, and verified that Plaintiff was unable to perform full time sedentary work. Defendant contended that Plaintiff's documented medical findings consisted solely of "range of motion and subjective pain complaints." Defendant failed to explain how it could make such a characterization of Plaintiff's documented medical findings in light of the documented medical findings in Plaintiff's file, including MRI evidence of central canal stenosis at C4/5 with flattening of the anterior cervical cord and moderate right and moderate severe left foraminal narrowing, and at 5/6 central canal stenosis with flattening of the anterior cervical cord and severe bilateral foraminal narrowing, and C6/7 central canal stenosis with effacement of the anterior subarachnoid space and severe bilateral foraminal narrowing. Defendant failed to explain how Plaintiff could have been disabled and unable to perform full time sedentary work during the period December 5, 1989 through May 31, 2006, due to a permanent and progressively worsening condition, and then somehow improve to the point where she was able to perform full time sedentary work subsequent to May 31, 2006.

Plaintiff then brought the instant action against Defendant. Plaintiff alleged that Defendant's denial of benefits to Plaintiff was done without reasonable cause and that Defendant had no legitimate or arguable reason for refusing to pay Plaintiff's valid claim. Plaintiff further alleged that Defendant consistently refused to consider evidence that supported Plaintiff's claim.

On February 14, 2008, Plaintiff propounded eighteen (18) interrogatories upon Defendant, seeking an adequate explanation of Defendant's termination of her disability benefits in light of the medical documentation she provided. The interrogatories also requested Defendant identity the exact information it considered in reaching its decision. Defendant requested and was granted an extension of time to respond to the interrogatories. On April 1, 2008, Defendant served responses to the interrogatories consisting solely of objections.

### III.     LEGAL DISCUSSION

**1.     The information requested in the interrogatories is necessary in order for the Court to conduct an adequate review of the Defendant's benefit decision.**

Generally, in ERISA actions, discovery is appropriate only when circumstances clearly establish that additional information is necessary to conduct an adequate review of the benefit decision. <u>Kearney v. Standard Insurance Company</u>, 175 F.3d 1084, 1090-1091 (1999); <u>Reilly v. Standard Insurance Co.</u>, Not Reported in F. Supp.2d, 2004 WL 2002434 (N.D. Cal.) (2004). However, it has generally been held that pre-trial discovery is appropriate in ERISA actions when required to "determine the actual parameters of the administrative record and whether or not the fiduciary acted arbitrarily and capriciously with respect to a claim for benefits under a plan." <u>Nagele v. Electronic Data Systems Corp.</u>, 193 F.R.D. 94, 103 (2000). In <u>Nagele</u>, the court held that: "In reviewing a fiduciary's decision, a district court "must consider 'whether the decision was based on a consideration of the relevant factors.' " <u>Nagele</u>, <u>supra</u>, at 103. In <u>Nagele</u>, the court upheld pre-trial discovery regarding the following issues:

> (i) the exact nature of the information considered by the fiduciary in making its decision, (ii) whether the fiduciary was competent to evaluate the information in the administrative record, (iii) how the fiduciary reached its decision, and (iv) whether, given the nature of the information in the record, it was incumbent upon

the fiduciary to seek outside technical assistance in reaching a "fair and full review" of the claim.

Nagele, supra, at 103.

The court in Nagele held that "the use of discovery to test whether the administrative claim record before the court is accurate and complete and to explain, where necessary, its meaning" would not interfere with the goal of achieving prompt resolution of disputes under ERISA covered plans. Nagele, supra, at 105.

The limitations upon discovery in ERISA actions generally comports with the limitations on discovery in actions involving judicial review of governmental agency administrative decisions. Animal Defense Council v. Hodel, 840 F.2d 1432, 1436 (1988). In Hodel, the court explained that discovery is warranted in these types of cases in certain circumstances:

> However, certain circumstances may justify expanding review beyond the record or permitting discovery. (Citation omitted.) The district court may inquire outside the administrative record when necessary to explain the agency's action. (Citation omitted.) When such a failure to explain agency action effectively frustrates judicial review, the court may "obtain from the agency, either through affidavits or testimony, such additional explanation of the reasons for the agency decision as may prove necessary." (Citation omitted.) The court's inquiry outside the record is limited to determining whether the agency has considered all relevant factors or has explained its course of conduct or grounds of decision. (Citation omitted.) The district court may also inquire outside of the administrative record "when it appears the agency has relied on documents or materials not included in the record." (Citation omitted.) In addition, discovery may be permitted if supplementation of the record is necessary to explain technical terms or complex subject matter involved in the agency action.

Hodel, supra, at 1436.

ERISA mandates that every plan participant who is denied benefits receive a written notice of such denial "setting forth the specific reasons for such denial" and an opportunity for a "full and fair review." 29 U.S.C. §1131(1) and (2). The basic requirements of a full and fair review include knowing what evidence the decision-maker relied upon, having an opportunity to address the accuracy and reliability of that evidence, and having the decision-maker consider the evidence presented by both parties prior to reaching and rendering his decision. Nagele, supra, at 101.

In the case at bench, Defendant failed to adequately explain the basis of its denial, in that it failed to explain how it reached the conclusions set forth in its denial letters in light of the evidence submitted by Plaintiff. It is impossible to determine from a review of the Administrative Record the basis of Defendant's denial and the exact information it considered in reaching its decision. As more fully set forth in Plaintiff's Separate Statement of Discovery in Dispute, the interrogatories at issue merely seek to compel Defendant to provide the information necessary to adequately explain the basis of its decision to terminate her disability benefits. Plaintiff is not seeking to introduce additional medical evidence concerning her condition that was not submitted to Defendant prior to its decision to terminate her disability benefits.

DATED: April 21, 2008

By: _____
Ryan A. Kent
Attorney for Plaintiff
GHERI GALLAGHER

**PROOF OF SERVICE BY U.S. MAIL**

I DECLARE THAT: I am employed in the County of Marin, State of California. I am over the age of eighteen years and not a party to this action. My business address is 30 Mitchell Boulevard, San Rafael, California 94903.

On April 21, 2008, I served the following described documents:

Motion to Compel Responses to Interrogatories, Separate Statement of Discovery in Dispute, Declaration of Ryan A. Kent

with Proof of Service attached, on the interested parties in this action by placing a true copy(ies) thereof enclosed in a sealed envelope addressed as follows:

Dennis Rhodes
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
525 Market Street, 17th Floor
San Francisco, CA 94105

I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Rafael, California.

Executed on April 21, 2008, at San Rafael, California.

_____
Ryan A. Kent