1  Ryan A. Kent (St. Bar # 169810)
   Attorney at Law
2  30 Mitchell Boulevard
   San Rafael, CA 94903
3  Telephone:    (415) 479-4356
   Fax:          (415) 479-4358
4
   Attorney for Plaintiff
5  GHERI GALLAGHER

6

7                    UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9

10 GHERI GALLAGHER,                    )  No.  CV 07-05224 SBA
                                       )
11        Plaintiff,                   )  SEPARATE STATEMENT OF DISCOVERY
                                       )  IN DISPUTE
12 vs.                                 )
                                       )  Date:  May 27, 2008
13 LIFE INSURANCE COMPANY OF NORTH     )  Time:  1:00 p.m.
   AMERICA,                            )  Location:  1301 Clay Street, Courtroom 3, 3rd
14                                     )  Floor, Oakland
          Defendant.                   )
15                                     )
                                       )
16                                     )
                                       )
17 _____  )

18 PROPOUNDING PARTY:    Plaintiff GHERI GALLAGHER

19 RESPONDING PARTY:     Defendant LIFE INSURANCE COMPANY OF NORTH
20                       AMERICA

21 SET NUMBER:           ONE

22 **INTERROGATORY NO. 1:**

23
        Please describe the process used and documentation and information used in the creation
24
   of the Transferable Skills Analysis completed on February 7, 2006.
25
26 **RESPONSE TO INTERROGATORY NO. 1:**

27

28

LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, compound, argumentative, unintelligible assumes facts not in evidence , is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory seeks information protected from the disclosure by the attorney-client privilege and/or the attorney work product doctrine. LINA further objects on the grounds that Plaintiff is not entitled to discovery in this action governed by the Employee's Retirement Income Security Act of 1974, 29 U.S.C. Section 1001, et seq. (Reilly v. Standard Insurance Co., 2004 U.S. Dist. LEXIS 18313, at p.6, footnote 1 (N.D. Cal. September 8, 2004) and Kearney v. Standard Ins. Co., 175 F.3d 1084, 1090 (9th Cir. 1999).

**REASONS FURTHER RESPONSE SHOULD BE COMPELLED:**

The Transferable Skills Assessment completed on February 7, 2006 (LINA 224) references the following documents and resources that were reviewed or utilized in its preparation "JD, DQ, DOT, OASYS, PAA dated 1/10/06." It is impossible to determine from a review of the Administrative Record what these abbreviations mean or whether the documents and resources reviewed are contained in the Administrative Record. Furthermore, a June 15, 2001 note regarding a Transferable Skills Assessment (LINA 443) by Jeff Green, Occupational Consultant provides as follows:

> "The cx appears restricted to sedentary level work. She has not worked in the competitive workforce for approximately 10-years. The Cx's skills for sedentary level work (computer applications literacy and proficiency) cannot be assumed. A TSA is an option, but will require LMS (CA jurisdiction and extended separation from workforce). If sedentary level occupations are ID'd via TSA, it is highly improbable that LMS will substantiate employment earnings comparable

to earnings test (60% BME = $1,872.00 mo / $22,464.00 annual), especially if BME requires indexing."

It is impossible to determine from a review of the Administrative Record whether or not the TSA completed on February 7, 2006, assumed Plaintiff was literate and proficient in the required computer applications or took into account her extended separation from the workforce or if the BME required indexing.  The net result is that the Court will be unable to evaluate the Transferable Skills Assessment completed on February 7, 2006.  The interrogatory is required to address this deficiency.

**INTERROGATORY NO. 2:**

Please describe the manner in which the Transferable Skills Analysis completed on February 7, 2006, took into account the fact that the plaintiff had not worked in the competitive workforce for over 16 years when it determined the occupations plaintiff could perform.

**RESPONSE TO INTERROGATORY NO. 2:**

LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, compound, argumentative, unintelligible assumes facts not in evidence , is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory seeks information protected from the disclosure by the attorney-client privilege and/or the attorney work product doctrine. LINA further objects on the grounds that Plaintiff is not entitled to discovery in this action governed by the Employee's Retirement Income Security Act of 1974, 29 U.S.C. Section 1001, et seq. (Reilly v. Standard Insurance Co., 2004 U.S. Dist. LEXIS 18313, at p.6, footnote 1 (N.D. Cal. September 8, 2004) and Kearney v. Standard Ins. Co., 175 F.3d 1084, 1090 (9th Cir. 1999).

**REASONS FURTHER RESPONSE SHOULD BE COMPELLED:**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

A June 15, 2001 note regarding a Transferable Skills Assessment (LINA 443) by Jeff Green, Occupational Consultant provides as follows:

"The cx appears restricted to sedentary level work. She has not worked in the competitive workforce for approximately 10-years. The Cx's skills for sedentary level work (computer applications literacy and proficiency) cannot be assumed. A TSA is an option, but will require LMS (CA jurisdiction and extended separation from workforce). If sedentary level occupations are ID'd via TSA, it is highly improbable that LMS will substantiate employment earnings comparable to earnings test (60% BME = $1,872.00 mo / $22,464.00 annual), especially if BME requires indexing."

It is impossible to determine from a review of the administrative record the manner in which the TSA completed on February 7, 2006, took into account the fact that the plaintiff had not worked in the competitive workforce for over 16 years (if it considered it at all) when it determined the occupations plaintiff could perform. The net result is that the Court will be unable to evaluate the Transferable Skills Assessment completed on February 7, 2006. The interrogatory is required to address this deficiency.

**INTERROGATORY NO. 3:**

Please describe the manner in which the Transferable Skills Analysis completed on February 7, 2006, took into account the fact that plaintiff needs to lie down several times a day and apply cervical traction to alleviate her symptoms when it determined the occupations plaintiff could perform.

**RESPONSE TO INTERROGATORY NO. 3:**

LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, compound, argumentative, unintelligible assumes facts not in evidence , is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory seeks information protected from the disclosure by the attorney-client privilege and/or the attorney work product doctrine. LINA further objects on the grounds that Plaintiff is not entitled to discovery in this action governed by the Employee's Retirement Income Security Act of 1974, 29 U.S.C. Section 1001, et seq. (Reilly v. Standard Insurance Co., 2004 U.S. Dist. LEXIS 18313, at p.6, footnote 1 (N.D. Cal. September 8, 2004) and Kearney v. Standard Ins. Co., 175 F.3d 1084, 1090 (9th Cir. 1999).

**REASONS FURTHER RESPONSE SHOULD BE COMPELLED:**

The Administrative Record is replete with medical reports and documentation indicating that plaintiff needs to lie down several times a day and apply cervical traction to alleviate her symptoms:  See 10/25/91 IME report by James Kelly, M.D. (LINA 955-958); 2/7/96 IME report by Michael Kurtz, M.D. (LINA 722-728); 5/8/97 Attending Physician's Statement of Disability by Dr. Blum (LINA 596-598); 11/15/00 review of file by Jo Jacobson, RN (LINA 510-514); 2/11/98 Physical Ability Assessment by Dr. Blum (LINA 578-581); 3/12/98 letter from Dr. Blum (LINA 466); 6/5/01 note re claim status by K. Harvey (LINA 444-446); 06/14/04 note re claim strategy by Cory Briscoe-Howard (LINA 072); 9/23/04 Attending Physician's Statement of Disability by Dr. Blum (LINA 405-406); 8/23/06 report from Dr. Blum (LINA 169-176); 02/20/07 supplemental report from Dr. Blum (LINA 090-096).  It is impossible to determine from a review of the Administrative Record the manner in which the Transferable Skills Analysis completed on February 7, 2006, took this information into account (if it considered it at all) when it determined the occupations Plaintiff could perform.  The net result is that the Court

will be unable to evaluate the Transferable Skills Assessment completed on February 7, 2006. The interrogatory is required to address this deficiency.

**INTERROGATORY NO. 4:**

Please describe the manner in which the Transferable Skills Analysis completed on February 7, 2006, took into account the fact that plaintiff needs to frequently change positions to alleviate her symptoms when it determined the occupations plaintiff could perform.

**RESPONSE TO INTERROGATORY NO. 4:**

LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, compound, argumentative, unintelligible assumes facts not in evidence , is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory seeks information protected from the disclosure by the attorney-client privilege and/or the attorney work product doctrine. LINA further objects on the grounds that Plaintiff is not entitled to discovery in this action governed by the Employee's Retirement Income Security Act of 1974, 29 U.S.C. Section 1001, et seq. (Reilly v. Standard Insurance Co., 2004 U.S. Dist. LEXIS 18313, at p.6, footnote 1 (N.D. Cal. September 8, 2004) and Kearney v. Standard Ins. Co., 175 F.3d 1084, 1090 (9th Cir. 1999).

**REASONS FURTHER RESPONSE SHOULD BE COMPELLED:**

The Administrative Record is replete with medical reports and documentation indicating that plaintiff needs to frequently change positions to alleviate her symptoms:  See 10/25/91 IME report by James Kelly, M.D. (LINA 955-958); 2/7/96 IME report by Michael Kurtz, M.D. (LINA 722-728); 5/8/97 Attending Physician's Statement of Disability by Dr. Blum (LINA 596-598); 11/15/00 review of file by Jo Jacobson, RN (LINA 510-514); 2/11/98 Physical Ability Assessment by Dr. Blum (LINA 578-581); 3/12/98 letter from Dr. Blum (LINA 466); 6/5/01

1  note re claim status by K. Harvey (LINA 444-446); 06/14/04 note re claim strategy by Cory

2  Briscoe-Howard (LINA 072); 9/23/04 Attending Physician's Statement of Disability by Dr.

3  Blum (LINA 405-406). It is impossible to determine from a review of the Administrative

4  Record whether ort not the Transferable Skills Analysis completed on February 7, 2006, took

5  this information into account when it determined the occupations Plaintiff could perform. The

6  net result is that the Court will be unable to evaluate the Transferable Skills Assessment

7  completed on February 7, 2006. The interrogatory is required to address this deficiency.

8  **INTERROGATORY NO. 5:**

9      Please describe what is meant by the term "indexing" as it is used in the June 15, 2001,

10  note by Jeff Green (LINA 0443).

11  **RESPONSE TO INTERROGATORY NO. 5:**

12      LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad,

13  compound, argumentative, unintelligible assumes facts not in evidence , is irrelevant, and not

14  reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory

15  seeks information protected from the disclosure by the attorney-client privilege and/or the

16  attorney work product doctrine. LINA further objects on the grounds that Plaintiff is not entitled

17  to discovery in this action governed by the Employee's Retirement Income Security Act of 1974,

18  29 U.S.C. Section 1001, et seq. (Reilly v. Standard Insurance Co., 2004 U.S. Dist. LEXIS 18313,

19  at p.6, footnote 1 (N.D. Cal. September 8, 2004) and Kearney v. Standard Ins. Co., 175 F.3d

20  1084, 1090 (9th Cir. 1999). Without waiving the foregoing objections, LINA responds: See

21  documents bates stamped LINA 0001-LINA 0658 served wit LINA's initial disclosures.

22  **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:**

A June 15, 2001 note regarding a Transferable Skills Assessment by Jeff Green, Occupational Consultant (LINA 443) provides as follows:

> "The cx appears restricted to sedentary level work. She has not worked in the competitive workforce for approximately 10-years. The Cx's skills for sedentary level work (computer applications literacy and proficiency) cannot be assumed. A TSA is an option, but will require LMS (CA jurisdiction and extended separation from workforce). If sedentary level occupations are ID'd via TSA, it is highly improbable that LMS will substantiate employment earnings comparable to earnings test (60% BME = $1,872.00 mo / $22,464.00 annual), especially if BME requires indexing."

It is impossible to determine from a review of the Administrative Record whether or not the TSA completed on February 7, 2006, utilized "indexing" or even what the term "indexing" means. The net result is that the Court will be unable to evaluate the Transferable Skills Assessment completed on February 7, 2006. The interrogatory is required to address this deficiency.

**INTERROGATORY NO. 6:**

Did the Transferable Skills Analysis completed on February 7, 2006, utilize "indexing" as that term is used in the June 15, 2001, note by Jeff Green (LINA 0443)?

**RESPONSE TO INTERROGATORY NO. 6:**

LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, compound, argumentative, unintelligible assumes facts not in evidence , is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory seeks information protected from the disclosure by the attorney-client privilege and/or the

1  attorney work product doctrine. LINA further objects on the grounds that Plaintiff is not entitled

2  to discovery in this action governed by the Employee's Retirement Income Security Act of 1974,

3  29 U.S.C. Section 1001, et seq. (Reilly v. Standard Insurance Co., 2004 U.S. Dist. LEXIS 18313,

4  at p.6, footnote 1 (N.D. Cal. September 8, 2004) and Kearney v. Standard Ins. Co., 175 F.3d

5

6  1084, 1090 (9th Cir. 1999). Without waiving the foregoing objections, LINA responds: See

7  documents bates stamped LINA 0001-LINA 0658 served wit LINA's initial disclosures.

8  **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:**

9

10  A June 15, 2001 note regarding a Transferable Skills Assessment by Jeff Green,

11  Occupational Consultant (LINA 443) provides as follows:

12  "The cx appears restricted to sedentary level work.  She has not worked in the

13  competitive workforce for approximately 10-years.  The Cx's skills for sedentary

14  level work (computer applications literacy and proficiency) cannot be assumed.

15  A TSA is an option, but will require LMS (CA jurisdiction and extended

16  separation from workforce).  If sedentary level occupations are ID'd via TSA, it is

17  highly improbable that LMS will substantiate employment earnings comparable

18  to earnings test (60% BME = \$1,872.00 mo / \$22,464.00 annual), especially if

19  BME requires indexing."

20

21  It is impossible to determine from a review of the Administrative Record whether or not

22  the TSA completed on February 7, 2006, utilized "indexing" or even what the term "indexing"

23  means.  The net result is that the Court will be unable to evaluate the Transferable Skills

24  Assessment completed on February 7, 2006.  The interrogatory is required to address this

25  deficiency.

26  **INTERROGATORY NO. 7:**

27

28

Please describe the manner in which LINA took into account the documentation indicating that plaintiff needs to lie down several times a day and apply cervical traction to alleviate her symptoms when it stated "we have determined that you no longer meet the definition of Total Disability from any and all occupations" in its letter to plaintiff dated June 6, 2006.

## RESPONSE TO INTERROGATORY NO. 7:

LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, compound, argumentative, unintelligible assumes facts not in evidence , is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory seeks information protected from the disclosure by the attorney-client privilege and/or the attorney work product doctrine. LINA further objects on the grounds that Plaintiff is not entitled to discovery in this action governed by the Employee's Retirement Income Security Act of 1974, 29 U.S.C. Section 1001, et seq. (Reilly v. Standard Insurance Co., 2004 U.S. Dist. LEXIS 18313, at p.6, footnote 1 (N.D. Cal. September 8, 2004) and Kearney v. Standard Ins. Co., 175 F.3d 1084, 1090 (9th Cir. 1999). Without waiving the foregoing objections, LINA responds: See documents bates stamped LINA 0001-LINA 0658 served wit LINA's initial disclosures.

## REASONS FURTHER RESPONSE SHOULD BE COMPELLED:

The Administrative Record is replete with medical reports and documentation indicating that plaintiff needs to lie down several times a day and apply cervical traction to alleviate her symptoms:  See 10/25/91 IME report by James Kelly, M.D. (LINA 955-958); 2/7/96 IME report by Michael Kurtz, M.D. (LINA 722-728); 5/8/97 Attending Physician's Statement of Disability by Dr. Blum (LINA 596-598); 11/15/00 review of file by Jo Jacobson, RN (LINA 510-514); 2/11/98 Physical Ability Assessment by Dr. Blum (LINA 578-581); 3/12/98 letter from Dr.

Blum (LINA 466); 6/5/01 note re claim status by K. Harvey (LINA 444-446); 06/14/04 note re claim strategy by Cory Briscoe-Howard (LINA 072); 9/23/04 Attending Physician's Statement of Disability by Dr. Blum (LINA 405-406). It is impossible to determine from a review of the Administrative Record the manner in which Defendant took into account these medical reports and documentation (if it considered the information at all) when it stated "we have determined that you no longer meet the definition of Total Disability from any and all occupations" in its letter to Plaintiff dated June 6, 2006. The net result is that the Court will be unable to adequately evaluate Defendant's decision to terminate Plaintiff's benefits. The interrogatory is required to address this deficiency.

**INTERROGATORY NO. 8:**

Please describe the manner in which LINA took into account the documentation indicating that plaintiff needs to frequently change positions to alleviate her symptoms when it stated "we have determined that you no longer meet the definition of Total Disability from any and all occupations" in its letter to plaintiff dated June 6, 2006.

**RESPONSE TO INTERROGATORY NO. 8:**

LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, compound, argumentative, unintelligible assumes facts not in evidence, is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory seeks information protected from the disclosure by the attorney-client privilege and/or California Insurance Code section 791.13, et seq. LINA further objects on the grounds that Plaintiff is not entitled to discovery in this action governed by the Employee's Retirement Income Security Act of 1974, 29 U.S.C. Section 1001, et seq. (Reilly v. Standard Insurance Co., 2004 U.S. Dist.

LEXIS 18313, at p.6, footnote 1 (N.D. Cal. September 8, 2004) and Kearney v. Standard Ins. Co., 175 F.3d 1084, 1090 (9th Cir. 1999).

**REASONS FURTHER RESPONSE SHOULD BE COMPELLED:**

The Administrative Record is replete with medical reports and documentation indicating that plaintiff needs to frequently change positions to alleviate her symptoms:  See 10/25/91 IME report by James Kelly, M.D. (LINA 955-958); 2/7/96 IME report by Michael Kurtz, M.D. (LINA 722-728); 5/8/97 Attending Physician's Statement of Disability by Dr. Blum (LINA 596-598); 11/15/00 review of file by Jo Jacobson, RN (LINA 510-514); 2/11/98 Physical Ability Assessment by Dr. Blum (LINA 578-581); 3/12/98 letter from Dr. Blum (LINA 466); 6/5/01 note re claim status by K. Harvey (LINA 444-446); 06/14/04 note re claim strategy by Cory Briscoe-Howard (LINA 072); 9/23/04 Attending Physician's Statement of Disability by Dr. Blum (LINA 405-406).  It is impossible to determine from a review of the Administrative Record the manner in which LINA took into account these medical reports and documentation (if it considered the information at all) when it stated "we have determined that you no longer meet the definition of Total Disability from any and all occupations" in its letter to Plaintiff dated June 6, 2006.  The net result is that the Court will be unable to adequately evaluate Defendant's decision to terminate Plaintiff's benefits.  The interrogatory is required to address this deficiency.

**INTERROGATORY NO. 9:**

Please describe the manner in which LINA took into account the prior cervical MRI studies showing disc herniations at the C4-5, C5-6 and C6-7 levels with impingement on the cord when it stated that "typically in the absence of clinical findings, the complaints of pain

would not preclude one from performing sedentary activity" in its letter to plaintiff dated November 15, 2006.

### RESPONSE TO INTERROGATORY NO. 9:

LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, compound, argumentative, unintelligible assumes facts not in evidence , is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory seeks information protected from the disclosure by the attorney-client privilege and/or the attorney work product doctrine. LINA further objects on the grounds that Plaintiff is not entitled to discovery in this action governed by the Employee's Retirement Income Security Act of 1974, 29 U.S.C. Section 1001, et seq. (Reilly v. Standard Insurance Co., 2004 U.S. Dist. LEXIS 18313, at p.6, footnote 1 (N.D. Cal. September 8, 2004) and Kearney v. Standard Ins. Co., 175 F.3d 1084, 1090 (9th Cir. 1999).

### REASONS FURTHER RESPONSE SHOULD BE COMPELLED:

The Administrative Record contains several medical reports and documents referencing prior cervical MRI studies of Plaintiff showing disc herniations at the C4-5, C5-6 and C6-7 levels with impingement on the cord:  See 10/25/91 IME report by James Kelly, M.D. (LINA 955-958); 2/7/96 IME report by Michael Kurtz, M.D. (LINA 722-728); 8/23/06 report from Dr. Blum (LINA 169-176); 06/14/04 note re claim strategy by Cory Briscoe-Howard (LINA 072).  It is impossible to determine from a review of the Administrative Record the manner in which LINA took into account these prior cervical MRI studies of plaintiff (if it considered them at all) when it stated that "typically in the absence of clinical findings, the complaints of pain would not preclude one from performing sedentary activity" in its letter to plaintiff dated November 15,

2006.  The net result is that the Court will be unable to adequately evaluate Defendant's decision to terminate Plaintiff's benefits.  The interrogatory is required to address this deficiency.

**INTERROGATORY NO. 10:**

Please describe the manner in which LINA took into account the prior cervical MRI studies showing disc herniations at the C4-5, C5-6 and C6-7 levels with impingement on the cord when it stated that there were no "significant findings to support the limitations that would preclude you from performing a sedentary occupation" in its letter to plaintiff dated November 15, 2006.

**RESPONSE TO INTERROGATORY NO. 10:**

LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, compound, argumentative, unintelligible assumes facts not in evidence , is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory seeks information protected from the disclosure by the attorney-client privilege and/or the attorney work product doctrine. LINA further objects on the grounds that Plaintiff is not entitled to discovery in this action governed by the Employee's Retirement Income Security Act of 1974, 29 U.S.C. Section 1001, et seq. (Reilly v. Standard Insurance Co., 2004 U.S. Dist. LEXIS 18313, at p.6, footnote 1 (N.D. Cal. September 8, 2004) and Kearney v. Standard Ins. Co., 175 F.3d 1084, 1090 (9th Cir. 1999).

**REASONS FURTHER RESPONSE SHOULD BE COMPELLED:**

The Administrative Record contains several medical reports and documents referencing prior cervical MRI studies of Plaintiff showing disc herniations at the C4-5, C5-6 and C6-7 levels with impingement on the cord:  See 10/25/91 IME report by James Kelly, M.D. (LINA 955-958); 2/7/96 IME report by Michael Kurtz, M.D. (LINA 722-728); 8/23/06 report from Dr.

1  Blum (LINA 169-176); 06/14/04 note re claim strategy by Cory Briscoe-Howard (LINA 072).  It

2  is impossible to determine from a review of the Administrative Record the manner in which

3  LINA took into account these prior cervical MRI studies of plaintiff (if it considered them at all)

4  that there were no "significant findings to support the limitations that would preclude you from

5  performing a sedentary occupation" in its letter to plaintiff dated November 15, 2006.  The net

6  result is that the Court will be unable to adequately evaluate Defendant's decision to terminate

7  Plaintiff's benefits.  The interrogatory is required to address this deficiency.

8  **INTERROGATORY NO. 11:**

9     Please identify the documents and information reviewed by Norton Hall, M.D. prior to

10 his preparation of his notes dated November 7, 2006.

11 **RESPONSE TO INTERROGATORY NO. 11:**

12    LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad,

13 compound, argumentative, unintelligible assumes facts not in evidence , is irrelevant, and not

14 reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory

15 seeks information protected from the disclosure by the attorney-client privilege and/or the

16 attorney work product doctrine. LINA further objects on the grounds that Plaintiff is not entitled

17 to discovery in this action governed by the Employee's Retirement Income Security Act of 1974,

18 29 U.S.C. Section 1001, et seq. (Reilly v. Standard Insurance Co., 2004 U.S. Dist. LEXIS 18313,

19 at p.6, footnote 1 (N.D. Cal. September 8, 2004) and Kearney v. Standard Ins. Co., 175 F.3d

20 1084, 1090 (9th Cir. 1999).

21 **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:**

22    The Claim Direction Staffing Form sent to Norton Hall, M.D. regarding his 11/07/06

23 record review (LINA 133) references the 06/13/06 and 09/22/06 letters from Dr. Seet and the

09/22/06 report from Dr. Blum that Plaintiff submitted in response to the initial termination of her disability benefits.  The 11/07/06 Medical Record Review by Dr. Hall (LINA 134-136) does not indicate what documents and information he reviewed prior to preparing his notes.  The 11/07/06 note by of Melissa Buys regarding her review of the file with Dr. Hall (LINA 021) references only the recent submissions by Plaintiff following the June 6, 2006 termination of her disability benefits.  It is impossible to determine from a review of the Administrative Record exactly what documents and information were reviewed by Norton Hall, M.D. prior to his preparation of his notes dated November 7, 2006.  The net result is that the Court will be unable to adequately evaluate Defendant's decision to terminate Plaintiff's benefits.  The interrogatory is required to address this deficiency.

**INTERROGATORY NO. 12:**

Please describe the manner in which LINA took into account the letters from Dr. Seet dated June 13 and September 22, 2006, when it stated that "your treating providers had released you to sedentary work" in its letter dated May 25, 2007.

**RESPONSE TO INTERROGATORY NO. 12:**

LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, compound, argumentative, unintelligible assumes facts not in evidence , is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory seeks information protected from the disclosure by the attorney-client privilege and/or the attorney work product doctrine. LINA further objects to the extent that this interrogatory calls for information protected as proprietary and/or trade secret. LINA objects on the grounds that Plaintiff is not entitled to discovery in this action governed by the Employee's Retirement Income Security Act of 1974, 29 U.S.C. Section 1001, et seq. (Reilly v. Standard Insurance Co.,

2004 U.S. Dist. LEXIS 18313, at p.6, footnote 1 (N.D. Cal. September 8, 2004) and Kearney v.

Standard Ins. Co., 175 F.3d 1084, 1090 (9th Cir. 1999).

**REASONS FURTHER RESPONSE SHOULD BE COMPELLED:**

In response to Defendant's initial decision to terminate her disability benefits, Plaintiff

submitted letters from Dr. Seet dated June 13 and September 22, 2006. (LINA 177 and 178.)  In

his letter dated June 13, 2006, Dr. Seet stated "Your decision to terminate disability benefits to

Gheri Gallagher is not medically justified.  …  Just because her right and left arm could push or

pull a ten pound load isolated from all her other disabilities and then use that to deny her

disability benefit is not warranted."  In his letter dated September 22, 2006, Dr. Seet stated "In

further review of documents provided to me by the patient, regarding the manner of your

decision making process to deny benefits to Ms. Gallagher, I am medically certain that Ms.

Gallagher is unable to undertake jobs related to her profession/trade, due to her documented

diagnosis.  …  After reviewing the document of 3/22/06, I now warrant that Ms. Gallagher is

unable to perform tasks as described in 'Transferable Skills Analysis.' "  The 05/25/07 medical

record review note from Charles McCool, M.D. (LINA 086) indicates an understanding that

Plaintiff's primary care provider was now claiming she was totally disabled.  The 05/27/07 file

note by James sharp (LINA 083) also indicates an understanding that Plaintiff's primary care

provider was now claiming she was totally disabled.  It is impossible to determine from a review

of the Administrative Record the manner in which LINA took into account the letters from Dr.

Seet dated June 13 and September 22, 2006, (if it considered them at all) when it stated that

"your treating providers had released you to sedentary work" in its letter dated May 25, 2007.

(LINA 080-082.)   The net result is that the Court will be unable to adequately evaluate

Defendant's decision to terminate Plaintiff's benefits.  The interrogatory is required to address this deficiency.

## INTERROGATORY NO. 13:

Please describe the manner in which LINA took into account the clinical findings documented in the report from Dr. Blum dated February 20, 2007, when it stated "there are insufficient documented clinical findings to not support how you would be limited from performing full-time sedentary work as of June 1, 2006" in its letter dated May 25, 2007.

## RESPONSE TO INTERROGATORY NO. 13:

LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, compound, argumentative, unintelligible assumes facts not in evidence, is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory seeks information protected from the disclosure by the attorney-client privilege and/or the attorney work product doctrine. LINA further objects on the grounds that Plaintiff is not entitled to discovery in this action governed by the Employee's Retirement Income Security Act of 1974, 29 U.S.C. Section 1001, et seq. (Reilly v. Standard Insurance Co., 2004 U.S. Dist. LEXIS 18313, at p.6, footnote 1 (N.D. Cal. September 8, 2004) and Kearney v. Standard Ins. Co., 175 F.3d 1084, 1090 (9th Cir. 1999).

## REASONS FURTHER RESPONSE SHOULD BE COMPELLED:

In response to Defendant's decision to terminate her disability benefits, Plaintiff submitted a Supplemental Report from Dr. Blum (LINA 090-096) that included the clinical findings of his physical examination, testing and MRIs, all showing objective evidence of an inability to work due to pain associated with her condition.  It is impossible to determine from a review of the Administrative Record the manner in which Defendant took into account the

clinical findings documented in the Supplemental Report from Dr. Blum dated February 20, 2007, (if it considered these clinical findings at all) when it stated "there are insufficient documented clinical findings to not support how you would be limited from performing full-time sedentary work as of June 1, 2006" in its letter dated May 25, 2007.  (LINA 080-082.)  The net result is that the Court will be unable to adequately evaluate Defendant's decision to terminate Plaintiff's benefits.  The interrogatory is required to address this deficiency.

**INTERROGATORY NO. 14:**

Please identify the documents and information reviewed by Charles McCool, M.D. prior to his preparation of notes dated May 25, 2007.

**RESPONSE TO INTERROGATORY NO. 14:**

LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, compound, argumentative, unintelligible assumes facts not in evidence, is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory seeks information protected from the disclosure by the attorney-client privilege and/or the attorney work product doctrine. LINA further objects on the grounds that Plaintiff is not entitled to discovery in this action governed by the Employee's Retirement Income Security Act of 1974, 29 U.S.C. Section 1001, et seq. (Reilly v. Standard Insurance Co., 2004 U.S. Dist. LEXIS 18313, at p.6, footnote 1 (N.D. Cal. September 8, 2004) and Kearney v. Standard Ins. Co., 175 F.3d 1084, 1090 (9th Cir. 1999).

**REASONS FURTHER RESPONSE SHOULD BE COMPELLED:**

The Claim Direction Staffing Form sent to Dr. McCool prior to his record review (LINA 084-085) indicates Plaintiff had provided a 4/3/07 office note from Dr. Seet, progress notes from Dr. Seet dated 1/3/07, 1/31/07, and 3/2/07, as well as a 2/20/07 medical report from Dr. Blum.

The 05/25/07 notes by Dr. McCool (LINA 086) do not indicate what records and information he reviewed prior to their preparation.   It is impossible to determine from a review of the Administrative Record exactly what records and information Dr. Cool reviewed prior to preparing his 05/25/07 notes.   The net result is that the Court will be unable to adequately evaluate Defendant's decision to terminate Plaintiff's benefits.   The interrogatory is required to address this deficiency.

**INTERROGATORY NO. 15:**

Please describe the manner in which LINA took into account the documentation indicating that plaintiff needs to lie down several times a day and apply cervical traction to alleviate her symptoms when it stated that "the medical documentation on file fails to demonstrate how your range of motion and subjective pain complaints would preclude you from sedentary employment" in its letter dated May 25, 2007.

**RESPONSE TO INTERROGATORY NO. 15:**

LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, compound, argumentative, unintelligible assumes facts not in evidence , is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory seeks information protected from the disclosure by the attorney-client privilege and/or the attorney work product doctrine. LINA further objects on the grounds that Plaintiff is not entitled to discovery in this action governed by the Employee's Retirement Income Security Act of 1974, 29 U.S.C. Section 1001, et seq. (Reilly v. Standard Insurance Co., 2004 U.S. Dist. LEXIS 18313, at p.6, footnote 1 (N.D. Cal. September 8, 2004) and Kearney v. Standard Ins. Co., 175 F.3d 1084, 1090 (9th Cir. 1999).

**REASONS FURTHER RESPONSE SHOULD BE COMPELLED:**

The Administrative Record is replete with medical reports and documentation indicating that plaintiff needs to lie down several times a day and apply cervical traction to alleviate her symptoms:  See 10/25/91 IME report by James Kelly, M.D. (LINA 955-958); 2/7/96 IME report by Michael Kurtz, M.D. (LINA 722-728); 5/8/97 Attending Physician's Statement of Disability by Dr. Blum (LINA 596-598); 11/15/00 review of file by Jo Jacobson, RN (LINA 510-514); 2/11/98 Physical Ability Assessment by Dr. Blum (LINA 578-581); 3/12/98 letter from Dr. Blum (LINA 466); 6/5/01 note re claim status by K. Harvey (LINA 444-446); 06/14/04 note re claim strategy by Cory Briscoe-Howard (LINA 072); 9/23/04 Attending Physician's Statement of Disability by Dr. Blum (LINA 405-406); 8/23/06 report from Dr. Blum (LINA 169-176); 02/20/07 supplemental report from Dr. Blum (LINA 090-096).  It is impossible to determine from a review of the Administrative Record the manner in which LINA took into account this documentation and information (if it considered it at all) when it stated that "the medical documentation on file fails to demonstrate how your range of motion and subjective pain complaints would preclude you from sedentary employment" in its letter dated May 25, 2007. (LINA 080-082.)   The net result is that the Court will be unable to adequately evaluate Defendant's decision to terminate Plaintiff's benefits.  The interrogatory is required to address this deficiency.

**INTERROGATORY NO. 16:**

Please describe the manner in which LINA took into account the documentation indicating that plaintiff needs to frequently change positions to alleviate her symptoms when it stated that "the medical documentation on file fails to demonstrate how your range of motion and subjective pain complaints would preclude you from sedentary employment" in its letter dated May 25, 2007.

**RESPONSE TO INTERROGATORY NO. 16:**

LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, compound, argumentative, unintelligible assumes facts not in evidence , is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory seeks information protected from the disclosure by the attorney-client privilege and/or the attorney work product doctrine. LINA further objects on the grounds that Plaintiff is not entitled to discovery in this action governed by the Employee's Retirement Income Security Act of 1974, 29 U.S.C. Section 1001, et seq. (Reilly v. Standard Insurance Co., 2004 U.S. Dist. LEXIS 18313, at p.6, footnote 1 (N.D. Cal. September 8, 2004) and Kearney v. Standard Ins. Co., 175 F.3d 1084, 1090 (9th Cir. 1999).

**REASONS FURTHER RESPONSE SHOULD BE COMPELLED:**

The Administrative Record is replete with medical reports and documentation indicating that plaintiff needs to frequently change positions to alleviate her symptoms:  See 10/25/91 IME report by James Kelly, M.D. (LINA 955-958); 2/7/96 IME report by Michael Kurtz, M.D. (LINA 722-728); 5/8/97 Attending Physician's Statement of Disability by Dr. Blum (LINA 596-598); 11/15/00 review of file by Jo Jacobson, RN (LINA 510-514); 2/11/98 Physical Ability Assessment by Dr. Blum (LINA 578-581); 3/12/98 letter from Dr. Blum (LINA 466); 6/5/01 note re claim status by K. Harvey (LINA 444-446); 06/14/04 note re claim strategy by Cory Briscoe-Howard (LINA 072); 9/23/04 Attending Physician's Statement of Disability by Dr. Blum (LINA 405-406); 8/23/06 report from Dr. Blum (LINA 169-176); 02/20/07 supplemental report from Dr. Blum (LINA 090-096).  It is impossible to determine from a review of the Administrative Record the manner in which LINA took into account this documentation and information (if it considered it at all) when it stated that "the medical documentation on file fails

to demonstrate how your range of motion and subjective pain complaints would preclude you from sedentary employment" in its letter dated May 25, 2007. (LINA 080-082.) The net result is that the Court will be unable to adequately evaluate Defendant's decision to terminate Plaintiff's benefits. The interrogatory is required to address this deficiency.

**INTERROGATORY NO. 17:**

Please describe the manner in which LINA took into account the documentation indicating that plaintiff was suffering from progressively worsening degenerative disc disease of the cervical spine that had caused her to be Totally Disabled as that term is used in the subject policy from December 5, 1989, through May 31, 2006, when it stated "we have determined that you no longer meet the definition of Total Disability from any and all occupations" in its letter to plaintiff dated June 6, 2006.

**RESPONSE TO INTERROGATORY NO. 17:**

LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, compound, argumentative, unintelligible assumes facts not in evidence, is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory seeks information protected from the disclosure by the attorney-client privilege and/or the attorney work product doctrine. LINA further objects on the grounds that Plaintiff is not entitled to discovery in this action governed by the Employee's Retirement Income Security Act of 1974, 29 U.S.C. Section 1001, et seq. (Reilly v. Standard Insurance Co., 2004 U.S. Dist. LEXIS 18313, at p.6, footnote 1 (N.D. Cal. September 8, 2004) and Kearney v. Standard Ins. Co., 175 F.3d 1084, 1090 (9th Cir. 1999).

**REASONS FURTHER RESPONSE SHOULD BE COMPELLED:**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Administrative Record is replete with medical reports and documentation indicating that plaintiff was disabled as the result of a progressively worsening degenerative disc disease of the cervical spine:  See 10/25/91 IME report by James Kelly, M.D. (LINA 955-958); 2/7/96 IME report by Michael Kurtz, M.D. (LINA 722-728); 5/8/97 Attending Physician's Statement of Disability by Dr. Blum (LINA 596-598); 11/15/00 review of file by Jo Jacobson, RN (LINA 510-514); 2/11/98 Physical Ability Assessment by Dr. Blum (LINA 578-581); 3/12/98 letter from Dr. Blum (LINA 466); 6/5/01 note re claim status by K. Harvey (LINA 444-446); 06/14/04 note re claim strategy by Cory Briscoe-Howard (LINA 072); 8/4/03 Attending Physician's Statement of Disability by Dr. Blum (LINA 422-423); 9/23/04 Attending Physician's Statement of Disability by Dr. Blum (LINA 405-406); 8/23/06 report from Dr. Blum (LINA 169-176); 02/20/07 supplemental report from Dr. Blum (LINA 090-096).   Based upon the ongoing documentation verifying Plaintiff's ongoing total disability, Defendant continued to provide long term disability income insurance benefits to Plaintiff in accordance with the terms and provisions of the Policy during the ensuing 15 and 1/2 year period, December 5, 1989, through May 31, 2006.  (LINA 03.)  Plaintiff submitted a letter dated 4/4/07 (LINA 100-101) pointing out that her condition was degenerative.  It is impossible to determine from a review of the Administrative Record the manner in which the manner in which LINA took into account the documentation indicating that plaintiff was suffering from progressively worsening degenerative disc disease of the cervical spine that had caused her to be Totally Disabled as that term is used in the subject policy from December 5, 1989, through May 31, 2006, (if it considered this information at all) when it stated "we have determined that you no longer meet the definition of Total Disability from any and all occupations" in its letter to plaintiff dated June 6, 2006.  (LINA 241-245.)  The

net result is that the Court will be unable to adequately evaluate Defendant's decision to terminate Plaintiff's benefits. The interrogatory is required to address this deficiency.

**INTERROGATORY NO. 18:**

Please identify the meaning(s) of the following abbreviations used in LINA's claim file: cx, R/L's, TD, IME, NCM, A/O, CCU, SAM, DQ, HNPs, FCE.

**RESPONSE TO INTERROGATORY NO. 18:**

LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, compound, argumentative, unintelligible assumes facts not in evidence, is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory seeks information protected from the disclosure by the attorney-client privilege and/or the attorney work product doctrine, and calls for information protected by an individual's constitutional right to privacy. LINA further objects on the grounds that Plaintiff is not entitled to discovery in this action governed by the Employee's Retirement Income Security Act of 1974, 29 U.S.C. Section 1001, et seq. (Reilly v. Standard Insurance Co., 2004 U.S. Dist. LEXIS 18313, at p.6, footnote 1 (N.D. Cal. September 8, 2004) and Kearney v. Standard Ins. Co., 175 F.3d 1084, 1090 (9th Cir. 1999).

**REASONS FURTHER RESPONSE SHOULD BE COMPELLED:**

Defendant utilizes the following abbreviations in the Administrative Record:  cx, R/L's, TD, IME, NCM, A/O, CCU, SAM, DQ, HNPs, FCE.  It is impossible to determine the meaning Defendant attributes to these abbreviations from a review of the Administrative Record.  The net result is that the Court will be unable to adequately evaluate Defendant's decision to terminate Plaintiff's benefits.  The interrogatory is required to address this deficiency.

DATED:        April 21, 2008

By: _____

Ryan A. Kent
Attorney for Plaintiff
GHERI GALLAGHER