Exhibit 1

ADRIENNE C. PUBLICOVER (SBN 161432)
DENNIS J. RHODES (SBN 168417)
WILSON, ELSER, MOSKOWITZ,
 EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, California 94105
Tel:   (415) 433-0990
Fax:   (415) 434-1370

Attorneys for Defendant
LIFE INSURANCE COMPANY
OF NORTH AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GHERI GALLAGHER, <br><br>  Plaintiff, <br><br> v. <br><br> LIFE INSURANCE COMPANY OF NORTH AMERICA and DOES 1 to 10, <br><br> Defendants. | CASE NO.   CV07-05224 SBA <br><br> **DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** <br><br> Judge :   Hon. Saundra B. Armstrong |

PROPOUNDING PARTY:   Plaintiff GHERI GALLAGHER

RESPONDING PARTY:   Defendant LIFE INSURANCE COMPANY OF NORTH AMERICA

SET NUMBER:   ONE (1)

## LIMITATIONS AND PRELIMINARY OBJECTIONS TO ALL INTERROGATORIES

The responses set forth below are made solely for the purpose of, and in relation to, this action. Each response is given subject to all appropriate objections including, but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility, which

---

would require the exclusion of any statement contained herein where made by a witness present and testifying in court. All such objections and grounds therefore are reserved, and may be interposed at the time of trial.

It should be noted that this responding party has not fully completed an investigation of the facts relating to this case, has not yet fully completed discovery in this matter, and has not completed preparation for trial. All of the responses contained herein are based only upon such information and documents which are presently available to and specifically known to this responding party, and disclose only those contentions which presently occur to such responding party. It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses set forth below.

The following interrogatory responses are given without prejudice to responding party's right to produce evidence of any subsequently discovered facts which this responding party may later recall. Responding party accordingly reserves the right to change any and all responses set forth below as additional facts are ascertained, analyses are made, legal research is completed, and contentions are made.

The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known, but should in no way be to the prejudice of the responding party in relation to further discovery, research or analysis.

Except for the facts explicitly admitted to in the responses set forth below, no admission of any nature whatsoever is to be implied or inferred from the responses. The fact that any interrogatory herein has been answered should not be taken as an admission of such interrogatory, or that such answer constitutes evidence of any facts thus set forth in the interrogatory or assumed

by the interrogatory. All responses must be construed as given on the basis of present recollection. Any interrogatory deemed as continuing is objected to as oppressive, burdensome, improper, and not in compliance with Federal Rule of Civil Procedure 33, and will not be regarded as continuing in nature.

Defendant Life Insurance Company of North America is referred to, in the responses set forth below, as "LINA."

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Please describe the process used and documentation and information used in the creation of the Transferable Skills Analysis completed on February 7, 2006.

**RESPONSE TO INTERROGATORY NO. 1:**

LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, compound, argumentative, unintelligible, assumes facts not in evidence, is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory seeks information protected from the disclosure by the attorney-client privilege and/or the attorney work product doctrine. LINA further objects on the grounds that plaintiff is not entitled to discovery in this action governed by the Employee's Retirement Income Security Act of 1974, 29 U.S.C. section 1001, et seq. (*Reilly v. Standard Insurance Co.*, 2004 U.S. Dist. LEXIS 18313, at p. 6, footnote 1 (N.D. Cal. September 8, 2004) and *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999).

**INTERROGATORY NO. 2:**

Please describe the manner in which the Transferable Skills Analysis completed on February 7, 2006, took into account the fact that the plaintiff had not worked in the competitive workforce for over 16 years when it determined the occupations plaintiff could perform.

---

3
DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S
RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
USDC NDCA Case # CV07-05224 SBA
326690.1

**RESPONSE TO INTERROGATORY NO. 2:**

LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, compound, argumentative, unintelligible, assumes facts not in evidence, is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory seeks information protected from the disclosure by the attorney-client privilege and/or the attorney work product doctrine. LINA further objects on the grounds that plaintiff is not entitled to discovery in this action governed by the Employee's Retirement Income Security Act of 1974, 29 U.S.C. section 1001, et seq. (*Reilly v. Standard Insurance Co.*, 2004 U.S. Dist. LEXIS 18313, at p. 6, footnote 1 (N.D. Cal. September 8, 2004) and *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999).

**INTERROGATORY NO. 3:**

Please describe the manner in which the Transferable Skills Analysis completed on February 7, 2006, took into account the fact that plaintiff needs to lie down several times a day and apply cervical traction to alleviate her symptoms when it determined the occupations plaintiff could perform.

**RESPONSE TO INTERROGATORY NO. 3:**

LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, compound, argumentative, unintelligible, assumes facts not in evidence, is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory seeks information protected from the disclosure by the attorney-client privilege and/or the attorney work product doctrine. LINA further objects on the grounds that plaintiff is not entitled to discovery in this action governed by the Employee's Retirement Income Security Act of 1974, 29 U.S.C. section 1001, et seq. (*Reilly v. Standard Insurance Co.*, 2004 U.S. Dist. LEXIS 18313, at p.

6, footnote 1 (N.D. Cal. September 8, 2004) and *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999).

**INTERROGATORY NO. 4:**

Please describe the manner in which the Transferable Skills Analysis completed on February 7, 2006, took into account the fact that plaintiff needs to frequently change positions to alleviate her symptoms when it determined the occupations plaintiff could perform.

**RESPONSE TO INTERROGATORY NO. 4:**

LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, compound, argumentative, unintelligible, assumes facts not in evidence, is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory seeks information protected from the disclosure by the attorney-client privilege and/or the attorney work product doctrine. LINA further objects on the grounds that plaintiff is not entitled to discovery in this action governed by the Employee's Retirement Income Security Act of 1974, 29 U.S.C. section 1001, et seq. (*Reilly v. Standard Insurance Co.*, 2004 U.S. Dist. LEXIS 18313, at p. 6, footnote 1 (N.D. Cal. September 8, 2004) and *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999).

**INTERROGATORY NO. 5:**

Please describe what is meant by the term "indexing" as it is used in the June 15, 2001, note by Jeff Green (LINA 0440).

**RESPONSE TO INTERROGATORY NO. 5:**

LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, compound, argumentative, unintelligible, assumes facts not in evidence, is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory

1  seeks information protected from the disclosure by the attorney-client privilege and/or the attorney
2  work product doctrine. LINA further objects on the grounds that plaintiff is not entitled to
3  discovery in this action governed by the Employee's Retirement Income Security Act of 1974, 29
4  U.S.C. section 1001, et seq. (*Reilly v. Standard Insurance Co.*, 2004 U.S. Dist. LEXIS 18313, at p.
5  6, footnote 1 (N.D. Cal. September 8, 2004) and *Kearney v. Standard Ins. Co.*, 175 F.3d 1084,
6  1090 (9th Cir. 1999). Without waiving the foregoing objections, LINA responds: See documents
7  bates stamped LINA 0001 – LINA 0658 served with LINA's initial disclosures.

**INTERROGATORY NO. 6:**

Did the Transferable Skills Analysis completed on February 7, 2006, utilize "indexing" as that term is used in the June 15, 2001, note by Jeff Green (LINA 0440)?

**RESPONSE TO INTERROGATORY NO. 6:**

LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, compound, argumentative, unintelligible, assumes facts not in evidence, is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory seeks information protected from the disclosure by the attorney-client privilege and/or the attorney work product doctrine. LINA further objects on the grounds that plaintiff is not entitled to discovery in this action governed by the Employee's Retirement Income Security Act of 1974, 29 U.S.C. section 1001, et seq. (*Reilly v. Standard Insurance Co.*, 2004 U.S. Dist. LEXIS 18313, at p. 6, footnote 1 (N.D. Cal. September 8, 2004) and *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999). Without waiving the foregoing objections, LINA responds: See documents bates stamped LINA 0001 – LINA 0658 served with LINA's initial disclosures.

\\\
\\\
\\\

**INTERROGATORY NO. 7:**

Please describe the manner in which LINA took into account the documentation indicating that plaintiff needs to lie down several times a day and apply cervical traction to alleviate her symptoms when it stated "we have determined that you no longer meet the definition of Total Disability from any and all occupations" in its letter to plaintiff dated June 6, 2006.

**RESPONSE TO INTERROGATORY NO. 7:**

LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, compound, argumentative, unintelligible, assumes facts not in evidence, is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory seeks information protected from the disclosure by the attorney-client privilege and/or the attorney work product doctrine. LINA further objects on the grounds that plaintiff is not entitled to discovery in this action governed by the Employee's Retirement Income Security Act of 1974, 29 U.S.C. section 1001, et seq. (*Reilly v. Standard Insurance Co.*, 2004 U.S. Dist. LEXIS 18313, at p. 6, footnote 1 (N.D. Cal. September 8, 2004) and *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999). Without waiving the foregoing objections, LINA responds: See documents bates stamped LINA 0001 – LINA 0658 served with LINA's initial disclosures.

**INTERROGATORY NO. 8:**

Please describe the manner in which LINA took into account the documentation indicating that plaintiff needs to frequently change positions to alleviate her symptoms when it stated "we have determined that you no longer meet the definition of Total Disability from any and all occupations" in its letter to plaintiff dated June 6, 2006.

**RESPONSE TO INTERROGATORY NO. 8:**

LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, compound, argumentative, unintelligible, assumes facts not in evidence, is irrelevant, and not

reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory seeks information protected from the disclosure by the attorney-client privilege and/or the attorney work product doctrine and/or California Insurance Code section 791.13, et seq. LINA further objects on the grounds that plaintiff is not entitled to discovery in this action governed by the Employee's Retirement Income Security Act of 1974, 29 U.S.C. section 1001, et seq. (*Reilly v. Standard Insurance Co.*, 2004 U.S. Dist. LEXIS 18313, at p. 6, footnote 1 (N.D. Cal. September 8, 2004) and *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999).

**INTERROGATORY NO. 9:**

Please describe the manner in which LINA took into account the prior cervical MRI studies showing disc herniations at the C4-5, C5-6 and C6-7 levels with impingement on the cord when it stated that "typically in the absence of clinical findings, the complaints of pain would not preclude one from performing sedentary activity" in its letter to plaintiff dated November 15, 2006.

**RESPONSE TO INTERROGATORY NO. 9:**

LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, compound, argumentative, unintelligible, assumes facts not in evidence, is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory seeks information protected from the disclosure by the attorney-client privilege and/or the attorney work product doctrine. LINA further objects on the grounds that plaintiff is not entitled to discovery in this action governed by the Employee's Retirement Income Security Act of 1974, 29 U.S.C. section 1001, et seq. (*Reilly v. Standard Insurance Co.*, 2004 U.S. Dist. LEXIS 18313, at p. 6, footnote 1 (N.D. Cal. September 8, 2004) and *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999).

\\\
\\\

**INTERROGATORY NO. 10:**

Please describe the manner in which LINA took into account the prior cervical MRI studies showing disc herniations at the C4-5, C5-6 and C6-7 level with impingement on the cord when it stated that there were no "significant findings to support the limitations that would preclude you from performing a sedentary occupation" in its letter to plaintiff dated November 15, 2006.

**RESPONSE TO INTERROGATORY NO. 10:**

LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, compound, argumentative, unintelligible, assumes facts not in evidence, is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory seeks information protected from the disclosure by the attorney-client privilege and/or the attorney work product doctrine. LINA further objects on the grounds that plaintiff is not entitled to discovery in this action governed by the Employee's Retirement Income Security Act of 1974, 29 U.S.C. section 1001, et seq. (*Reilly v. Standard Insurance Co.*, 2004 U.S. Dist. LEXIS 18313, at p. 6, footnote 1 (N.D. Cal. September 8, 2004) and *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999).

**INTERROGATORY NO. 11:**

Please identify the documents and information reviewed by Norton Hall, M.D. prior to his preparation of his notes dated November 7, 2006.

**RESPONSE TO INTERROGATORY NO. 11:**

LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, compound, argumentative, unintelligible, assumes facts not in evidence, is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory seeks information protected from the disclosure by the attorney-client privilege and/or the attorney work product doctrine. LINA further objects on the grounds that plaintiff is not entitled to

discovery in this action governed by the Employee's Retirement Income Security Act of 1974, 29 U.S.C. section 1001, et seq. (*Reilly v. Standard Insurance Co.*, 2004 U.S. Dist. LEXIS 18313, at p. 6, footnote 1 (N.D. Cal. September 8, 2004) and *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999).

**INTERROGATORY NO. 12:**

Please describe the manner in which LINA took into account the letters from Dr. Sect dated June 13 and September 22, 2006, when it stated that "your treating providers had released you to sedentary work" in its letter dated May 25, 2007.

**RESPONSE TO INTERROGATORY NO. 12:**

LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, compound, argumentative, unintelligible, assumes facts not in evidence, is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory seeks information protected from the disclosure by the attorney-client privilege and/or the attorney work product doctrine. LINA further objects to the extent that this interrogatory calls for information protected as proprietary and/or trade secret. LINA objects on the ground that plaintiff is not entitled to discovery in this action governed by the Employee's Retirement Income Security Act of 1974, 29 U.S.C. section 1001, et seq. (*Reilly v. Standard Insurance Co.*, 2004 U.S. Dist. LEXIS 18313, at p. 6, footnote 1 (N.D. Cal. September 8, 2004) and *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999).

**INTERROGATORY NO. 13:**

Please describe the manner in which LINA took into account the clinical findings documented in the report from Dr. Blum dated February 20, 2007, when it stated "there are

insufficient documented clinical findings to not support how you would be limited from performing full-time sedentary work as of June 1, 2006" in it letter dated May 25, 2007.

**RESPONSE TO INTERROGATORY NO. 13:**

LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, compound, argumentative, unintelligible, assumes facts not in evidence, is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory seeks information protected from the disclosure by the attorney-client privilege and/or the attorney work product doctrine. LINA further objects on the grounds that plaintiff is not entitled to discovery in this action governed by the Employee's Retirement Income Security Act of 1974, 29 U.S.C. section 1001, et seq. (*Reilly v. Standard Insurance Co.*, 2004 U.S. Dist. LEXIS 18313, at p. 6, footnote 1 (N.D. Cal. September 8, 2004) and *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999).

**INTERROGATORY NO. 14:**

Please identify the documents and information reviewed by Charles McCool, M.D. prior to his preparation of notes dated May 25, 2007.

**RESPONSE TO INTERROGATORY NO. 14:**

LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, compound, argumentative, unintelligible, assumes facts not in evidence, is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory seeks information protected from the disclosure by the attorney-client privilege and/or the attorney work product doctrine. LINA further objects on the grounds that plaintiff is not entitled to discovery in this action governed by the Employee's Retirement Income Security Act of 1974, 29 U.S.C. section 1001, et seq. (*Reilly v. Standard Insurance Co.*, 2004 U.S. Dist. LEXIS 18313, at p.

6, footnote 1 (N.D. Cal. September 8, 2004) and *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999).

**INTERROGATORY NO. 15:**

Please describe the manner in which LINA took into account the documentation indicating that plaintiff needs to lie down several times a day and apply cervical traction to alleviate her symptoms when it stated that "the medical documentation on file fails to demonstrate how your range of motion and subjective pain complaints would preclude you from sedentary employment" in its letter dated May 25, 2007.

**RESPONSE TO INTERROGATORY NO. 15:**

LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, compound, argumentative, unintelligible, assumes facts not in evidence, is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory seeks information protected from the disclosure by the attorney-client privilege and/or the attorney work product doctrine. LINA further objects on the grounds that plaintiff is not entitled to discovery in this action governed by the Employee's Retirement Income Security Act of 1974, 29 U.S.C. section 1001, et seq. (*Reilly v. Standard Insurance Co.*, 2004 U.S. Dist. LEXIS 18313, at p. 6, footnote 1 (N.D. Cal. September 8, 2004) and *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999).

**INTERROGATORY NO. 16:**

Please describe the manner in which LINA took into account the documentation indicating that plaintiff needs to frequently change positions to alleviate her symptoms when it stated that "the medical documentation on file fails to demonstrate how your range of motion and subjective pain complaints would preclude you from sedentary employment" in its letter dated May 25, 2007.

1  **RESPONSE TO INTERROGATORY NO. 16:**

2      LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad,
3  compound, argumentative, unintelligible, assumes facts not in evidence, is irrelevant, and not
4  reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory
5  seeks information protected from the disclosure by the attorney-client privilege and/or the attorney
6  work product doctrine. LINA further objects on the grounds that plaintiff is not entitled to
7  discovery in this action governed by the Employee's Retirement Income Security Act of 1974, 29
8  U.S.C. section 1001, et seq. (*Reilly v. Standard Insurance Co.*, 2004 U.S. Dist. LEXIS 18313, at p.
9  6, footnote 1 (N.D. Cal. September 8, 2004) and *Kearney v. Standard Ins. Co.*, 175 F.3d 1084,
10  1090 (9th Cir. 1999).

11

12  **INTERROGATORY NO. 17:**

13      Please describe the manner in which LINA took into account the documentation indicating
14  that plaintiff was suffering from progressively worsening degenerative disc disease of the cervical
15  spine that had caused her to be Totally Disabled as that term is used in the subject policy from
16  December 5, 1989, through May 31, 2006, when it stated "we have determined that you no longer
17  meet the definition of Total Disability from any and all occupations" in its letter to plaintiff dated
18  June 6, 2006.

19  **RESPONSE TO INTERROGATORY NO. 17:**

20      LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad,
21  compound, argumentative, unintelligible, assumes facts not in evidence, is irrelevant, and not
22  reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory
23  seeks information protected from the disclosure by the attorney-client privilege and/or the attorney
24  work product doctrine. LINA further objects on the grounds that plaintiff is not entitled to
25  discovery in this action governed by the Employee's Retirement Income Security Act of 1974, 29

26

27  13
    DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S
    RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
28  USDC NDCA Case # CV07-05224 SBA
326690.1

1  U.S.C. section 1001, et seq. (*Reilly v. Standard Insurance Co.*, 2004 U.S. Dist. LEXIS 18313, at p.
2  6, footnote 1. (N.D. Cal. September 8, 2004) and *Kearney v. Standard Ins. Co.*, 175 F.3d 1084,
3  1090 (9th Cir. 1999).

**INTERROGATORY NO. 18:**

Please identify the meaning(s) of the following abbreviations used in LINA's claim file: ex, R/L's, TD, IME, NCM, A/O, CCU, SAM, DQ, HNPs, FCE.

**RESPONSE TO INTERROGATORY NO. 18:**

LINA objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, compound, argumentative, unintelligible, assumes facts not in evidence, is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and that this interrogatory seeks information protected from the disclosure by the attorney-client privilege and/or the attorney work product doctrine, and calls for information protected by an individual's constitutional right to privacy. LINA further objects on the grounds that plaintiff is not entitled to discovery in this action governed by the Employee's Retirement Income Security Act of 1974, 29 U.S.C. section 1001, et seq. (*Reilly v. Standard Insurance Co.*, 2004 U.S. Dist. LEXIS 18313, at p. 6, footnote 1 (N.D. Cal. September 8, 2004) and *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999).

Date: April 1, 2008

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____
ADRIENNE C. PUBLICOVER
DENNIS J. RHODES
Attorneys for Defendant
LIFE INSURANCE COMPANY OF NORTH AMERICA

---

14
DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S
RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
USDC NDCA Case # CV07-05224 SBA
326690.1

## CERTIFICATE OF SERVICE
*Gheri Gallagher v. Life Insurance Company of North America, et al.*
*USDC NDCA Case #CV07-05224 SBA*

I am a citizen of the United States. I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address is 525 California Street, 17th Floor, San Francisco, California 94105.

On this date I served the following document(s):

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

on the parties identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

__X__ : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

☐ : **By Personal Service** – I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

☐ : **By Overnight Courier** – I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

☐ : **Facsimile** – (Only where permitted. Must consult CCP § 1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.C.A.)

Ryan A. Kent, Esq.
Attorney at Law
30 Mitchell Boulevard
San Rafael, CA 94903
Tel:  (415) 479-4356
Fax:  (415) 479-4358

*Attorney for Plaintiff*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED **April 1, 2008** at San Francisco, California.

_____
Nancy Li