Exhibit 3

# Primary Claim File

| | | | | |
|---|---|---|---|---|
| **Name** | GHERI  GALLAGHER | **SSN** | 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 | **DOB** 05/14/1948 |
| **Account Name** | KIMBERLY SERVICES, INC. | **Account #** | LK 0006617 | **Incurred Date** 10/06/1989 |
| **Claim Manager** | Lorraine Lubbort | **Incident #** | 132785 | **Claim Eff Dt-Status** 05/25/2006 - Closed |

## Assignment Information

| | | | |
|---|---|---|---|
| **Team Name** | P-Rayburg 31+ | **Claim Office** | Pittsburgh |
| **Nurse** | | **Vocational Rehab** | |
| **Claim Type** | LTD | | |
| **Claim Reopened Reason** | | | |
| **Claim Status Reason** | Denied, Not TD Any Occ | | |
| **Financial Arrangement** | 1 - Fully Insured | | |
| | | | ☒ **In Suit Indicator** |

## Incident Information

| | | | |
|---|---|---|---|
| **Last Day Worked** | | **Hours Worked Last Day** | 0 |
| **Benefit Start Date** | 12/05/1989 | **Benefit Term Date** | 05/25/2006 |
| **Benefit Paid Through Date** | 05/31/2006 | **Claim Registered Date** | 12/20/1989 |
| **Received Date** | 12/20/1989 | **STD to LTD Transition Date** | |
| **Any-Occ Date** | 12/05/1991 | **SUTA State** | CALIFORNIA |
| **Incurred Date** | 10/06/1989 | | |

## Standard Length of Disability Duration (in Days)

| | | | |
|---|---|---|---|
| **Part Time** | **Full Time** | **Red Flag** | ☒ **Does Not Exist** |

## Medical Information

| | | | |
|---|---|---|---|
| **Mental Illness Limit** | 1 - Duration Restricted | **Claim Complexity** | |
| **Primary ICD Code** | 9522 | | |
| **Primary ICD Description** | LUMBAR SPINAL CORD INJUR | | |
| **Secondary ICD Code** | 36101 | | |
| **Secondary ICD Description** | PART RD-SNGL DEFECT | | |
| **Condition** | Injury | | |

## Occupation Information

| | | | |
|---|---|---|---|
| **Occupation Category** | 01 - Officials and Managers | | |
| **Employee ID** | | **Date of Hire** | 07/05/1988 |
| **Job Title** | Officials and Managers | **Work Related?** | |
| **Cause of Loss Description** | 172 - Other Accident -- Occ | | |

## Key Dates

| | | | |
|---|---|---|---|
| **ERD** | | | |
| **ERD Reason Code** | | | |
| **Provider's Estimated RTW** | | **Actual RTW** | |
| **Med Approved Through** | 05/31/2006 | **Proof of Loss Date** | 05/22/2006 |

## SAM Information

LINA 0003

**Restrictions & Limitations**

Per IME- No work capacity.

**Subjective / Objective Findings / Treatment**

Neck and arm pain, with nerve root compression. The claimant continues monthly massage and traction.

**Outstanding Issues and Follow-up Dates**

**Strategy**

The claimant is a 56 year old former Registerd Nurse diagnosed with degenerative disc disease and occiptal nerve compression. The claimant has had multiple MRI's which confirm her progressive disease. The claimant had a IME that confirmed her inability to to perform A/O. Given the claimants progressive medical conditions and permanent sitting, standing and walking rostrictions, the claimant remains TD A/O and no impact can be made by CCU. The claim will be referred to the Pre-Sam team, as we are in need of a current DQ. Once DQ received, claim SAM review should be completed.

| Last Changed User | Cory Briscoe-Howard | | Last Changed Date | | 06/14/2004 11:04 AM |
|---|---|---|---|---|---|
| Status:   Completed | Assigned To: | Cory Briscoe-Howard | | Created: | 06/14/2004 11:04 AM |

LINA 0072

**James Sharp**
Appeals Claim Manager



**CIGNA** Group Insurance
Life · Accident · Disability

May 25, 2007

Routing P250
P.O. Box 22325
Pittsburgh, PA 15219
Telephone 1-800-238-2125 ext. 3178
Facsimile 412-402-3222

Ms. Gheri Gallagher
107 Rocca Drive
Fairfax, CA 94430

RE:    **Claimant's Name:**        **Gheri Gallagher**
       **Policy Number:**          **LK 6617**
       **Account Name:**           **Kimberly Service, Incorporated**
       **Underwriting Company:**   **Life Insurance Company of North America**

Dear Ms. Gallagher:

This is in reference to your letter, and the additional medical information received, appealing the denial of your Long Term Disability claim, submitted under the terms of Kimberly Service, Incorporated's Long Term Disability policy. We have completed our review and must regretfully inform you that we are affirming the previous denials of your claim.

A review of your claim information documents that you were employed by Kimberly Service, Incorporated as a Director of Clinical Services. On October 6, 1989, you ceased active employment due to severe neck and right arm pain secondary to cervical disc injury and disease. Your claim was initially approved and paid from December 5, 1989 through May 31, 2006, at which time you were found to be no longer disabled under the terms of your policy.

As you are aware, the policy contains the following provision, Definition of Total Disability:

"An Employee will be considered Totally Disabled, if because of Injury or Sickness, he is unable to perform all the essential duties of his occupation.

After Monthly Benefits have been payable for 24 months, an Employee will be considered Totally Disabled only if, because of Injury or Sickness, he is unable to perform all the essential duties of any occupation for which he is, or may reasonably become, qualified based on his education, training or experience."

LINA 0080

"CIGNA" and "CIGNA Group Insurance" are registered service marks and refer to various operating subsidiaries of CIGNA Corporation. Products and services are provided by operating subsidiaries and contracted companies and not by CIGNA Corporation. Operating subsidiaries include Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company.

May 25, 2007
Page 2

On June 6, 2006, you were advised that the medical documentation on file demonstrated you to have functionality within a sedentary demand level. A Transferable Skills Analysis performed on February 7, 2006, identified seven suitable positions within your skills, education, work history and wage replacement requirements. The results of the Transferable Skills Analysis were shared with Dr. Ray Seet, Dr. Arthur Fu and Dr. Mervyn Stein, all of whom agreed that you would be able to sustain full time employment. As a result, your claim was closed effective May 31, 2006.

Upon reviewing the denial, The Appeals Claim Manager affirmed the denial of your claim on November 15, 2006, opining that the available medical documentation failed to demonstrate significant documented clinical findings to support ongoing restrictions to preclude you from performing any occupation beyond May 31, 2006.

Your entire file, including the additional medical information submitted, was reviewed by the Life Insurance Company of North America ("LINA"), claims administrator for the policy, in its entirety without deference to prior reviews. For your appeal, the following new medical information was received and reviewed:

- December 14, 2006 Comprehensive Psychiatric Evaluation report
- Progress notes from Dr. Ray Seet dated January 3, 2007, January 31, 2007 and March 2, 2007
- February 20, 2007 Medical Report from Dr. Robert Blum
- Office note dated April 3, 2007 from Dr. Ray Seet

In reviewing the December 16, 2006 Comprehensive Psychiatric Evaluation report, Dr. Michael Zizmor acknowledged that you are not currently seeing a psychiatrist. While we value Dr. Zizmor's opinion as to your Mental Status as of December 14, 2006, this report is not relevant as to your cognitive status as of May 31, 2006. Furthermore, we have not been provided with any office records, therapy notes or Neuropsychological Examinations relevant to your cognitive status around May 31, 2006 to demonstrate a severe psychiatric functional impairment as of May 31, 2006.

To ensure an accurate interpretation of the physical medical information on file, your claim was reviewed by a Medical Director. Upon review of available medical documentation, the Medical Director opined that there are insufficient documented clinical findings to not support how you would be limited from performing full-time sedentary work as of June 1, 2006.

The Medical Director noted that while you have multiple physical conditions relating to your cervical spine, vision and chronic pain, your treating providers had released you to sedentary work. Both Dr. Fu and Dr. Stein have advised our office that you are not disabled from

LINA 0081

May 25, 2007
Page 3

sedentary work based on your visual condition. In reviewing Dr. Seet's and Dr. Blum's medical reports, the Medical Director opined that the medical documentation on file fails to demonstrate how your range of motion and subjective pain complaints would preclude you from sedentary employment.

Please understand that we are not stating that you are not limited or restricted, however, we are stating that we have not received sufficient medical information to support a severe continuous condition of disability from any occupation beyond May 31, 2006.

In order for you to continue to be eligible for Long Term Disability benefits beyond May 31, 2006, you are required to be disabled from all the essential duties of any occupation. As stated above, we have no clinical findings to support a severity of ongoing impairment or loss of function to preclude you from performing any occupation beyond May 31, 2006. While your providers suggest that decreased range of motion, pain and depression preclude you from any occupation, we have not been provided with documented significant clinical evidence to support how this has limited you from any occupation since May 31, 2006.

At this point in time, you have exhausted all administrative levels of appeal and no further appeals will be considered.

Please note that you have a right to bring legal action regarding your claim under the ERISA section 502(a). You and your plan may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local United States Department of Labor Office or your State Insurance Regulatory Agency.

Nothing contained in this letter should be construed as a waiver of any rights or defenses under the policy. This determination has been made in good faith and without prejudice under the terms and conditions of the contract, whether or not specifically mentioned herein.

Please review your insurance booklet, certificate or coverage information available from your employer to determine if you are eligible for additional benefits. Upon written request, you may receive a copy of your claim file, free of charge.

Please contact our office at 1-800-238-2125 ext. 3178 should you have any questions.

Sincerely,


James Sharp
Appeals Claim Manager

# Appeal Process

| Name | GHERI GALLAGHER | SSN | 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 | DOB | 05/14/1948 |
|---|---|---|---|---|---|
| Account Name | KIMBERLY SERVICES, INC. | Account # | LK 0006617 | Incurred Date | 10/06/1989 |
| Claim Manager | Lorraine Lubbert | Incident # | 132785 | Claim Eff Dt-Status | 05/25/2006 - Closed |

## Senior Appeals Specialist/STD Gatekeeper

**Appeal Assignee** James Sharp     **Date** 04/16/2007 12:47 PM     **User ID**   Linda Komaromy

### Appeal Assignee

**Detailed Acknowledgement Letter Sent Date**   04/13/2007

**Action Plan/Investigation Results**

Claimant is a 59 year old Director of Clinical Services who initially ceased active employment on October 6, 1989 due to severe neck and right arm pain secondary to cervical disc injury and disease. Claim initially approved and paid from December 5, 1989 through May 31, 2006, at which time medical documentation on file documented claimant to have functionality within a sedentary demand level. At time of claim closure, claimants diagnosis included occipital nerve compression, degenerative disc disease, retinal detachment left eye, failed back syndrome, chronic pain syndrome and depression. TSA performed on February 17, 2006 identified 7 suitable positions withing claimants skills, education, work history and wage replacement requirements. Results of TSA were shared with claimants treating providers, Dr. Seet, Dr. Stein and Dr. Fu, all of whom agreed that claimant could sustain full time employment. Claim was appealed and affirmed on November 15, 2006, after medical review with MD Dr. Norton Hall opined that the medical documentation failed to demonstrate significant documented clinical findings to support restrictions to preclude any occupation. While Dr. Seet reported that the claimant was unable to work due to pain and vision problems, both Dr. Fu and Dr. Stein * Ophthamologist * indicated that claimant had no visual deficits to preclude work. Furthermore, a Neurologist report from Dr. Blum indicated that claimant was disabled from any occupation due to multiple conditions including back pain, vision, depression and cognitive impairments. However, MD noted that no positive examination findings * MRI's, x-rays or Neuropsychological Exams * were provided to demonstrate severity of ongoing limitations. Claimant has appealed again, providing a April 3, 2007 office note from Dr. Seet, progress notes dated January 3, 2007, January 31, 2007 and March 2, 2007 from Dr. Seet, a December 14, 2006 Comprehensive Psychiatric Evaluation and a February 20, 2007 Medical Report from Dr. Robert Blum.

 **Refer to MC/NCM**     **Date** 05/25/2007 11:34 AM     **User ID**   James Sharp

## MC/NCM

**Medical Investigation Results**

Medical review performed by MD - Dr. Charles McCool noting that claimant was status post cervical spine degenerative disc disease with surgery * discectomy * released by all providers, only Dr. Seet now states, along with Neurologist Dr. Blum, that claimants range of motion and pain complaints support an inability for no work. However, upon reviewing the additional medical documentation post claim closure on May 31, 2006, MD opined that the letters of Dr. Seet and Dr. Blum fail to document severity of impairments to preclude claimant from working.

 **Refer Back To Assignee**     **Date** 05/25/2007 11:40 AM     **User ID**   James Sharp

### Recommendation

**Appeal Assignee Recommendation**     Upheld Original Denial
*Referred to CAT TL/SCM/TL of Assignee*     **Date** 05/25/2007 11:40 AM     **User ID**   James Sharp

### Decision

**CAT TL (LTD)/SCM/TL of Assignee(STD) Decision** Upheld Original Denial

If decision = Overturned, route task to the TL of the core team. If decison = Upheld, route task to appeal assignee.

    **Date** 05/25/2007 11:46 AM     **User ID**   Linda Komaromy

**Comments**

Action plan Claim discussed with TL Linda Komaromy agreeing that medical review should be performed by a Medical Director. However, as claimants Psychiatric Evaluation is 7 months after the claim was denied, and documents that claimant has not been under the care of a psychiatrist, this information is not relevant to the evaluation of claimants ability to perform

LINA 0083



# Claim Direction Staffing Form

### Please complete the sections that are applicable for the staffing purpose

## *Claim Information:*

| Staffing Date: | May 25, 2007 | Case Manager: | James Sharp |
|---|---|---|---|
| Cx Name: | Gheri Gallagher | SSN: | 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 |
| DOB/Age: | 5/14/48   59 | Height/WT: | 5'6"  130lbs |
| Employer: | Kimberly Services | Occupation: | Director, Clinical Services |
| Incur Date: | 10/6/89 | Date of Hire: | 7/5/88 |
| | | Job/Occ Term Date: | |
| BSD or AO Date | 12/5/89 | Claim Received Date: | Appeal 4/11/07 |
| Prior Claim ? | No | MI Max date: | |

| Diagnosis/ICD 9 code: | Occipital nerve compression, DDD, Retinal Detachment (left), failed back syndrome, chronic pain syndrome and depression |
|---|---|

| File Status:: | II_____  Ongoing _____  A/O _X_ <br> Appeal _X_  Pre-Ex _____ |
|---|---|

| Claim Synopsis: Claimant is a 59 year old Director of Clinical Services who initially ceased active employment on October 6, 1989 due to severe neck and right arm pain secondary to cervical disc injury and disease. Claim initially approved and paid from December 5, 1989 through May 31, 2006, at which time medical documentation on file documented claimant to have functionality within a sedentary demand level. At time of claim closure, claimants diagnosis included occipital nerve compression, degenerative disc disease, retinal detachment left eye, failed back syndrome, chronic pain syndrome and depression. TSA performed on February 17, 2006 identified 7 suitable positions withing claimants skills, education, work history and wage replacement requirements. Results of TSA were shared with claimants treating providers, Dr. Seet, Dr. Stein and Dr. Fu, all of whom agreed that claimant could sustain full time employment. Claim was appealed and affirmed on November 15, 2006, after medical review with MD Dr. Norton Hall opined that the medical documentation failed to demonstrate significant documented clinical findings to support restrictions to preclude any occupation. While Dr. Seet reported that the claimant was unable to work due to pain and vision problems, both Dr. Fu and Dr. Stein * Ophthamologist * indicated that claimant had no visual deficits to preclude work. Furthermore, a Neurologist report from Dr. Blum indicated that claimant was disabled from any occupation due to multiple conditions including back pain, vision, depression and cognitive | PLEASE SEE PRINTED CLAIM STRATEGY |
|---|---|

LINA 0084

## Claim Direction Staffing Form

Please complete the sections that are applicable for the staffing purpose

| | |
|---|---|
| impairments. However, MD noted that no positive examination findings.* MRI's, x-rays or Neuropsychological Exams * were provided to demonstrate severity of ongoing limitations. Claimant has appealed again, providing a April 3, 2007 office note from Dr. Seet, progress notes dated January 3, 2007, January 31, 2007 and March 2, 2007 from Dr. Seet, a December 14, 2006 Comprehensive Psychiatric Evaluation and a February 20, 2007 Medical Report from Dr. Robert Blum. | |

**Staffing Purpose:**

Determine if medical documentation on file supports limitations imposed.

## Vocational / Occupational History:

| Occupational requirements (DOT MUST BE ON FILE & TABBED) | | |
|---|---|---|
| ☐ Sedentary   ☐ Light   ☐ Medium   ☐ Heavy   ☐ Very Heavy | | |
| Own Occ DOT and JD: _____ | | Own job and JD: _____ |
| Training/Education/Experience Registered Nurse | Dominant hand: Right | VRC assigned: ____ Yes ____ No |

## Medical / Offsets:

| Treating Physicians (name, specialty, initial & LOV, frequency): | | | | | | | |
|---|---|---|---|---|---|---|---|
| Provider | Specialty | Initial OV | LOV | TX | PAA? | R | L |
| Dr. Mervyn Stein Dr. Arthur Fu | Ophth | | | | | | |
| Dr. Ray Seet | PCP | | 4/3/07 | | | | |
| Dr. Robert Blum | Neuro | 8/23/06 | | | | | |
| Dr. Michael Zizmor | Psych | 12/14/06 | | | | | |
| Projected RTW Date and Provider: | | | | | | | |
| CGT Guidelines: | | | | | | | |
| Other Benefits: | ☐ STD   ☐ WC   ☐ SSDI   ☐ SSR   ☐ Pension   ☐ Other | | | | | | |

## Comments/ Review outcome/Rationale/Plan:

## Claim Direction Staffing Form

Please complete the sections that are applicable for the staffing purpose

5/25/07

(DISCIPLINARY)

AMD ✓    S/P CS /DAS = SURGERY → TGICLOSSES Ply

NCM    ALL MD! → ONLY PCP NOW STATES
(ALONG ċ DR BLUM) THAT HER ROM
VRC    AND PATN C/O= SUPPORT AN IN-
DISKLITY FER NO WORK. SHS HAS COW

**Future Claim Direction:** HUNT SURGERY IN 1957 (NOW STNW)
F/U Medical ___          SSDI ___
VOC Rehab ___          W/C
SIU [EVALUATING MUSCLE] Other TL From DR BLUM

AND PCP DO NOT SUPPORT R/L! A/O.
*Parties in Attendance* MRI ROTOM → NO HNP's.)

Please list printed staffing participant names with signatures:

1.
2.
3.
4.
5.

Date: 5/25/07



## ROBERT S. BLUM, M.D.
### INCORPORATED
## NEUROLOGICAL SURGERY

PITTSBURGH

APR 11 2007

GROUP LIFE & DISABILITY
BENEFITS OFFICE

Medical Legal Evaluations
Qualified Medical Examiner
Agreed Medical Examiner
Consultations
Workers' Compensation
Personal Injury

1416 Tennessee Street
Vallejo CA 94590-4647
Phone (707) 552-6633
Fax (707) 552-0702
boblum1@ix.netcom.com
http://agreedmedicalexaminer.net/

Tuesday, February 20, 2007

Melissa Buys, Appeals Claim Manager
Cigna, Routing P-250
P.O. Box 22325
Pittsburgh PA 15222-0325
800 238 2125 x 3139
412 402 3542

Re:

Gheri Gallagher-LTD
Employer: Kimberly Services
Carrier: CIGNA

Claim #: LK-6617
WCAB#: Unassigned
SS#: 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

Dear Ms Buys:

Re: Gheri Gallagher, Policy Number: LK 6617, Policy Holder: Kimberly Service, Inc., Underwriting Company: Life Insurance Company of North America

Your letter of November 15, 2006 to Ms. Gallagher asks for supportive clinical evidence, such as MRIs, x-rays and positive test findings, recent days of treatment, treatment records / current and future treatment plans, current medication, dosages and responds.

● Robert S. ●m, M.D.

*Page 2*

Consider this letter as an addendum to my prior report of August 23, 2006, which will not be repeated here.

I interviewed and examined her and reviewed her records in my office on 2 19 2007 so that I could prepare this report.

Her current medication: OxyContin 80 mg, extended release, twice daily, OxyCondone 15 mg for breakthrough pain up to 4/day, Darvocet 100 mg bid for breakthrough pain, Diazepam 10 mg qid, Ambien 20 mg qhs, antihypertensive medication and hormonal replacement. Previously she has been on Buspar, Lexapro, Effexor. These medications are being adjusted because she has had some undesirable side effects associated with them.

Copies of Questionnaires regarding activities of daily living and quantification of pain (from the AMA Guides, 5th edition) are appended.

### EXAMINATION

#### Appearance

Patient did not appear to be in distress.

#### Crutches, Braces, Canes, Splints, Devices

In the office the patient used no crutches, braces, canes, splints or other medical devices, save for a right elbow splint.

#### BLOOD PRESSURE & PULSE

| | |
|---|---|
| Systolic | 144 |
| Diastolic | 106 |
| Pulse | 57 |

#### HEIGHT & WEIGHT

| | |
|---|---|
| Height | 5'6" |
| Weight | 138 |

#### DOMINANT EXTREMITY

Right

#### GRIP TESTING WITH JAMAR DYNOMOMETER (POUNDS)

| ARM | FIRST | SECOND | THIRD | AVERAGE |
|---|---|---|---|---|
| LEFT | 28 | 10 | 9 | |
| RIGHT | 20 | 6 | 7 | |

COMMENT:     In my opinion, these readings demonstrate right weakness of grip.

### DETERMINING APPROPRIATE ASSESSMENT METHOD

LINA 0091

*Page 3*                                                      *Robert S. ⬤m, M.D.*

DRE method is the principal methodology used to evaluate an individual who has had a distinct injury. The DRE method is also used for corticospinal tract involvement.

ROM method is used when an impairment is not caused by an injury or the cause of the condition is uncertain, in multilevel involvement, with recurrent radiculopathy caused by a recurrent disc herniation or a recurrent injury.

Table 15 – 7: rating WPI as part of ROM.

I fractures

II discs

III Spondylo listhesis, not operated

IV stenosis, Spondylo listhesis, operated

See measurements and calculations below

### UPPER EXTREMITY & NECK EXAMINATION

Cervical spine examination

Is the posture normal? - yes

Is there muscle tenderness on palpation? - no

Does cervical compression cause pain? - no

Does foraminal compression (Spurling's test) elicit pain? – yes

Measurements were performed using Acumar dual inclinometers according to the method described in the AMA guides fifth edition

| Motion/Observation | Actual | Expected | Table | WPI |
|---|---|---|---|---|
| Flexion | 22, 28, 28 | 50 | 15-12 | 3 |
| Extension | 10, 14, 13 | 60 | 15-12 | 5 |
| Right lateral flexion | 13, 13, 12 | 45 | 15-13 | 2 |
| Left lateral flexion | 15, 17, 15 | 45 | 15-13 | 2 |
| Right rotation | 20, 22, 24 | 80 | 15-14 | 4 |
| Left rotation | 24, 30, 24 | 80 | 15-14 | 3 |
| Total ROM | | | | 19% WPI |

DRE Cervical Category II, 8% WPI including an add-on of 3% for pain requiring continuous narcotics (OxyContin and OxyCondin).

Per table 15-7: II: cervical disc: C – 6% WPI

Add 19% + 6% = 25% WPI

| | | |
|---|---|---|
| Meningeal irritation | 0 | 0 |
| Scars | 0 | 0 |
| Redness | 0 | 0 |
| Tenderness | 0 | 0 |

Page 4                                          Robert S. ██n, M.D.

| | | |
|---|---|---|
| Swelling | 0 | 0 |
| Spasm | 0 | 0 |
| Cervical compression | 0 | 0 |
| Supraclavicular Tenderness | 0 | 0 |

There was restriction of range of motion of the cervical spine, as noted.

### Shoulder examination

| Motion/Observation | Left | Right | Expected |
|---|---|---|---|
| Extension | 20 | 20 | 30 |
| Abduction | 150 | 170 | 170 |
| Flexion | 150 | 170 | 170 |
| External rotation | 60 | 80 | 80 |
| Internal rotation | 50 | 60 | 60 |
| Atrophy | 0 | 0 | 0 |
| Asymmetry | 0 | 0 | 0 |
| Swelling | 0 | 0 | 0 |
| Bruising | 0 | 0 | 0 |
| Tenderness | 0 | 0 | 0 |
| Redness | 0 | 0 | 0 |
| Crepitus with motion | 0 | 0 | 0 |
| AC tenderness | 0 | 0 | 0 |
| Biceps tenderness | 0 | 0 | 0 |
| Humerus tenderness | 0 | 0 | 0 |

There were limitations of motion observed.

### Clavicles – Thoracic Outlet Syndrome

The clavicles were inspected and palpated. They were not tender nor was there any tenderness nor swelling of the supra or infra clavicular areas. There was no paleness on elevation of the arms and hands. There was no weakness of the abductors and adductors of the fourth and fifth fingers. There was no venous distension of the hands.

### Elbow examination

| Motion | Left | Right | Expected |
|---|---|---|---|
| Extension | 180 | 180 | 180 |
| Flexion | 135 | 135 | 135 |
| Swelling | 0 | 0 | 0 |

LINA 0093

*Page 5*                                                      *Robert S.        m, M.D.*

| | | | |
|---|---|---|---|
| Asymmetry | 0 | 0 | 0 |
| Tenderness | 0 | 0 | 0 |

There were significant abnormalities detected on examination of the elbows. She was wearing a splint on her right elbow because of epicondylitis diagnosed elsewhere. She has tenderness on palpation of the right lateral epicondyle.

### Forearm examination

| Motion | Left | Right | Expected |
|---|---|---|---|
| Pronation | 75 | 75 | 75 |
| Supination | 85 | 85 | 85 |

Forceful pronation and supination of the forearms against resistance did elicit complaints of pain. She has epicondylitis.

### Wrist examination

| Motion | Left | Right | Expected |
|---|---|---|---|
| Dorsiflexion | 65 | 65 | 65 |
| Volar flexion | 70 | 70 | 70 |
| Ulnar deviation | 40 | 40 | 40 |
| Radial deviation | 20 | 20 | 20 |

Motion of the wrists was full and painless. Prolonged dorsiflexion and volar flexion did not elicit any complaints of pain. The wrists were palpated and percussed and no pain was elicited by these maneuvers. Nor was there any evidence of swelling of the wrists or discoloration or scars.

### Thumb motions

| Motion | Left | Right | Expected |
|---|---|---|---|
| Abduction | 60 | 60 | 60 |
| Adduction (misses 5th mc) | 0 | 0 | 0 |

### Hand range of motion

| Finger | Motion | Proximal | | Middle | | Distal | |
|---|---|---|---|---|---|---|---|
| | | Left | Right | Left | Right | Left | Right |
| Thumb | Extension | 175 | 175 | 0 | 0 | 200 | 200 |
| | Flexion | 50 | 50 | 0 | 0 | 75 | 75 |
| Index | Extension | 180 | 180 | 180 | 180 | 180 | 180 |
| | Flexion | 85 | 85 | 100 | 100 | 70 | 70 |
| Middle | Extension | 180 | 180 | 180 | 180 | 180 | 180 |
| | Flexion | 90 | 90 | 100 | 100 | 70 | 70 |
| Ring | Extension | 180 | 180 | 180 | 180 | 180 | 180 |
| | Flexion | 90 | 90 | 100 | 100 | 70 | 70 |

LINA 0094

*Page 6*                    ●                    *Robert S. ● m, M.D.*

| Little | Extension | 180 | 180 | 180 | 180 | 180 | 180 |
|--------|-----------|-----|-----|-----|-----|-----|-----|
|        | Flexion   | 90  | 90  | 100 | 100 | 70  | 70  |

Finger dexterity was tested and was normal as were all motions of the elbows, wrists, forearms, hands and fingers. Nor were there any visible deformities or abnormalities of these parts.

Neurological examination showed no sensory abnormalities, normal deep tendon reflexes in the upper extremities: normal biceps, triceps, radial periosteal reflexes. Sensation was tested in the forearms, hands and fingers, and no areas of hypalgesia were detected.

Radial pulses were normal and full. Normal color and temperature hands and fingers.

The ulnar nerves were palpated at the bicipital grooves, and no abnormalities were detected by this maneuver. There is no evidence of cubital tunnel syndrome.

Finkelstein's test was negative bilaterally.

Tinel's and Phalen's signs were tested bilaterally and no abnormalities were detected. There is no evidence of carpal tunnel syndrome.

Atrophy – no evidence of atrophy of arms, forearms, hands, fingers.

The abnormalities include limited motion of the cervical spine and of the shoulders and evidence of right lateral epicondylitis. In addition she is taking large quantities of narcotics which would affect her judgment and cognition and performance. All of these objective neurological abnormalities relate well with the marked structural abnormalities visualized on the MRI of the cervical spine consisting of significant cervical spinal stenosis at several levels and a significant foraminal stenosis, bilateral, at several levels

Films

An MRI of the cervical spine was performed on 12/21/2006 at Marin General Hospital radiology department which shows narrowing at C 3/4, central canal stenosis at C4/5 with flattening of the anterior cervical cord and moderate right and moderate severe left foraminal narrowing, and at 5/6 central canal stenosis with flattening of the anterior cervical cord and severe bilateral foraminal narrowing, and C6/7 central canal stenosis with effacement of the anterior subarachnoid space and severe bilateral foraminal narrowing, at C7/T1 there is slight narrowing of the neural foraminae bilaterally. The radiologist concludes that there is multilevel degenerative change of the cervical spine with central canal and foraminal stenosis most marked at C4/5 through C6/7.

An incidental brain scan was visualized as well which shows no significant abnormalities save for some changes consistent with age. There is no evidence of any space occupying lesion.

Activities of daily living

She completed a questionnaire regarding activities of daily living which is appended and which shows significant abnormalities in various areas to a moderate to severe extent.

*Robert S. ●m, M.D.*

*Page 7*

Pain questionnaire

She completed a pain questionnaire which is appended which is table 18-4 taken from the AMA guides, fifth edition which shows severe abnormalities regarding her experience of pain and the effect of pain on her abilities to function.

Conclusion

Her complaints on the pain questionnaire, her restriction of activities of daily living, are substantiated by the marked abnormalities noted on the cervical MRI (see report above) and the marked abnormalities noted on examination (see above - consisting principally of severely restricted range of motion of the cervical spine) which caused a significant whole person impairment (see calculations above).

My prior report contains details of her complaints and how they affect her ability to function and how they would interfere with any type of work employment.

I would be happy to respond to any further specific questions that you might have concerning her condition or to perform any further examinations that you might require. Should there be any question regarding her abilities, a functional capacity assessment could be performed in order to substantiate her limitations, and upon request, I would be happy to arrange for such an examination to be performed.

Please address any additional questions to me.

Very truly,

Robert S. Blum, M.D.

April 4, 2007

RE:Gheri Gallagher, claimant
   #LK6617, Kimberly Service, Inc., Life Insurance Co. of North America

To Melissa Buys,and CIGNA LTD Appeals Board;

        This letter , along  with the enclosed documents are in response to
your deniel of my appeal re: the discontinuence of my long standing monthly
LTD benefit.
        You stated your decsision was based on the following:
1. Lack of recent diagnostic studies supporting my primary diagnoses of
Multi-level Degenerative Disc Disease, Chronic Pain Syndrome, Failed
Back Syndrome, Occipital Nerve Compression,  and constant debilitating
headaches.
2.Lack of records documenting my depression an on-going treatment plan.
3. My current medications, and their responses.


        Issues #1 and#2 above are clearly addressed and documented in the
professional interpretation of enclosed progress notes, recent diagnostic
studies, including a MRI and a comprehensive psychiatric evaluation
performed 12-14-06, by Dr. Michael Zizmor.
        With regard to issue #3;
        The medications I take to control some of the symptoms of my multiple
problems include a combination of strong narcotics, muscle relaxants,
sleeping aids, and an anti-depressant all have very significant side effects.
These medications are:  1. Oxycontin ER 80mg q12hrs 2.Oxycondone HCL
15mg q6hr 3. Darvocet 100mg q12hr 4. Diazapam 10mgq6hr 5. Ambien
10mg q noc prn 6. Lisinopril 10mg 1qd 7. Previcid 30mg 1qd 8.Effexor XR

75mg 1qd 9.Hormonal Replacement Therapy meds.

        The side effects of these much needed medications are many, including
extreme lethargy& tiredness, requiring me to lie down in bed several times a
day for 2-4 hours at a time. I do two ½ hour sessions of cervical traction,
which I must do daily during these times. The anti-depressant leaves me
feeling robotic with very little motivation. I have a short attention span an
have  a great deal of difficulty concentrating, and reading. These constitute
the cognitive deficits referred in several of the medical reports in both the

first appeal,and in this, my second, in its entirety.

My condition has worsened over the years,as the disease is by name and nature DEGENERATIVE.

As you can ascertain by reviewing the psychiatric and medical reports contained in both my appeals,I remain disabled an unable to work at any occupation. IN January , 2006, Dr.R.Seet MISTAKEDLY indicated on a"Physical Abilities Assessment" form that I could perform sedentary part time work. He has since retracted that statement in multiple letters and progress notes, so the discontinuation of my benefits was a huge mistake, from the beginning for which I am suffering greatly; emotionally, physically and psychologically, not to mention the inordinate financial strain that has been almost unbearable, and has placed me in serious financial debt.

Your decision to suddenly stop my sole source of support was unconscionable, and your deniel of my first appeal in spite of Dr. Seets' retraction,seem to be in bad faith and unlawful. I have, reported this case to the California Department of Insurance,and they have assured me that they are investigating

I have been receiving LTD benefits for over 16 years, 14 of which were covered under the section of my policy that addresses working at ANY job. Your payment of said benefits all those years,based on my primary diagnosis of degenerative disc disease implies complience with the terms and conditions of the policy, for which I paid the entire premiem,not my employer,Kimberly Services Inc.. I have not miraculously healed over the past 14 years, quite the contrary. Not only has my primary diagnosis worsened, other injuries and surgeries have further debilitated me,making me unable to perform all the essential duties of any occupation, based on my education, training, and experience. Drug testing alone would exclude me from any job. The medical AND psychiatric doctors concur that I am permanently disabled and will remain so for the rest of my life.

I am once again appealing you to do what is right and lawful,as I would like to be spared the stress of ERISA litigation,but would not hesitate to persue that option, if needed. To avoid further hardship, pain and suffering,please reinstate,my LTD benefits, including retroactive monies due,immediately!    SincerelySuffering, Gheri Gallagher

PROGRESS NOTES

CHART #

PG#

NAME
DATE-TIME
WT/BSA
CPT CODE   GALLAGHER, GHERI          ALLERGIES   1 / 3 / 07

WEIGHT:   141

BLOOD PRESSURE:   111 / 71

SUBJECTIVE COMPLAINTS: 

OBJECTIVE FINDINGS: 

ASSESSMENT: 

PLAN:





**Ray P. Seet, M.D.** 

An Association including a Professional Corporation and Medical Clinic
372 Bel Marin Keys Blvd., Novato, CA 94949, (415) 883-CARE

Gallagher Cheri                4/3/07

wt 142  BP 115/67  p57

S ① Neck pain + stiff
  C HTA weight → Neck →
    ② hetirichulea
  ③ Depress
  ④ M lat elbow pr.

O PCST Neck stiff . PROM ↓ ROM ↓
  Grip stro UE — ↓↓  Grip strength ↓↓
  cul pin  u →M ⓔ
  locally ted  RL Ext epicd/i

A OP multiful Dans
  RUL MIO HTA — vars + pain
  Bil CX nodules 2° to ①
  RL Ext epicphl
  depress                    * Continues to
                               be totally
P- renew meds               permanently
  cont to be totally , renew  disable
  derailed

                    LINA 0106

**Melissa Buys**
Appeals Claim Manager



**CIGNA Group Insurance**
Life · Accident · Disability

November 15, 2006

Routing 250
PO Box 22325
Pittsburgh, PA 15222
Telephone 1.800.238.2125
extension 3451
Facsimile 412.402.3222

Gheri Gallagher
107 Rocca Drive
Fairfax, CA 94430

RE:    Claimant's Name:          Gheri Gallagher
       Policy Number:            LK 6617
       Policy Holder:            Kimberly Service, Inc.
       Underwriting Company:     Life Insurance Company of North America

Dear Ms. Gallagher:

This is in reference to your request received in our office appealing the denial of your Long
Term Disability claim, which was submitted under the terms of Kimberly Service's Long Term
Disability plan. We have completed our review and must uphold our prior decision to deny
your claim.

According to the information we received from your employer, you were employed by
Kimberly Services as a Registered Nurse. Long Term Disability benefits were paid from
December 5, 1989 through May 31, 2006. As of June 1, 2006 your claim was closed; the
determination was that the medical information on file did not support the definition of
Disability as defined by your policy.

Your policy states the following:

Definition of Disability

*"An Employee is considered Totally Disabled, if because of Injury or Sickness, he is unable to perform
all the essential duties of his occupation.*

*After Monthly Benefits have been payable for 24 months, an Employee will be considered Totally
Disabled only if, because of Injury or Sickness, he is unable to perform all the essential duties of any
occupation he is or may reasonably become qualified based on his education, training or experience."*

LINA 0122

"CIGNA" and "CIGNA Group Insurance" are registered service marks and refer to various operating subsidiaries of CIGNA Corporation. Products and services are
provided by operating subsidiaries and contracted companies and not by CIGNA Corporation. Operating subsidiaries include Life Insurance Company of North
America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company.

Gheri Gallagher
November 15, 2006
Page 2

Your complete file, including any additional information you submitted, was reviewed in its
entirety without deference to prior reviews. Additional information we received consisted of
the following:

- Disability Questionnaire dated July 19, 2005
- Attending Physician's Statement completed by Dr. Seet on July 19, 2005
- Copy of the form signed by Dr. Seet on March 22, 2006
- Letters from Dr. Seet dated June 13, 206 and September 22, 2006
- Letters from Dr. Fu dated July 6, 2006
- Letter from Dr. Stein dated July 31, 2006
- Second opinion from Dr. Blum dated August 26, 2006
- Letter from you dated September 15, 2006

To ensure accurate interpretation of the medical information on file, your file was reviewed by
a Medial Director.

Upon review of your medical records, our Medical Director opined that you have been
diagnosed with the following diagnosis: Degenerative Disc Disease of your lumbar spine,
Chronic Pain Syndrome, occipital nerve compression and left retinal detachment status post
sclera buckle on October 26, 2005.

As you are aware, we received a completed Physical Ability Assessment form completed by Dr.
Seet dated January 10, 2006. On February 7, 2006 a Transferable Skills Analysis was performed
using the restrictions that Dr. Seet provided on the Physical Ability Assessment form, your self
reported education and work history. Seven Occupations were identified. These occupations
were sent to Dr. Seet via fax for review; on March 22, 2006 we received a fax response from Dr.
Seet indicating that he agreed you were capable of performing a sedentary occupation.

We have since received a letter from Dr. Seet dated June 13, 2006 indicating that you are
disabled due to your complaints of pain and problems with your vision.

According to the July 6, 2006 letter from Dr. Fu, you do not have any restrictions pertaining to
your visual symptomatology. He notes that you have other medical issues that do not pertain
to his field of expertise. We also received a letter from Dr. Stein dated July 31, 2006 whereas
he noted that the final outcome of your vision in your left eye is open to question, however,
you currently did not qualify for a visual disability in his opinion.

We also received a report from Dr. Blum dated August 23, 2006. In this report Dr. Blum
indicates that you are unable to perform the sedentary occupations that were identified due to
your physical problems involving your spine, your vision problems, depression and cognitive
problems. There was no documentation that Dr. Blum performed an examination on this date
and we have not received any office notes from Dr. Blum noting any positive examination
findings.

Gheri Gallagher
November 15, 2006
Page 3

After review of your file, the Medical Director failed to find significant findings to support the limitations that would preclude you from performing a sedentary occupation. Dr. Seet indicated that you are unable to work due to complaints of pain and vision problems. However, Dr. Fu and Dr. Stein indicated that you no visual disability. Dr. Blum indicated that you are unable to work due to your back pain, however, there is no documented physical examination performed by Dr. Blum, nor do we have any recent diagnostic tests, such as MRI's or x-rays, on file. Dr. Blum also indicated that you have depression and cognitive impairments, however, we have not received any documentation of a Neuropsychological Examination of Mental Status Examination to document the severity of your deficits. In addition, there have been no records submitted indicating that you are treating for your depression.

Please understand that we are not stating that your complaints of pain do not exist, however, typically in the absence of clinical findings, the complaint of pain would not preclude one from performing a sedentary activity. Therefore, we must uphold our prior decision to deny your claim

You may request a review of this decision by writing to the Life Insurance Company of North America representative signing this letter at the address noted on the letterhead. The written request for review must be sent within 180 days of the receipt of this letter. In addition to any written comments, your request for review must include new documentation you wish us to consider.

The documentation includes, but is not limited to:
- Supportive clinical evidence, such as MRI's, x-rays or positive test findings. In the absence of such reports, we will assume that these revealed normal findings and unimpaired function.
- Last several dates of treatment, treatment records/current and future treatment plans
- Current medication, dosages and response

Under normal circumstances, you will be notified of a decision on your appeal within 45 days of the date your request for review is received. If there are special circumstances requiring delay, you will be notified of the reason for delay within 30 days of receipt of your request, and every 30 days thereafter. A final decision will be made no later than 90 days.

Please note that you have a right to bring legal action regarding your claim under the ERISA section 502(a). You and your plan may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local United States Department of Labor Office or your State Insurance Regulatory Agency.

Nothing contained in this letter should be construed as a waiver of any rights or defenses under the policy. This determination has been made in good faith and without prejudice under the terms and conditions of the contract, whether or not specifically mentioned herein.

Gheri Gallagher
November 15, 2006
Page 4

Please review your insurance booklet, certificate or coverage information available from your employer to determine if you are eligible for additional benefits. Upon written request, you may receive a copy of your claim file, free of charge.

Please contact our office at 1.800.238.2125 extension 3451 if you should have any questions.

Sincerely,

Melissa Buys
Appeals Claim Manager

LINA 0125

# Claim Direction Staffing Form

### Please complete the sections that are applicable for the staffing purpose

## *Claim Information:*

| | | | |
|---|---|---|---|
| Staffing Date | | Case Manager | Melissa Buys |
| Name | Gheri Gallagher | SSN | 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 |
| DOB/Age | 05/14/1948- 58 y/o | Phone # | |
| Employer | Kimberly Services | Occupation | RN- medium |
| Disability Date | 10/06/1989 | | |
| | | | |
| LTD or ADL Date | 12/05/1991 Pd thru- 05/31/2006 | Check received date | |
| Prior Claims | | MHMR date | |
| Diagnosis/ICD9 code | Chronic Pain Syndrome, Failed Back syndrome, DDD- lumbar spine, occipital nerve compression, depression, and left retinal detachment s/p scleral buckle on 10/26/05. | | |
| Status | II ____ Ongoing ____ A/O ____ Appeal __x__ Pre-Ex ____ | | |

Specific staffing questions that need to be addressed :

Dr. Seet- family practice-
01/10/2006 – PAA from Dr. Seet.

TSA performed using the PAA and sedentary occupations found.

03/22/2006- Dr. Seet signed off on a med request indicating cx is capable of performing sedentary occupations.

06/13/2006- letter from Dr. Seet indicating that the cx is disabled and cx is legally blind in her left eye.

09/22/2006- letter from Dr. Seet indicating that cx is unable to perform sedentary occupations.

Dr. Fu- eye surgeon-
07/06/06- letter indicating that the cx does not have any visual r/l's, however, there are other med conditions for which she needs her insurance for.

Dr. Stein- eye surgeon
07/31/06- letter indicating that the cx does not qualify for a visual disability.

Dr. Blum- neuro-
8/23/06- letter indicating that the cx is unable to rtw due to her physical problems involving her cervical and lumbar spine as well as her vision problems and depression.

# Claim Direction Staffing Form

**Please complete the sections that are applicable for the staffing purpose**

---

## Vocational / Occupational History:

| Occupational requirements (DOT MUST BE ON FILE & TABBED) | |
|---|---|
| ☐ Sedentary  ☐ Light  ☐ Medium  ☐ Heavy  ☐ Very Heavy | |
| Policy definition of disability please check: Own Occ___ Any Occ____ , Other:_____ | DOT on file: ___ |
| Training/Education/Experience | Dominant hand: | VRC assigned: ____Yes ____ No |

## Medical / Offsets:

| Treating Physicians (name, specialty, initial & LOV, frequency): | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | ☐ STD  ☐ WC  ☐ SSDI  ☐ SSR  ☐ Pension  ☐ Other | | | | | |

## Comments/ Review outcome/Rationale/Plan:

MD ___ NCM___ VRC___ MEDICAL RECORD REVIEW FAILS
TO REVEAL SIGNIFICANT DOCUMENTED CLINICAL
FINDINGS TO SUPPORT THE IMPOSED RESTRICTIONS,
THE A.P.'S ON'S ARE RAMPANT WITH SUBJECTIVE
COMPLAINTS OF THE CX WITH AN ABSENCE OR
PAUCITY OF POSITIVE PHYSICAL FINDINGS.
ALSO THE CX'S SELF-REPORTED DAILY

2

LINA 0134