ACTIVITIES INDICATE A FUNCTIONALITY
THAT NEGATES A STATUS OF NO WORK.
SHE CX DRIVES, COOKS, SHOPS, GARDENS
AND WALKS. 1/4 MILE 3-4 TIMES/WK.

LINA 0135



# Claim Direction Staffing Form

**Please complete the sections that are applicable for the staffing purpose**

Future Claim Direction:

F/U Medical _____          SSDI _____
VOC Rehab _____          W/C _____
SIU        _____          Other _____

## *Parties in Attendance:*

Please list printed staffing participant names with signatures:

1. _R. NORTON HOXIE, MD._
2.
3.
4.
5.

Date: _11/7/06_



# ROBERT S. BLUM, M.D.
### INCORPORATED
## NEUROLOGICAL SURGERY

*att / , , V*
*# 7*

Medical Legal Evaluations
Qualified Medical Examiner
Agreed Medical Examiner
Consultations
Workers' Compensation
Personal Injury

1416 Tennessee Street
Vallejo CA 94590-4647
Phone (707) 552-6633
Fax (707) 552-0702
boblum1@ix.netcom.com
http://agreedmedicalexaminer.net/

Wednesday, August 23, 2006

Lorraine Adell Harris, Claim Manager
Cigna, Routing P-250
P.O. Box 22325
Pittsburgh PA 15222-0325
800 238 2125 x 3139
412 402 3542

Re:

Gheri Gallagher-LTD
Employer: Kimberly Services, Inc
Carrier: CIGNA

Claim#: LK-6617
WCAB#: Unassigned
SS#: 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
Life Insurance Company of North America

Dear Ms. Harris:

### INDEPENDENT MEDICAL EXAMINATION REGARDING LONG TERM DISABILITY

LINA 0169

*Page 2*                                    *Robert S. Blum, M.D.*

The purpose of this letter is to provide an independent medical evaluation of Ms. Gallagher in connection with her appeal regarding your denial of continuing long-term disability benefits in her case.

In order to prepare this letter I relied upon an interview and examination of Miss Gallagher performed in my Vallejo office on Wednesday, August 23, 2006, medical records concerning her condition and related to my treatment of her condition since 1979, additional medical records of physicians who have treated her recently including Dr. Seet, Dr. Fu, Dr. Stein.

### DEFINITION OF DISABILITY

Your letter indicates that an employee will be considered totally disabled if because of injury or sickness she is unable to perform all the essential duties of her occupation. After monthly benefits have been payable for 24 months, an employee will be considered totally disabled only if, because of injury or sickness, she is unable to perform all the essential duties of any occupation she is or may reasonably become qualified based upon her education, training, or experience.

### PRESENT STATUS

Ms. Gallagher is 58 years old, right-handed, and has been a nurse since 1969. She was injured at work, October 1985, when, while working as a nurse at San Quentin prison/hospital, she was assaulted by an inmate which resulted in neck pain due to multiple disc herniations.

After partially recovering from this injury and between 1985 and 1989 she was employed by Kimberly services, Inc. as a nursing director for a home health agency. Her last day of work was 1989 when she stopped because of pain in the neck and pain radiating down the right arm and headaches which made it impossible for her to continue performing her duties.

She also suffers from a number of other medical conditions.

### OTHER CONDITIONS

She has chronic neck pain and radiculopathy and headaches due to severe cervical spondylosis, multilevel degenerative disc disease, proven by multiple MRI studies which have shown multiple disc herniations; occipital nerve compression, leading to headaches which are severe and which occur constantly and are aggravated by turning her head, lifting more than 5 pounds, sitting at a computer for more than 15 minutes, and by stress.

LINA 0170

*Page 3*                                        *Robert S. Blum, M.D.*

She also has chronic low back pain and has a history of having undergone two lumbar spine surgeries. Her back pain, limits her from lifting more than 10 pounds, from bending, from stooping, from walking more than 30 minutes, from sitting more than 30 minutes without an opportunity to change position.

Visual disturbances including recent multiple eye surgeries for treatment of a detached retina and various complications associated with that condition which have left her with no depth perception and being legally blind in the left eye. As result of this condition she falls frequently and would be a danger to herself or others in any work situation because of her inability to gauge her position in space and consequent difficulty working in an office or in any confined space or around equipment. She is likely to miss step or fall as she walks because of her inability to determine exactly where she is and where she is going. She falls from curbs, she falls going up steps, she twisted her ankle last week, because she fell off a step, and also has difficulty walking on uneven surfaces and sidewalks and where rugs or floor surfaces may be uneven.

She is depressed and even though she has taken antidepressant medication in the past, is unable to continue taking it because of various reactions to it. Her depression, makes her listless and unable to concentrate and unable to focus or to carry out multiple consecutive tasks or perform various sequential activities appropriately or to attend to and concentrate on performing complex activities.

She has also been prescribed narcotic medication for her pain. The narcotics interfere with her concentration and alertness. Working in an office or working in any situation where alertness and attention to detail and concentration are necessary such as the various occupations mentioned on page 3 of your letter of 6/6/2006 to Ms. Gallagher, in the section labeled "transferable skills analysis", would not be possible.

A claims examiner must be able to read and comprehend complex reports and integrate them into a detailed analysis of a claimant and make a decision based upon review of multiple records. This decision would have to hold up under appeal or under cross examination.

Her chronic pain, dependence upon narcotics, inability to see well enough to get around the office to access files or speak to other persons in the office or use office equipment and machines, her chronic back pain which would limit the amount of time that she can sit and stand to no more than 15-30 minutes at a time, her depression which leads her to cry at unexpected times and which takes her attention away from any

LINA 0171

Robert S. ●lum, M.D.

task at hand - all these conditions would make it virtually impossible for her to function in any responsible capacity requiring sustained attention, and judgment.

A coordinator of volunteer services must be able to maintain and access and understand files, deal with schedules, make multiple phone calls, interact with volunteers and the public.

Her chronic pain, dependence upon narcotics, inability to see well enough to get around the office to access files or speak to other persons in the office or use office equipment and machines, her chronic back pain which would limit the amount of time that she can sit and stand to no more than 15-30 minutes at a time, her depression which leads her to cry at unexpected times and which takes her attention away from any task at hand - all these conditions would make it virtually impossible for her to function in any responsible capacity requiring sustained attention, and judgment.

A director of nursing services must be aware of nursing needs and nursing resources and coordinate the two using a computer, files, phones. Executive decisions have to be made and conflicts resolved on an hourly basis. The job requires attention and persistence to detail and in addition, greater computer skills than she possesses. She last worked as director of nursing services in 1989 which in a sense represents a prehistoric age at the dawn of cell phones and computers and instant messaging. The world has moved on since then.

Her chronic pain, dependence upon narcotics, inability to see well enough to get around the office to access files or speak to other persons in the office or use office equipment and machines, her chronic back pain which would limit the amount of time that she can sit and stand to no more than 15-30 minutes at a time, her depression which leads her to cry at unexpected times and which takes her attention away from any task at hand - all these conditions would make it virtually impossible for her to function in any responsible capacity requiring sustained attention, and judgment.

An eligibility worker must be familiar with the work experience of various clients and also be familiar with the law, which is constantly changing. Her visual and psychological and pain conditions would all make it impossible for her to keep up with the challenges of this job and function at more than a small percent of the efficiency of sister eligibility workers. Her chronic pain, dependence upon narcotics, inability to see well enough to get around the office to access files or speak to other persons in the office or use office equipment and machines, her chronic

*Robert* ● *Blum*, M.D.

back pain which would limit the amount of time that she can sit and stand to no more than 15-30 minutes at a time, her depression which leads her to cry at unexpected times and which takes her attention away from any task at hand - all these conditions would make it virtually impossible for her to function in any responsible capacity requiring sustained attention, and judgment.

A <u>hospital admitting clerk</u> must be scrupulous in recording all information. Any errors may result in serious injury to patients. Any errors in recording information would also result in financial damage to the institution employing her because of the forms are not filled out correctly, the institution will not get paid. Persons being admitted to hospital also require attention and compassion. She has a very limited attention span because of her pain and her headaches and her depression and while she is ordinarily compassionate, her medication would affect her ability to respond appropriately in all situations.

Her chronic pain, dependence upon narcotics, inability to see well enough to get around the office to access files or speak to other persons in the office or use office equipment and machines, her chronic back pain which would limit the amount of time that she can sit and stand to no more than 15-30 minutes at a time, her depression which leads her to cry at unexpected times and which takes her attention away from any task at hand - all these conditions would make it virtually impossible for her to function in any responsible capacity requiring sustained attention, and judgment.

A <u>service clerk</u> must also deal with computers and paper and files and keep track of things properly. She would probably be fired within a day of being hired because of her inability to function fully in this capacity.

Her chronic pain, dependence upon narcotics, inability to see well enough to get around the office to access files or speak to other persons in the office or use office equipment and machines, her chronic back pain which would limit the amount of time that she can sit and stand to no more than 15-30 minutes at a time, her depression which leads her to cry at unexpected times and which takes her attention away from any task at hand - all these conditions would make it virtually impossible for her to function in any responsible capacity requiring sustained attention, and judgment.

A <u>director of community health nursing</u> requires extraordinary ability to function in the community and to be aware of and coordinate a multitude of health resources and personnel. Her inability even to take

LINA 0173

Page 6                                    Robert S. Blum, M.D.

care of herself, let alone to take care of many others, would preclude this type of employment.

Her chronic pain, dependence upon narcotics, inability to see well enough to get around the office to access files or speak to other persons in the office or use office equipment and machines, her chronic back pain which would limit the amount of time that she can sit and stand to no more than 15-30 minutes at a time, her depression which leads her to cry at unexpected times and which takes her attention away from any task at hand - all these conditions would make it virtually impossible for her to function in any responsible capacity requiring sustained attention, and judgment.

## COMPLAINTS

As you are aware, she complains of constant pain, headaches, the need to use cervical traction several times a day in order partially to control her neck pain. Was she is able to perform activities of daily living and take care of personal care needs, she is unable to do more than that. She does these activities according to her own schedule. Working for an employer and especially working in nursing, requires constant attention and careful performance of all duties. She lacks both the physical and mental and emotional ability to perform these types of chores.

## DOCTORS

Dr. Seet who is familiar with her many medical problems and is her treating physician and has described in narrative form her various problems, used a form which he completed on 1/6/2006 to indicate that her current level of functionality was sedentary work and light work. It should be noted that the form contains nothing less than sedentary work or light work and nowhere allows for any other work activity to be checked off. If he had wished to indicate that her current level of functionality did not allow her to work, there is no way that he could have so indicated on the form that you provided. It would have been more appropriate, in my opinion, to have indicated that while she is able to function, that is to care for herself and do the minimal activities in and outside of her house that are mentioned above, she is not able to work eight hours a day and is not able to function even on a part-time basis for an employer who would pay her money. There is no place on the form to indicate just how many hours she could do sedentary work or just what light work means.

Page 7                                                    Robert S. Blum, M.D.

As to the physical abilities assessment form that Dr. Seet completed on 1/10/2006, if physical ability is an issue then it could be tested with a formal functional capacity evaluation.

Ms. Gallagher tells me that one of Dr. Seet's forms mentions that he is in agreement with other physicians who said that she can perform sedentary duty. But I am unaware of any other doctors who said that she could perform sedentary duty. In fact I've been treating her for about 30 years and am probably more familiar with her condition than is any other physician. My opinion is based upon a global assessment.

With regard to Dr. Fu and Dr. Stein, they are both eye physicians and all of their remarks concern eye function only and disregard her other disabilities. Their letters emphasize the fact that their remarks concern visual function only.

Your letter indicates the doctors Stein and Dr. Fu have released her to return to full-time sedentary work, but of course they are eye physicians only, as their letters and letterheads state, and are unable to comment on anything other than her eye condition.

And as for Dr. Seet releasing her to full-time sedentary work, that seems to have been the only option that he was allowed on the form that you send him and does not, I feel, represent her actual abilities. A transferable skills analysis is a form that he filled out and is not based upon anything other than his estimation. The only way to get reproducible data regarding functional abilities is to perform a functional capacity evaluation.

### SUMMARY

In summary, in my opinion, Ms. Gallagher suffers from a number of well-documented physical disabilities related to her cervical and lumbar spine and limbs, and eyes and in addition is chronically depressed and has been under treatment for her depression. She is also taking medication which would interfere with the performance of any type of gainful employment.

In particular, working as a nursing supervisor or in any nursing field or working in health care requires alertness and attention and sensitivity and concentration. There are enough errors in medical care which have resulted in serious injury to patients that employing a worker with significant impairments as she demonstrates in any nursing job would be detrimental to her employer and to the public. In fact any type of gainful employment requiring sustained attention and even minimal physical effort is beyond her abilities.

LINA 0175

Page 8                                    Robert S. Blum, M.D.

In my opinion Ms. Gallagher is disabled from performing any type of gainful employment according to the definition that you have supplied. She is and has been totally disabled for the past 17 years and, barring miracles, for the rest of her natural life.

Very truly,

Robert S. Blum, M.D.

**Ray P. Seet, M.D.**



An Association including a Professional Corporation and Medical Clinic
372 Bel Marin Keys Blvd., Novato, CA 94949, (415) 883-CARE

*att.l, t#8*

JUNE 13, 2006.

To
Lorraine Adell Harris
PO Box 22325
Pittsburg, PA. 15222-0325

Re:
Gheri Gallagher
DOB 05/14/1948.
Kimberly Services, Policy #LK 6617
Underwriting Company:  Life Insurance company of N. America.

Dear Ms Harris,

    Your decision to terminate disability benefits to Gheri
Gallagher is not medically justified. You based your decision
on isolated ability of her upper arms to pull and push 10 Lbs
and her her ability to perform light sedentary work while ig-
noring her other physical disability and that is that she can
not see with her left eye. 20/200 is legal blindness. She has
no depth perception

    Additionally she has extensive orthopedic/neuro-surgical
conditions of her Cervical, Thorasic and Lumber spines. She is
currently in pain management program in which she has to util-
ize high doses of two narcotics in order to reduce her pain from
an intractible pain of 10/10 to a level of constant 3/10 pain
level. She has constant unrelenting pain 24/7. Just because her
right and left arm could push or pull a ten pound load islated
from all her other disabilities and then use that to deny her
disability benefit is not warranted.

    Please reconsider your decision to terminate her disability.

FAXED

Sincerely,

Ray P  Seet MD

LINA 0177

**Ray P. Seet, M.D.**



Bel Marin
Medical
Center

An Association including a Professional Corporation and Medical Clinic
372 Bel Marin Keys Blvd., Novato, CA 94949, (415) 883-CARE

September 22, 2006

To
LORAINE ADELL HARRIS                          *attachment #9*
Claim Manager,
Signa, Routing P-250
Pittsburg, P.A.   15222-0325
(800)238-7125   ext. 135

Dear Mrs. Harris,

In further review of documents provided to me by the patient,
regarding the manner of your decision making process to deny
benefits to Ms. Gallagher, I am medically certain that Mis.
Miss, Gallagher is unable to undertake jobs related to her
profession/trade, due to her documented diagnosis.

In my most recent communication I also indicated that she is
legally blind on her left eye, which was documented on 10/200
without depth perception.

After reviewing the document of 3/22/06 , I now warrant that
Miss. Gallagher is unable to preform tasks as desribed in
" Transferable Skills Analysis "

Sincerely,
Ray P. Seet, M.D.

LINA 0178

03/27/2006   15:42   415883?      SEET                    PAGE  01
                         235      CIGNA                    PAGE  02/02

CIGNA Group Insurance
Life •Accident • Disability
P.O. BOX 22325
Pittsburgh, PA 15222-0325
Phone: 1-800-238-2125, ext. 3139
Fax: (412) 402-3239

CIGNA and CIGNA Group Insurance  are registered service marks and refer to various operating subsidiaries of CIGNA Corporation. Products and services are provided by these subsidiaries and not by CIGNA Corporation. These subsidiaries include Life Insurance Company of North America and Connecticut General Life Insurance Company.

# Second Request

| | | | |
|---|---|---|---|
| **To:** | Dr. Ray Seet | **From:** | Lorraine Adell Harris |
| **Fax:** | (415) 883-1948 | **Pages:** | 1 |
| **Phone:** | (415) 883-2273 | **Date:** | 02/20/2006 |
| **Re:** | Gheri Gallagher / DOB: 05/14/1948 | **CC:** | |
| | Kimberly Services, Policy #LK 6617 | | |
| | Life Insurance Co. of North America | | |

☒ **Urgent**   ☐ **For Review**   ☐ **Please Comment**   ☒ **Please Reply**   ☐ **Please Recycle**

In an effort to complete our review on the above claim for Long Term Disability benefits, we need the following information from you:

Using the Physical Abilities Assessment form you completed on January 10, 2006, a Transferable Skills Analysis was done that identified several Sedentary occupations that she could perform. Please advise based on the current status of her physical condition(s) by signing below if you are in agreement that he could perform **full-time** Sedentary work and if not, provide a brief narrative explaining what would preclude her from doing so.

PHYSICIAN SIGNATURE: _____

SPECIALTY: _Family Medicine_          DATE: _3/22/06_

I would appreciate it, if this information could be faxed to me by February 27, 2006. If you are unable to do so, please call and advise me of when I can expect to receive this information. Thanking you in advance for your prompt response to this request.



## TRANSFERABLE SKILLS ANALYSIS

**Claimant's Name:** Gheri Gallagher
**Referrer:** Lorraine Adell Harris

**Date:** February 7, 2006
**Policyholder:** Kimberly Services
**Policy #:** LK 6617

**Referrer Request:** Please complete a TSA to determine the claimant's transferable work skills and residual functional capacities, and do those occupations exist at or above wage requirements?

**Documents Reviewed/Resources Used** JD, DQ, DOT, OASYS, PAA dated 1/10/06.

**RC Response:** The following information obtained from the file was utilized in determining what occupations Ms. Gallagher is qualified and able to perform.

**Work Experience:**

| DOT Code | Occupation Title | SVP | Yrs | Str |
|---|---|---|---|---|
| 075.364-010 | Nurse, General Duty | 7 | 1969-1987 | M |
| 075.117-022 | Director, Nursing Service | 8 | 1987-1989 | S |

**Education & Training:** Claimant indicates on her Disability Questionnaire that she completed her Bachelor of Science in Nursing.

**Diagnosis/L&R's:** Chronic Pain Syndrome, Failed Back Syndrome, Degenerative Disc Disease-Lumbar, Occipital Nerve Compression, Depression. Limitations and restrictions are taken from the PAA completed on 1/10/06 by Dr. Seet. Claimant is functioning in the sedentary level of physical demand with frequent sitting, standing and walking. She can use her upper extremities on a continuous basis.

**BME:** $3,120.00

**Wage Requirement:** $1,872.00

**Transferable Skills:** Claimant would have transferability to medical, supervisory and customer service positions as a result of her education and training.

**Occupations the claimant can perform in the labor market of:** San Francisco, CA

| DOT Code | Occupation Title | Industry | SVP | Str | WAGE | SOURCE |
|---|---|---|---|---|---|---|
| 241.267-018 | Claim Examiner | Business Services | 7 | S | $4,277 | OES |
| 187.167-022 | Coordinator, Volunteer Services | Social Services | 7 | S | $4,784 | OES |
| 075.117-022 | Director, Nursing Service | Medical Services | 8 | S | $7,131 | OES |
| 195.267-010 | Eligibility Worker | Government Services | 6 | S | $3,111 | OES |
| 205.362-018 | Hospital-Admitting Clerk | Medical Services | 4 | S | $2,390 | OES |
| 221.367-070 | Service Clerk | Clerical and Kindred | 4 | S | $2,838 | OES |
| 075.117-014 | Director, Community-Health Nursing | Medical Services | 8 | S | $7,131 | OES |

**Summary:**
A Transferable Skills Analysis was completed using the above noted information. Suitable positions were identified that meet Ms. Gallagher's skills, education, work history, and wage replacement requirements. The most appropriate wage source was utilized for occupations using the most up to date source available.

Vince Engel, M.Ed., CRC, LPC
Rehabilitation Specialist

LINA 0224

01/10/2006  03:48  4158831948          SEET                    PAGE  01
01/06/2006  07:39   412    239          CIGNA.                  PAGE  01/03

CIGNA Group Insurance
Life •Accident • Disability
P.O. BOX 22325
Pittsburgh, PA 15222-0325
Phone: 1-800-238-2125, ext. 3139
Fax: (412) 402-3239

CIGNA  and  CIGNA Group Insurance  are registered service marks
and refer to various operating subsidiaries of CIGNA Corporation.
Products and services are provided by these subsidiaries and not by
CIGNA Corporation.  These subsidiaries include Life Insurance
Company of North America, and Connecticut General Life Insurance
Company.

# Second Request
# for medical update

| | | | |
|---|---|---|---|
| **To:** | Dr. Ray Seet | **From:** | Lorraine Adell Harris |
| **Fax:** | (415) 883-1948 | **Pages:** | 3 |
| **Phone:** | (415) 883-2273 | **Date:** | 01/06/2006 |
| **Re:** | Gheri Gallagher / DOB: 05/14/1949 | **CC:** | |
| | Kimberly Services, Policy #LK 6817 | | |
| | Life Insurance Co. of North America | | |

☑ Urgent     ☐ For Review     ☐ Please Comment     ☑ Please Reply     ☐ Please Recycle

In an effort to complete our review on the above claim for Long Term Disability benefits, we need the
following information from you:

**DIAGNOSIS** *(indicate below)*:

Primary: _Multilevel HNP cervical spine_

Secondary: _Bilateral cervical Radiculitis_

Co-morbid: _osteophytes C4 C5_

**CURRENT SUBJECTIVE COMPLAINTS** *(please list)*:

1. _Posterior neck pain / stiffness_

LINA 0225

01/10/2006  03:48    415883●●●8        SEET                    PAGE  03
01/06/2006  07:39    41●●●9239          C1GNA                   PAGE  02/03

January 6, 2006

2. Radiating pain to both shoulders.
3. ① Retinal detachment.
4. Persistent Headaches.

**CURRENT CLINICAL FINDINGS** (please list):

Mult Cervical Dis abn w/d
bilateral arm Radiculits
Recurt — per Neck tension / mixed Headaches
chron pain syndrome.

**TREATMENT OPTIONS UTILIZED** (please list):

1. Cervical decompression surgeries
2. Home cervical traction
3. Pain meds as prescribed
4. 2 sessions of massage / PT pr exacerbation
   and maximum of 8 sessions per year

**MISCELLANEOUS INFORMATION** (please provide the following from January 2004 – present):

Office notes, consultation reports, operative reports, hospital discharge summaries, test and lab results, and therapy notes.

**CURRENT LEVEL of FUNCTIONALITY** (please check all that are applicable and complete the attached Physical Abilities Assessment form):

(Sedentary work)                              (Light work)

Medium work                                    Heavy work

Estimated Return to Work Date to Any Occupation full-time: _NONE_

Estimated Return to Work Date to Any Occupation part-time: _NONE_

PHYSICIAN SIGNATURE: _____

SPECIALTY: General Practice        DATE: 1/9/06

⇒ If there is a fee associated with this request, please forward a bill including your Tax Identification Number. If this fee should exceed $50.00, please contact our office in advance for authorization.

● Page 2

LINA 0226

01/10/2006  03:48    415887 48              SEET              PAGE  07
12/20/2005  18:26    412  3239              CIGNA             PAGE  05/06

## PHYSICAL ABILITY ASSESSMENT

We are evaluating your patient's disability claim in order to determine functional impairment Please check the boxes corresponding to the patient's level of physical functioning.  Please substantiate your findings with medical documentation.  (Failure to provide the requested reports/data may result in delay in claim determinations).

Patient Name _GHERI GALLAGHER_ Date of Birth _5/14/48_
Diagnosis(es)/ICD-9 Code _____

_Throughout an 8-hour workday, the patient can tolerate, with positional changes and meal breaks, the following activities for the specified durations:_

| | | Not applicable to diagnosis(es) | Continuously (67-100%) (5.5 + hrs) | Frequently (34-66%) (2.5 - 5.3 hrs) | Occasionally (1-33%) (<2.5 hrs) | Check if supported by objective findings |
|---|---|---|---|---|---|---|
| Sitting: | | | | ✓ | | |
| Standing: | | | | ✓ | | |
| Walking: | | | | ✓ | | |
| Reaching: | Overhead | | | ✓ | ✓ | |
| | Desk Level | | ✓ | | | |
| | Below Waist | | ✓ | | | |
| Fine Manipulation: | Right: | | ✓ | | | |
| | Left: | | ✓ | | | |
| Simple Grasp: | Right: | | ✓ | | | |
| | Left: | | ✓ | | | |
| Firm Grasp: | Right: | | ✓ | | | |
| | Left: | | ✓ | | | |
| Lifting: | 10 lbs. | ✓ | | | ✓ | |
| | 11-20 lbs. | | | | | |
| | 21-50 lbs. | | | | | |
| | 51-100 lbs. | | | | | |
| | 100+ lbs. | | | | | |
| Carrying: | 10 lbs. | ✓ | | | | |
| | 11-20 lbs. | | | | | |
| | 21-50 lbs. | | | | | |
| | 51-100 lbs | | | | | |
| | 100+ lbs. | | | | | |

LINA 0228

01/10/2006  03:46  4158831▒▒▒                    SEET                              PAGE 02
12/20/2005  18:26   412 ▒▒9239                   CIGNA                             PAGE 06/06

| | Not applicable to diagnosis(es) | Continuously (67-100%) (5.5 + hrs) | Frequently (34-66%) (2.5 - 5.5 hrs) | Occasionally (1-33%) (<2.5 hrs) | Check if supported by objective findings |
|---|---|---|---|---|---|
| Pushing: (Max. Wt.: 10 #) | | ✓ | | | |
| Pulling: (Max. Wt.: 10 #) | | ✓ | | | |
| Climbing:    Regular Stairs | ✓ | ✓ | | | |
|              Regular Ladders | ✓ | | | | |
| Balancing: | | ✓ | | | |
| Stooping: | ✓ | | | | |
| Kneeling: | | ✓ | | | |
| Crouching: | ✓ | | | | |
| Crawling: | ✓ | | | | |
| Seeing: | ✓ | | | | |
| Hearing: | | | ✓ | | |
| Smell/Taste: | | | ✓ | | |
| Environmental Conditions: | | | | | |
|    Exposure to extremes in heat | | | ✓ | | |
|    Exposure to extremes in cold | | | ✓ | | |
|    Exposure to wet / humid conditions | | | ✓ | | |
|    Exposure to vibration | ✓ | | | | |
|    Exposure to odors / fumes / particles | | ✓ | | | |
|    Can work around machinery | | ✓ | | | |
| Ability to work extended shifts/ overtime: | ✓ | | | | |
| Use lower extremities for foot controls: | | ✓ | | | |

*Please use this space to elaborate on ANY of the above categories:*

_____

_____

Name: RALF SEET w                  Signature: _____
Medical Specialty: Family Med      Date: 1/10/06
Address: 72 Del manteu            Phone: 415 883-2273
Federal ID tax number: 94 2492/919

**Please include any objective test or narrative if available.**
**Thank you for your time.**
*Please return this form in the enclosed addressed envelope.*

LINA 0229

 

**Lorraine Adell Harris**
Claim Manager



**CIGNA** Group Insurance
Life - Accident - Disability

June 6, 2006

Routing P-250
P.O. BOX 22325
Pittsburgh, PA 15222-0325
Telephone 1-800-238-2125,
x3139
Facsimile (412) 402 3542

**Ms. Gheri Gallagher**
**107 Rocca Drive**
**Fairfax, CA  94430**

RE:  **Claimant's Name:**          **Gheri Gallagher**
     **Date of Birth:**            05/14/1948
     **Policy Number:**            **LK 6617**
     **Policyholder:**             **Kimberly Services, Inc.**
     **Underwriting Company:**     **Life Insurance Company of North America**

Dear Ms. Gallagher:

This letter is in reference to your claim for Long Term Disability benefits through Life
Insurance Company of North America, Policy # LK 6617.

## GENERAL INFORMATION

To determine eligibility for continued benefits, we assessed how your conditions prevent your
ability to perform any occupation. Although the medical documentation references the
diagnoses of Chronic Pain Syndrome, Failed Back Syndrome, Degenerative Disc Disease-
lumbar spine, Occipital Nerve Compression, Major Depression, and Left Retinal Detachment,
it does not support limitations from these conditions preventing your return to gainful
employment.

This letter is intended to provide you with the details of our findings, including the Definition of
Disability, the medical and other information used to render our decision, and your appeal
rights.

## DEFINITION of DISABILITY

According to Kimberly Services, Inc. Long Term Disability policy:

> **TOTAL DISABILITY:** *"An Employee will be considered Totally Disabled, if because of
> Injury or Sickness, he is unable to perform all the essential duties of his occupation.*
>
> *After Monthly Benefits have been payable for 24 months, an Employee will be
> considered Totally Disabled only if, because of Injury or Sickness, he is unable to*

LINA 0241

"CIGNA" and "CIGNA Group Insurance" are registered service marks and refer to various operating subsidiaries of CIGNA Corporation. Products and services are provided by these subsidiaries and not by CIGNA Corporation. These subsidiaries include Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company

Gheri Gallagher
June 6, 2006
Page 2



*perform all the essential duties of any occupation he is or may reasonably become qualified based on his education, training or experience."*

## INFORMATION and/or MEDICAL REVIEWED

- On the Disability Questionnaire dated July 19, 2005, when asked to describe in your own words why you could not work in your own or in any occupation, you wrote "constant pain, headaches, need cervical traction several x day to control pain." You indicated that you attended to personal care needs, drove 10-20 miles, used personal computer 1-3x week, cooked, cleaned, shopped, did laundry, gardened, read, watched T.V., took short walks 3-4x a week, and went out to dinner with friends. You listing treating with Dr. Ray Seet and current medications were Valium, Oxycontin, Wellbutrin, Lexapro, Maxide, Tiazac, Testosterone, Progesterone, and HRT.

- On March 29, 2006, you returned my call and left a message advising in addition to Dr. Seet that you treated with Drs. Fu and Sowerby.

- On the Attending Physician's Statement dated July 19, 2005, Dr. Ray Seet listed diagnoses of Occipital Nerve Compression and Degenerative Disc Disease. Your subjective symptoms were headaches, neck and shoulder pain, and bilateral radiculitis. You were first seen May 2004 and last seen July 19, 2005 with visits every 2-3 months. The doctor noted you were permanently disabled with chronic pain syndrome from failed back surgery and depression.

- Dr. Ray Seet/general medicine completed the diagnosis specific letter on January 9, 2006 and listed diagnoses of Multi-level HNP-cervical spine, Bilateral Cervical Radiculitis, and Osteophytes at C4 and C5. Your current subjective complaints were posterior neck pain and stiffness, radiating pain into both shoulders, left retinal detachment, and persistent headaches. Current clinical findings were recurrent pain, neck tension, mixed headaches, chronic pain syndrome, and bilateral cervical radiculitis. The doctor circled your current level of functionality was Sedentary and Light work.

  On the Physical Abilities Assessment form dated January 10, 2006, Dr. Seet checked you could continuously reach overhead/at desk level/and below waist, perform fine manipulation and simple/firm grasping, push/pull up to 10 lbs., balance, stoop, and use lower extremities to operate foot controls. Also, you could frequently sit, stand, and walk. The doctor checked lifting/carrying, kneeling, crouching, and crawling were not applicable to the diagnoses. The assessment equated to Sedentary work capacity.

- Dr. Arthur Fu/retineal vitreous completed the diagnosis specific letter on May 4, 2006. The doctor listed a diagnosis of Retinal Detachment with a current subjective complaint of vision loss. Dr. Fu provided an estimated return to work date any occupation part-time or full-time of May 25, 2006.

LINA 0242



Gheri Gallagher
June 6, 2006
Page 3

We received copies of medical records from October 24, 2005 – April 24, 2006. On October 26, 2005, Dr. Fu performed a scleral buckle and a laser vitrectomy epi memb/endo on November 30, 2005. As of April 24, 2006, your vision was 20/20 *(right eye)* and 10/200 *(left eye)*. The doctor recommended to Dr. Stein that focus be placed on improving your vision and suggested a new refraction be tried first before considering cataract surgery. Dr. Fu stated "She did have a macula-off detachment for quite some time so it may be quite possible that her visual potential will be somewhat limited."

• Dr. Mervyn Stein/ophthalmology provided copies of medical records from October 24, 2005 – May 8, 2006. The only office note received was from October 24, 2005.

• On April 18, 2006, Dr. Sowerby left a message advising he only saw you twice for acute gastric problems, was not disabling you, and deferred to Dr. Seet for comment.

### TRANSFERABLE SKILLS ANALYSIS

A Transferable Skills Analysis (TSA) performed on February 7, 2006 used Sedentary work capacity as the medical basis. Also, taken into account was your self reported education and work history, and the completed Physical Abilities Assessment form by Dr. Seet.

The following (7) occupations identified met the requirements for transferability and took the most advantage of your skills, education, and abilities; as well as met the salary replacement requirements:

| DESCRIPTION | DOT CODE |
|---|---|
| Claim Examiner | 241.267-018 |
| Coordinator, Volunteer Services | 187.167-022 |
| Director, Nursing Services | 075.117-022 |
| Eligibility Worker | 195.267-010 |
| Hospital-Admitting Clerk | 205.362-018 |
| Service Clerk | 221.367-070 |
| Director, Community-Health Nursing | 075.117-014 |

### SUMMARY

On February 20, 2006, Dr. Seet was informed of the results from the Transferable Skills Analysis and asked to comment based on your current physical conditions if he felt you were capable of performing full-time Sedentary work and if not why. On March 22, 2006, the doctor signed off that he was in agreement with your ability to work full-time. This same question was posed to Dr. Stein on May 17, 2006 and on that day he signed off as well that he was in agreement with your ability to work full-time. Previously, on May 4, 2006, Dr. Fu advised you would be able to return to work full-time any occupation on May 25, 2006.

Since Drs. Seet, Stein, and Fu have all released you to perform full-time Sedentary work and a Transferable Skills Analysis identified several occupations that you are qualified to perform



Gheri Gallagher
June 6, 2006
Page 4

we have determined that you no longer meet the definition of Total Disability from any and all occupations and your claim has been closed.

Please be advised, on May 24, 2006, we issued your final Long Term Disability check in the amount of $1,872.00 for the period of May 1, 2006 through May 31, 2006.

### APPEAL RIGHTS

You may request review of this denial by writing to Life Insurance Company of North America representative signing this letter.

The written request for review must be sent within 180 days of receipt of this letter and state the reasons why you feel your claim should not have been denied. Please include any documentation, which you feel supports your claim. This can include the following:

- A letter explaining why you feel you are unable to perform any occupation on a full time basis. This should include specific physical limitations, changes in daily activities/abilities, etc; and

- A copy of an Independent Medical Examination report from a qualified physician performed within the past year and/or

- A complete copy of office records from your physician(s) for the period of January 2006 to the present, including but not limited to, treatment/progress notes, reports/interpretations of all diagnostic tests *(i.e. X-rays, MRI's, CT Scans, labs, etc.),* correspondence to and from physicians, and

- Any other pertinent information.

Under normal circumstances, you will be notified of a decision on your appeal within 45 days of the date your request for review is received. If there are special circumstances requiring delay, you will be notified of the reason for delay within 30 days of receipt of your request, and every 30 days thereafter. A final decision will be made no later than 90 days.

Please note that you have the right to bring legal action for benefits under ERISA section 502(a) if your appeal is denied.

We will of course, be available to discuss the position we have taken. Should you, however, wish to take this matter up with the California Department of Insurance Claims Services Bureau, it maintains a service division to investigate complaints at 300 S. Spring Street – 11th floor, Los Angeles, CA 90013. The California Department of Insurance can be reached, toll free at 1-800-927-4357 or 1-800-482-4TDDD within California or (213) 897-8921. Requests can be faxed to (213) 897-5961.

Nothing contained in this letter should be construed as a waiver of any rights or defenses under the policy. This determination has been made in good faith and without prejudice under



Gheri Gallagher
June 6, 2006
Page 5

the terms and conditions of the contract, whether or not specifically mentioned herein. Should
you have any information, which would prove contrary to our findings, please submit it to us.
We will be pleased to review any information you may wish to submit.

Sincerely,

Lorraine Adell Harris
Claim Manager
(412) 402-3139

LINA 0245

**FRAUD WARNING:** Any person who, knowingly and with intent to defraud any insurance company or other person: (1) files an application for insurance or statement of claim containing any materially false information; or (2) conceals for the purpose of misleading, information concerning any material fact thereto, commits a fraudulent insurance act. For residents of the following states, please see the reverse side of this form: *California, Colorado, District of Columbia, Florida, Kentucky, Maryland, Minnesota, New Jersey, New York, Oregon, Pennsylvania, Tennessee, Texas or Virginia.*

### ATTENDING PHYSICIAN'S STATEMENT OF DISABILITY (PLEASE PRINT)

The insured is responsible for having this form completed by any/all treating physician(s) without expense to the company. We must have comprehensive medical information in order to evaluate the insured's claim for Disability Benefits.

**THIS SECTION IS TO BE COMPLETED BY THE PATIENT/INSURED**

1. NAME: Sheri Gallagher   EMPLOYER NAME: Kimberly Assoc.
ADDRESS: 107 Rocca Dr Ca 94930   SOCIAL SECURITY NUMBER: 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
CITY: Fairfax STATE: Ca ZIP CODE: 94930   GROUP POLICY NUMBER: LK-6614
TELEPHONE: (415) 457-6865   OCCUPATION: Disabled R.N.   DATE OF BIRTH: 5-14-48

**THE REMAINING SECTIONS OF THIS FORM ARE TO BE COMPLETED BY YOUR PHYSICIAN(S)**

1. DIAGNOSIS (including any complications)
(a) Diagnosis (include ICD-9 or DSM-IV Code): Degenerative Disc Disease, Lumbar to cervical Occipital nerve compression.
(b) Subjective symptoms: Radial radiculitis, bilaterally → worse on L Chronic head, neck shoulder pain.
(c) Objective findings (Please attach copies of current X-rays, EKG's, Laboratory Data and any clinical findings as applicable.): Multiple MRI's collateral fts Correlate
(d) Are symptoms consistent with the clinical findings? ☑ Yes ☐ No, explain
(e) Is illness work related? ☑ Yes ☐ No
(f) If pregnancy please indicate: LMP: ___ EDC: ___ Actual Delivery: ___

2. DATES OF TREATMENT
• Date patient first visited you for this accident/illness: 1980&91 lumbar surgeries
• Date patient first unable to work due to this accident/illness: 8 Oct 1989 → p assault @ San Sylmar
• List frequency & date(s) patient was examined for this accident/illness: q 3 mos  Visiting in mult cervical injuries
• Date of last visit: 7-1-2004

3. NATURE OF TREATMENT (including Surgery & Medications prescribed, if any)
Hospitalization on: 1980 & 1981   THROUGH: 1980-1981
Surgery on: (1) 1980 (2) 1981   Type of Surgery: Lumbar Laminectomies
Name and Address of Hospital: Ross General Hospital
• Medications-type/dosage: (1) Diazepam 10 mg Q10 (2) Vicodin ES 7.5/5.0mg Lexapro 20 mg qd. (3) Wellbutrin 300mg q4hrs (4) Neurontin 15 BID
• Medications-type/dosage: (5) HRT - Progesteron - Estrace and Testosterone cream qd (6) Trazone 180mg qd (7) Mofecla 75/50 qd
Treatment - Daily cervical traction 3-4x/day

LINA 0405

4. PHYSICAL LIMITATIONS / IF APPLICABLE: In an 8 hour day is your patient able to:

| | 0 hours | up to 2.5 hours | up to 5.5 hours | greater than 5.5 hours |
|---|---|---|---|---|
| Climb | ☑ | ☐ | ☐ | ☐ |
| Balance | ☐ | ☐ | ☐ | ☑ |
| Stoop | ☑ | ☐ | ☐ | ☐ |
| Kneel | ☑ | ☐ | ☐ | ☐ |
| Crouch | ☑ | ☐ | ☐ | ☐ |
| Crawl | ☑ | ☐ | ☐ | ☐ |
| Reach | ☐ | ☐ | ☐ | ☐ |
| Walk | ☐ | ☐ | ☐ | ☐ |
| Sit | ☐ | ☐ | ☐ | ☐ |
| Stand | ☑ | ☐ | ☐ | ☐ |

Reach ½ hr, Walk 1 hr, Sit 20 min, Stand ½ hr

Cardiac - if applicable (American Heart Association)
☐ Class 1 - No Limitation
☐ Class 2 - Slight Limitation
☐ Class 3 - Marked Limitation
☐ Class 4 - Complete Limitation

Blood Pressure (last visit) 118/82
↓ on HTN Rx

Please indicate the maximum level of ability (sedentary, light, medium, heavy) of your patient to:

5-10 lbs Lift   5 lbs Carry   10 lbs Push   5-10 lbs Pull

Sedentary = 10 lbs. maximum, walking occasionally. Light = 20 lbs. maximum, 10 lbs. frequently
Medium = 50 lbs. maximum, 25 lbs. frequently, up to 10 lbs. constantly. Heavy = 100 lbs. maximum, 50 lbs. frequently, 20 lbs. constantly.

5. MENTAL IMPAIRMENT / IF APPLICABLE: Please complete the following (incomplete information will delay claim processing):

Axis I: Chronic Depression - being treated
II: & 2° Chronic pain
III:
IV:
V: Current GAF: ___   Highest GAF in past year: ___

Additional Comments:

6. EXTENT OF DISABILITY  - Fall

When was patient able to go to work?  N/A

7. REHABILITATION
(a) Is patient a suitable candidate for further PHYSICAL / PSYCHOLOGICAL rehabilitation services?  ☐ Yes  ☑ No
If no, explain:
(b) Can present job be modified to allow for handling with impairment?
(c) Is patient a suitable candidate for VOCATIONAL rehabilitation services?  No
If no, when:

8. REMARKS  He is permanently disabled and deteriorating

DATE 9-23-04  PRINT NAME (ATTENDING PHYSICIAN) ROBERT BLUM - M.D.  SIGNATURE  DEGREES Neurosurgery
TELEPHONE NUMBER 707 552-6633  PROVIDER TAX ID NUMBER 94-1742031
STREET ADDRESS 1916 Tennessee St Ste 6
CITY OR TOWN Vallejo  STATE Ca.  ZIP CODE 94590-4647

LINA 0406