ADRIENNE C. PUBLICOVER  (SBN 161432)
DENNIS J. RHODES  (SBN 168417)
WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, California  94105
Tel:    (415) 433-0990
Fax:    (415) 434-1370

Attorneys for Defendant
LIFE INSURANCE COMPANY
OF NORTH AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GHERI GALLAGHER,<br><br>                    Plaintiff,<br><br>            v.<br><br>LIFE INSURANCE COMPANY<br>OF NORTH AMERICA and DOES 1 to 10,<br><br>                    Defendants. | CASE NO.     CV07-05224 SBA (EMC)<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S DISCOVERY MOTION**<br><br>Date        :      June 11, 2008<br>Time        :      1:00 p.m.<br>Dept.       :      3<br>Location    :      Oakland |

## A.     INTRODUCTION

Defendant Life Insurance Company of North America ("LINA") hereby opposes the motion of plaintiff Gheri Gallagher ("plaintiff") to conduct discovery in this matter.  As will be explained in detail below, the motion should be denied in its entirety.

## B.     SUMMARY OF ARGUMENT

A primary goal of ERISA is to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously.  *Taft v. Equitable Life Assurance Soc'y,* 9 F.3d 1469, 1472 (9th Cir. 1993).  This goal is frustrated by allowing far reaching discovery. *Newman v. Standard Ins. Co.,* 997 F. Supp. 1276, 1281 (C.D. Cal. 1998).  Therefore, allowing

---

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S DISCOVERY MOTION**
USDC NDCA Case # CV07-05224 SBA (EMC)
351753.1

1   discovery is the exception, not the rule. *Steiner v. Hartford Life & Accident Ins.*, 2004 U.S. Dist.

2   LEXIS 20022 *11 (N.D. Cal. 2004).

3          In most ERISA actions governed by de novo review, only the administrative record should

4   be admitted into evidence at trial. *Mongeluzo v. Baxter Travenol Long Term Disability Benefit*

5   *Plan*, 46 F.3d 938, 943-944 (9th Cir. 1995).[1]  "Where there was a sufficiently developed record

6   before the plan administrator the court should not review documents not submitted to the plan

7   administrator prior to its decision." *Id.* at 943.  By strictly limiting the admission of evidence that

8   is outside of the administrative record in this fashion, the goal of preserving an inexpensive

9   procedure for the resolution of disputes is accomplished. *Hall v. UNUM Life Ins. Co.*, 300 F.3d

10  1197, 1202 (10 Cir. 2002).  Plaintiff admits in the November 1, 2006 letter that the administrative

11  record is fully developed.  Therefore, no discovery is necessary.

12         Moreover, the district court should exercise its discretion to admit evidence outside the

13  administrative record only when circumstances clearly establish that additional evidence is

14  necessary to conduct an adequate de novo review of the benefit decision. *Mongeluzo v. Baxter*

15  *Travenol Long Term Disability Benefit Plan*, *supra*, 46 F.3d at 944. Under this standard, the

16  proper procedure is to provide the entire administrative record to District Court Judge Armstrong

17  who will decide this matter.  If after review of the administrative record Judge Armstron g

18  believes that circumstances exist that clearly establish that additional evidence is necessary to

19  conduct an adequate de novo review of the benefit decision, she can request that the parties

20  provide the exact information that she needs to conduct an adequate review.  See, *Walker v.*

21  *American Home Shield (LTD) Plan*, 180 F.3d 1065, 1068 (9th Cir. 1999).  It is not proper in a de

22  novo action to allow a plaintiff  to simply pursue whatever discovery that he or she believes is

23  relevant. *Steiner v. Hartford Life & Accident Ins.*, *supra*, 2004 U.S. Dist. LEXIS at *13.

24         Yet, this is precisely what plaintiff is asking the court to authorize in her motion.  She

25  seeks discovery concerning the expertise and bias of health care or vocational professionals and

26

27  [1]      This matter is governed by de novo review.  Defendants withdraw their defense based on the abuse of
28  discretion standard.

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S DISCOVERY MOTION**
USDC NDCA Case # CV07-05224 SBA (EMC)
351753.1

1  the basis of their opinions.  This discovery is generic and is equally applicable to any action in
2  which a claim decision is based on the reports by healthcare or vocational professionals.  There is
3  nothing in the discovery, or in plaintiff's motion, that establishes why the District Court cannot
4  perform an <u>adequate</u> review with the existing administrative record.  Plaintiff also does not
5  establish why the information she seeks in discovery is necessary for the District Court to have to
6  conduct an adequate de novo review.  It is obvious that plaintiff's interrogatories is intended only
7  to improve her case and accordingly is not proper under ERISA.

8  **C.    THE ADMINISTRATIVE RECORD**

9  LINA has produced the entire administrative record under Federal Rule of Civil Procedure
10 26.  The Administrative record is 1086 pages and contains numerous medical reports and reviews
11 and a Transferable Skills Analysis.  It contains the documentation submitted by plaintiff in
12 support of her claim and in support of her appeals of the denial of the claim.  Furthermore,
13 plaintiff does not contend that documents are missing from the Administrative Record.

14 **D.    PLAINTIFF'S DISCOVERY REQUESTS**

15 Plaintiff's proposed discovery requests are generic in that they are equally applicable to
16 any action in which a claim administrator denies a disability claim based on medical reports and
17 information in the administrative record.  Like any other litigant in her position, plaintiff wants to
18 explore the credibility and the qualifications of the health care professionals who rendered
19 opinions documented in the administrative record.  As in any non-ERISA breach of contract or
20 bad faith claim, plaintiff is attempting to use discovery to uncover evidence that she believes will
21 improve her position.  As the interrogatories reflect, she believes that there are numerous
22 inadequacies in the medical reports, evaluations and Transferable Skills Analysis and wants to use
23 discovery to provide additional evidence that she believes substantiates this argument.

24 **E.    LEGAL ARGUMENT**

25 **1.    Overview**

26 Plaintiff argues that the information she seeks is relevant and therefore discoverable.
27 However, evidence outside of the administrative record is admissible at trial only if the District

28

3
**DEFENDANT'S OPPOSITION TO PLAINTIFF'S DISCOVERY MOTION**
USDC NDCA Case # CV07-05224 SBA (EMC)
351753.1

1  Court concludes, in its discretion, that circumstances clearly establish that additional evidence is

2  necessary to conduct an adequate de novo review of the benefit decision. Plaintiff has failed to

3  demonstrate why the District Court cannot conduct an adequate review on the administrative

4  record in this action.

5          Plaintiff cannot meet this burden because, LINA has advised plaintiff that it agrees that

6  the de novo standard is the appropriate standard of review for this matter. In addition, plaintiff

7  has not demonstrated why the information she seeks in discovery is necessary for the District

8  Court to have to conduct an adequate de novo review. Finally, plaintiff ignores the fact that the

9  District Court, not plaintiff or her counsel, decides if the administrative record is inadequate and

10 further decides what information is required to perform an adequate de novo review.

11 **2.     Discovery Defeats a Goal of ERISA of Inexpensive Dispute Resolution**

12         A primary goal of ERISA is to provide a method for workers and beneficiaries to resolve

13 disputes over benefits inexpensively and expeditiously. *Taft v. Equitable Life Assurance Soc'y,*

14 *supra,* 9 F.3d at 1472, quoting *Sandoval v. Aetna Life & Casualty Ins. Co.,* 967 F.2d 377, 380

15 (10th Cir. 1992). Allowing the far-reaching discovery completely frustrates this purpose.

16 *Newman v. Standard Ins. Co., supra,* 997 F. Supp. at 1281. This purpose of ERISA is defeated by

17 plaintiff's interrogatories.

18 **3.     Review under the De Novo Standard**

19         The standard of review in this matter is de novo. On de novo review, the court's only task

20 is to evaluate whether the plan administrator correctly or incorrectly denied benefits. *Abatie v.*

21 *Alata Health & Life Ins. Co.,* 458 F.3d 955, 963 (9th Cir. 2006); *Opeta v. Northwest Airlines*

22 *Pension Plan,* 484 F.3d 1211, 1217 (9th Cir. May 2007); *Gardner v. Bear Creek Corp.,* 2007 U.S.

23 Dist. LEXIS 58615, *52 (N.D. Cal. 2007).

24 **4.     Plaintiff's Discovery is not Proper under De Novo Review**

25         The issue in this matter is whether plaintiff can conduct the discovery included with her

26 motion. This issue is properly decided by analyzing the cases that discuss the type of additional

27

28

4
**DEFENDANT'S OPPOSITION TO PLAINTIFF'S DISCOVERY MOTION**
USDC NDCA Case # CV07-05224 SBA (EMC)
351753.1

1  evidence that can be considered by the District Court and under what circumstances this evidence

2  can be considered.

3          Generally, "[w]here there was a sufficiently developed record before the plan

4  administrator the court should not review documents not submitted to the plan administrator prior

5  to its decision" *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan, supra*, 46 F.3d

6  at 943; *Liston v. UNUM Corp. Officer Severance Plan*, 330 F.3d 19, 24 (1st Cir. 2003) ("Even

7  where de novo review exists under ERISA, it is at least doubtful that courts should be in any

8  hurry to consider evidence or claims not presented to the plan administrator.") See, e.g.,

9  *Quesinberry v. Life Ins. Co. of North America*, 987 F.2d 1017, 1026-1027 (4th Cir. 1993); *Franz*

10 *v. New Eng. Life Ins. Co.*, 2007 U.S. Dist. LEXIS 5 *11 (ND Oak. 2007) ("Thus, it is not a given

11 that discovery will be allowed or extrinsic evidence considered in all de novo cases."); *Fisher v.*

12 *Anderson Behel Stevens Creek Porsche Audi*, 2006 U.S. Dist. LEXIS 41755 *2-*3 (ND Cal.

13 2006) ("Because review is primarily limited to the administrative record, and because a primary

14 goal of ERISA was to provide a method for workers and beneficiaries to resolve disputes over

15 benefits inexpensively and expeditiously, permitting discovery is rarely appropriate in cases such

16 as this. (Internal Quotes omitted).")

17          According to the court in *Mongeluzo, supra*, 46 F.3d at 943, "new evidence may be

18 considered under certain circumstances to enable the full exercise of informed and independent

19 judgment"  The *Mongeluzo* court concluded that:

20          We . . . believe that the purposes of ERISA . . . warrant significant
            restraints on the district court's ability to allow evidence beyond what was
21          presented to the administrator. In our view, the most desirable approach to
            the proper scope of de novo review under ERISA is one which balances
22          the multiple purposes of ERISA. Consequently, we adopt a scope of
            review that permits the district court in its discretion to allow evidence that
23          was not before the plan administrator. The district court should exercise its
            discretion, however, only when circumstances clearly establish that
24          additional evidence is necessary to conduct an adequate de novo review of
            the benefit decision. In most cases, where additional evidence is not
25          necessary for adequate review of the benefits decision, the district court
            should only look at the evidence that was before the plan administrator . . .
26          at the time of the determination.

27 *Id.* at 943-944.

28
                                              5
                  **DEFENDANT'S OPPOSITION TO PLAINTIFF'S DISCOVERY MOTION**
USDC NDCA Case # CV07-05224 SBA (EMC)
351753.1

1   Discussing the holding in *Mongeluzo*, the court in *Kearney v. Standard Ins. Co.*, 175 F.3d

2   1084, 1091 (9th Cir. 1999) concluded that: "[t]hough we allowed consideration of additional

3   evidence because of *circumstances peculiar to that case*, we emphasized that 'a district court

4   should not take additional evidence merely because someone at a later time comes up with new

5   evidence' and 'in most cases' only the evidence that was before the plan administrator should be

6   considered (emphasis added) (quoting *Mongeluzo*)." The court in *Kearney* went on to say that:

7   On appeal, Mr. Kearney argues that the district court ought to have taken
additional evidence regarding the medical relationship between his cardiac

8   condition and his cognitive ability. But the brief does not say what new
evidence, nor was any specific new evidence proposed to the district court.

9   *The argument is merely a suggestion that the door be opened to whatever
new evidence might be developed.* But Kearney does not argue that we

10   should reexamine Mongeluzo. Starting the evidence over from scratch
would be contrary to Mongeluzo.[2]

11   *Id.* at 1091.

12   Recently, in *Opeta v. Northwest Airlines Pension Plan*, 484 F.3d 1211, 1217 (9th Cir. May

13   2007), the court affirmed that the strict standards in *Mongeluzo* and *Kearney* still apply:

14   In Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan, we

15   resolved the question of the scope of review that a district court may
employ upon de novo review of a plan administrator's decision. 46 F.3d

16   938, 943-44 (9th Cir. 1995). Agreeing with the Third, Fourth, Seventh,
Eighth, and Eleventh Circuits, we held that extrinsic evidence could be

17   considered only under certain limited circumstances. Id. We cited with
approval the rule of the Fourth Circuit that the district court should

18   exercise its discretion to consider evidence outside of the administrative
record "'only when circumstances clearly establish that additional

19   evidence is necessary to conduct an adequate de novo review of the
benefit decision.'" Id. at 944 (quoting Quesinberry v. Life Ins. Co. of N.

20   Am., 987 F.2d 1017, 1025 (4th Cir. 1993) (en banc)) (emphasis added).
We emphasized that "a district court should not take additional evidence

21   merely because someone at a later time comes up with new evidence" and
that "[i]n most cases" only the evidence that was before the plan

22   administrator at the time of determination should be considered.

23   By strictly limiting the admission of evidence that is outside of the administrative record

24   in this fashion, the goal of preserving an inexpensive procedure for the resolution of disputes is

25   _____

26   [2]   The Court in *Hall v. UNUM Life Ins. Co.*, 300 F.3d 1197, 1203 (10 Cir. 2002) concluded that: "We
emphasize that it is the unusual case in which the district court should allow supplementation of the record. (cite

27   omitted). The party seeking to supplement the record bears the burden of establishing why the district court should

28   _____

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S DISCOVERY MOTION**
USDC NDCA Case # CV07-05224 SBA (EMC)
351753.1

1   accomplished. *Hall v. UNUM Life Ins. Co.*, 300 F.3d 1197, 1202 (10 Cir. 2002) ("By strictly

2   limiting the circumstances in which supplementary evidence may be presented, the risk of

3   increasing decision costs--and of deterring employers from providing pension and benefit plans to

4   their employees--is controlled.")

5           Therefore, in ERISA matters with de novo review, allowing discovery is the exception,

6   not the rule. *Steiner v. Hartford, supra,* 2004 U.S. Dist. LEXIS at *11. In applying these

7   standards, the court in *Mongeluzo* authorized the District Court to take additional evidence to

8   determine if chronic fatigue syndrome provided an explanation for plaintiff's disability. This was

9   authorized because the district court applied an incorrect definition and "[t]hus, the change in the

10  posture of the case, occasioned by the narrow definition of "mental illness," justifies the taking of

11  additional evidence." *Mongeluzo, supra,* 46 F.3d at 944. In *Kearney*, the court concluded that the

12  district court did not abuse its discretion by excluding from evidence pages from an occupational

13  handbook describing the job duties of a trial lawyer and excluding additional medical evidence.

14          Here, plaintiff has not come close to meeting the strict standards articulated in *Mongeluzo*

15  and *Kearney*. According to plaintiff, the discovery seeks information concerning the credibility

16  of health care and vocational professionals, the accuracy of their reports, and their claimed bias.

17          Finally, the applicable standard is whether the information sought by plaintiff's discovery

18  is clearly necessary for the District Court to perform an adequate review. In common law breach

19  of contract actions, evidence of the expertise of the physicians, or deposition testimony from the

20  health care providers explaining their opinions, often is relevant and appropriate for the district

21  court to consider. However, the fact that this information may be relevant does not mean the

22  information is clearly necessary for an adequate review. In *Opeta v. Northwest Airlines Pension*

23  *Plan, supra,* 484 F.3d at 1218, the Ninth Circuit held that the District Court abused its discretion

24  in admitting deposition testimony and documents that were not part of the administrative record.

25  The court concluded that "[t]he district court also abused its discretion by admitting the testimony

26

27  exercise its discretion to admit particular evidence by showing how that evidence is necessary to the district court's

28  de novo review.

7

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S DISCOVERY MOTION**

1  of Dr. Gold, Dr. Mealer, Opeta, and the videographer because the circumstances did not establish

2  that the additional evidence was necessary for the court to conduct an adequate de novo review."

3  *Id.* at 1219.  The court went on to conclude that: "under *Mongeluzo*, that the district judge 'would

4  feel much better' if Dr. Gold testified and that he 'had never heard of a trial [without] witnesses'

5  is insufficient to warrant additional evidence (quoting the trial transcript)." *Id.*

6  The court went on to conclude that:

7    Controlling Ninth Circuit law and persuasive decisions from other Circuits
      require that a party seeking to take discovery outside the administrative
8    record in an ERISA case subject to de novo review meet the burden of
      showing justification. The overarching concern is that the trial court needs
9    the additional information to make its decision and that the administrative
      record is skewed either by a misconception of law or misconstruction of
10   the plan terms on the part of the plan administrator, or is otherwise
      seriously deficient. Finally, the trial court may be concerned about the
11   adequacy of the record due to evidence of bias on the part of the plan
      administrator, beyond the mere fact that the administrator is also the
12   payor.

13  *Id.* at *13.

14  Here, plaintiff has not demonstrated that the District court needs the additional

15  information sought by her discovery because the record is skewed either by a misconception of

16  law or misconstruction of the plan terms on the part of the plan administrator, or is otherwise

17  seriously deficient.

18  **5.    Rather than Discovery, the Proper Procedure is for the District Court to Determine,
            After Review of the Entire Administrative Record, if Additional Information is**
19          **Necessary and Order the Parties to Provide this Information**

20  The opinion in *Walker v. American Home Shield (LTD) Plan, supra,* 180 F.3d at 1065.

21  demonstrates the proper procedure to follow and further demonstrates why plaintiff's requests for

22  discovery are inappropriate.

23  In *Walker*, "[b]ecause of the difficulty of reviewing the administrator's decision de novo

24  where the medical evidence was not 'particularly clear,' *the district court appointed* an

25  independent expert, Dr. Daniel Wallace, the Clinical Chief of Rheumatology at Cedars-Sinai

26  Medical Center in Los Angeles, a Clinical Professor at UCLA School of Medicine . . . (emphasis

27

28

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S DISCOVERY MOTION**
USDC NDCA Case # CV07-05224 SBA (EMC)
351753.1

1   added)." *Walker v. American Home, supra*, 180 F.3d at 1068.  Dr. Walker prepared a report that

2   was considered by the District Court in making its decision. *Id.*

3           Again in *Ellis v. Egghead Software Short-Term and Long-Term Disability Plans*, 64 F.

4   Supp. 2d 986, 990-991 (E.D. WA 1999), another case relied on by plaintiff, the District Court

5   decided what it needed to perform an adequate de novo review and ordered the parties to obtain

6   this information.  The court stated that:

7           On July 21, 1999, following a telephonic conference with the parties, this
        court determined that the medical evidence in front of the court was

8           sufficient to conduct a de novo review of the claim. However, this court
        ordered the parties to depose Dr. Pearce and Dr. Sweeney so that the court

9           could make a determination of whether Ellis was "under the regular care
        of a licensed physician" as required by the Plans. The parties deposed the

10          doctors and have submitted transcripts to the court.

11  *Id.* at 990-991.

12          The proper procedure is for the District Court, after review of the entire administrative

13  record, to determine if any additional information is necessary to perform an adequate de novo

14  review and then to order the parties to provide the information.  In *Walker v. American* and *Ellis*

15  *v. Egghead*, the district court determined that it needed additional information to conduct an

16  adequate de novo review and obtained that information.  In the same way, if District Court Judge

17  Armstrong, after she reviews the entire administrative record, feels she needs additional

18  information to conduct an adequate de novo review, she can order the parties to provide him the

19  information she needs.  This is consistent with ERISA's mandate to resolve disputes over benefits

20  inexpensively and expeditiously. *Taft v. Equitable Life Assurance Soc'y, supra*, 9 F.3d at 1472.

21  This is consistent with the mandate in *Mongeluzo* that the district court should exercise its

22  discretion to allow evidence in addition to the administrative record only when circumstances

23  clearly establish that additional evidence is necessary to conduct an adequate de novo review of

24  the benefit decision.

25          Plaintiff's discovery turns this procedure upside down.  Plaintiff seeks discovery that she

26  thinks improves her position in this matter and justifies this approach by arguing that the

27  information sought is relevant.  However, this is not the standard; the standard is whether the

28

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S DISCOVERY MOTION**
USDC NDCA Case # CV07-05224 SBA (EMC)
351753.1

1  information is necessary for the District Court to conduct an adequate de novo review. The

2  District Court, not plaintiff or her counsel, makes this determination upon review and analysis of

3  the entire administrative record.

4      As discussed above, the issue in this matter is not whether LINA abused its discretion. It

5  is de novo review. Therefore, the only relevant factor is whether LINA made the correct decision

6  and this is determined without consideration of information outside of the administrative record.

7      Finally, LINA has produced to plaintiff the entire administrative record under Federal

8  Rule of Civil Procedure 26. LINA does not dispute that plaintiff is entitled to the administrative

9  record. However, the administrative record is the evidence that LINA considered in making its

10  claim decision.

## G.    CONCLUSION

12     Plaintiff is not entitled to pursue the discovery included with her motion in this ERISA

13  action. She has not met the strict standards that govern discovery issues in an ERISA action.

14  Accordingly, her motion must be denied.

16  Dated: May 23, 2008         WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

18          By:    /s/ Dennis J. Rhodes
                   ADRIENNE C. PUBLICOVER
19                 DENNIS J. RHODES
                   Attorneys for Defendants
20                 LIFE INSURANCE COMPANY OF NORTH AMERICA

---

10

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S DISCOVERY MOTION**

**CERTIFICATE OF SERVICE**
*Gheri Gallagher v. Life Insurance Company of North America, et al.*
*USDC NDCA Case #CV07-05224 SBA (EMC)*

I am a citizen of the United States. I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address is 525 California Street, 17th Floor, San Francisco, California 94105.

On this date I served the following document(s):

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S DISCOVERY MOTION**

on the parties identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

_X_ : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

_☐_ : **By Personal Service** – I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

_☐_ : **By Overnight Courier** – I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

_☐_ : **Facsimile** – (Only where permitted. Must consult CCP § 1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.C.A.)

Ryan A. Kent, Esq.
Attorney at Law
30 Mitchell Boulevard
San Rafael, CA 94903
Tel:    (415) 479-4356
Fax:    (415) 479-4358

*Attorney for Plaintiff*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED **May 23, 2008** at San Francisco, California.

_____
Nancy Li

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S DISCOVERY MOTION**
USDC NDCA Case # CV07-05224 SBA (EMC)
351753.1