Ryan A. Kent (St. Bar # 169810)
Attorney at Law
30 Mitchell Boulevard
San Rafael, CA 94903
Telephone:    (415) 479-4356
Fax:             (415) 479-4358

Attorney for Plaintiff
GHERI GALLAGHER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GHERI GALLAGHER, | Case No.  3:07-cv-5224 SBA |
| Plaintiff, | REPLY BRIEF RE MOTION TO COMPEL RESPONSES TO INTERROGATORIES |
| vs. | |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, and DOES 1 to 10, | Date:  June 11, 2008<br>Time:  1:00 p.m.<br>Dept.:  3<br>Location:  Oakland |
| Defendants. | |

## INTRODUCTION

Defendant contends that Plaintiff "seeks discovery concerning the expertise and bias of health care or vocational professionals and the basis of their opinions."  Defendant is mistaken.  Plaintiff seeks discovery concerning the information Defendant considered in reaching its decision.  It is impossible to determine whether or not the Administrative Record provided by Defendant is complete.  It is impossible to determine the meaning of some of the technical terms and abbreviations utilized by Defendant in the Administrative Record.  It is impossible to determine from a review of the Administrative Record the exact nature of the information considered by the defendant.  It is impossible to determine how from a review of the

Administrative Record how Defendant reached its decision.  Plaintiff's discovery is necessary to address these deficiencies in the Administrative Record.  Plaintiff is not seeking to introduce additional medical evidence concerning her condition that was not submitted to Defendant prior to its decision to terminate her disability benefits.

**DISCUSSION**

**1.     Plaintiff's discovery is necessary to ascertain whether or not the Administrative Record provided by Defendant is complete.**

It has generally been held that pre-trial discovery is appropriate in ERISA actions when required to "determine the actual parameters of the administrative record and whether or not the fiduciary acted arbitrarily and capriciously with respect to a claim for benefits under a plan." Nagele v. Electronic Data Systems Corp., 193 F.R.D. 94, 103 (2000).  The court in Nagele held that "the use of discovery to test whether the administrative claim record before the court is accurate and complete and to explain, where necessary, its meaning" would not interfere with the goal of achieving prompt resolution of disputes under ERISA covered plans.  Nagele, supra, at 105.

In the case at bench, Plaintiff's discovery is necessary to ascertain whether or not the Administrative Record provided by Defendant is complete.  For example, the Transferable Skills Assessment completed on February 7, 2006 (LINA 224) references the following documents and resources that were reviewed or utilized in its preparation "JD, DQ, DOT, OASYS, PAA dated 1/10/06."  It is impossible to determine from a review of the Administrative Record whether the documents and resources reviewed are contained in the Administrative Record provided by Defendant.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**2.     Plaintiff's discovery is necessary to determine the meaning of some technical terms used in the Administrative Record.**

The court in <u>Nagele</u> held that "the use of discovery to test whether the administrative claim record before the court is accurate and complete and to explain, where necessary, its meaning" would not interfere with the goal of achieving prompt resolution of disputes under ERISA covered plans.  <u>Nagele</u>, <u>supra</u>, at 105.

In the case at bench, Plaintiff's discovery is necessary to explain the meaning of some of the technical terms and abbreviations utilized by Defendant in the Administrative Record.  For example, the Transferable Skills Assessment completed on February 7, 2006 (LINA 224) references the following documents and resources that were reviewed or utilized in its preparation "JD, DQ, DOT, OASYS, PAA dated 1/10/06."  It is impossible to determine from a review of the Administrative Record what these abbreviations mean.  Furthermore, a June 15, 2001 note regarding a Transferable Skills Assessment (LINA 443) by Jeff Green, Occupational Consultant provides as follows:

"The cx appears restricted to sedentary level work.  She has not worked in the competitive workforce for approximately 10-years.  The Cx's skills for sedentary level work (computer applications literacy and proficiency) cannot be assumed. A TSA is an option, but will require LMS (CA jurisdiction and extended separation from workforce).  If sedentary level occupations are ID'd via TSA, it is highly improbable that LMS will substantiate employment earnings comparable to earnings test (60% BME = $1,872.00 mo / $22,464.00 annual), especially if BME requires indexing."

It is also impossible to determine from a review of the Administrative Record what these abbreviations mean.  It is impossible to determine from a review of the Administrative Record what the term "indexing" means.  The discovery is required to address this deficiency.

Defendant utilizes the following additional abbreviations in the Administrative Record: cx, R/L's, TD, IME, NCM, A/O, CCU, SAM, DQ, HNPs, FCE.  It is impossible to determine from a review of the Administrative Record what these abbreviations mean.  The discovery is required to address this deficiency.

**3.    Plaintiff's discovery is necessary to determine the exact nature of the information considered by Defendant in reaching its decision.**

In <u>Nagele</u>, the court held that: "In reviewing a fiduciary's decision, a district court "must consider 'whether the decision was based on a consideration of the relevant factors.' "  <u>Nagele</u>, <u>supra</u>, at 103.  In <u>Nagele</u>, the court upheld pre-trial discovery regarding the following issues:

(i) the exact nature of the information considered by the fiduciary in making its decision, (ii) whether the fiduciary was competent to evaluate the information in the administrative record, (iii) how the fiduciary reached its decision, and (iv) whether, given the nature of the information in the record, it was incumbent upon the fiduciary to seek outside technical assistance in reaching a "fair and full review" of the claim.

<u>Nagele</u>, <u>supra</u>, at 103.

In the case at bench, it is impossible to determine from a review of the Administrative Record the exact nature of the information considered by Defendant.  For example, the Claim Direction Staffing Form sent to Norton Hall, M.D. regarding his 11/07/06 record review (LINA 133) references only the 06/13/06 and 09/22/06 letters from Dr. Seet and the 09/22/06 report from Dr. Blum that Plaintiff submitted in response to the initial termination of her disability benefits.  The 11/07/06 Medical Record Review by Dr. Hall (LINA 134-136) does not indicate

what documents and information he reviewed prior to preparing his notes.  The 11/07/06 note by of Melissa Buys regarding her review of the file with Dr. Hall (LINA 021) references only the recent submissions by Plaintiff following the June 6, 2006 termination of her disability benefits. It is impossible to determine from a review of the Administrative Record exactly what documents and information were reviewed by Norton Hall, M.D. prior to his preparation of his notes dated November 7, 2006.  The discovery is required to address this deficiency.

The Claim Direction Staffing Form sent to Dr. McCool prior to his record review (LINA 084-085) indicates Plaintiff had provided a 4/3/07 office note from Dr. Seet, progress notes from Dr. Seet dated 1/3/07, 1/31/07, and 3/2/07, as well as a 2/20/07 medical report from Dr. Blum. The 05/25/07 notes by Dr. McCool (LINA 086) do not indicate what records and information he reviewed prior to their preparation.   It is impossible to determine from a review of the Administrative Record exactly what records and information Dr. McCool reviewed prior to preparing his 05/25/07 notes.  The discovery is required to address this deficiency.

**4.    Plaintiff's discovery is necessary to determine how Defendant reached its decision.**

In the case at bench, it is impossible to determine how from a review of the Administrative Record how Defendant reached its decision.  The Administrative Record is replete with medical reports and documentation indicating that plaintiff was disabled as the result of a progressively worsening degenerative disc disease of the cervical spine:  See 10/25/91 IME report by James Kelly, M.D. (LINA 955-958); 2/7/96 IME report by Michael Kurtz, M.D. (LINA 722-728); 5/8/97 Attending Physician's Statement of Disability by Dr. Blum (LINA 596-598); 11/15/00 review of file by Jo Jacobson, RN (LINA 510-514); 2/11/98 Physical Ability Assessment by Dr. Blum (LINA 578-581); 3/12/98 letter from Dr. Blum (LINA 466); 6/5/01

note re claim status by K. Harvey (LINA 444-446); 06/14/04 note re claim strategy by Cory Briscoe-Howard (LINA 072); 8/4/03 Attending Physician's Statement of Disability by Dr. Blum (LINA 422-423); 9/23/04 Attending Physician's Statement of Disability by Dr. Blum (LINA 405-406); 8/23/06 report from Dr. Blum (LINA 169-176); 02/20/07 supplemental report from Dr. Blum (LINA 090-096).

Based upon the ongoing documentation verifying Plaintiff's ongoing total disability, Defendant continued to provide long term disability income insurance benefits to Plaintiff in accordance with the terms and provisions of the Policy during the ensuing 15 and 1/2 year period, December 5, 1989, through May 31, 2006. (LINA 03.)

During the claims appeal process, Plaintiff submitted a letter dated 4/4/07 (LINA 100-101) pointing out that her condition was degenerative.

It is impossible to determine from a review of the Administrative Record the manner in which LINA took into account the documentation indicating that plaintiff was suffering from progressively worsening degenerative disc disease of the cervical spine that had caused her to be Totally Disabled as that term is used in the subject policy from December 5, 1989, through May 31, 2006, (if it considered this information at all) when it stated "we have determined that you no longer meet the definition of Total Disability from any and all occupations" in its letter to plaintiff dated June 6, 2006. (LINA 241-245.) The discovery is required to address this deficiency.

## CONCLUSION

It is impossible to determine whether or not the Administrative Record provided by Defendant is complete. It is impossible to determine the meaning of some of the technical terms and abbreviations utilized by Defendant in the Administrative Record. It is impossible to

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

determine from a review of the Administrative Record the exact nature of the information considered by the defendant.   It is impossible to determine how from a review of the Administrative Record how Defendant reached its decision.  Plaintiff's discovery is necessary to address these deficiencies in the Administrative Record.  Plaintiff is not seeking to introduce additional medical evidence concerning her condition that was not submitted to Defendant prior to its decision to terminate her disability benefits.

DATED:  May 27, 2008

By: _____
　　　Ryan A. Kent
　　　Attorney for Plaintiff
　　　GHERI GALLAGHER

**PROOF OF SERVICE BY U.S. MAIL**

I DECLARE THAT:  I am employed in the County of Marin, State of California.  I am over the age of eighteen years and not a party to this action.  My business address is 30 Mitchell Boulevard, San Rafael, California 94903.

On May 27, 2008, I served the following described documents:

Motion to Compel Responses to Interrogatories, Separate Statement of Discovery in Dispute, Declaration of Ryan A. Kent

with Proof of Service attached, on the interested parties in this action by placing a true copy(ies) thereof enclosed in a sealed envelope addressed as follows:

Dennis Rhodes
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
525 Market Street, 17th Floor
San Francisco, CA 94105

I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Rafael, California.

Executed on May 27, 2008, at San Rafael, California.


_____
Ryan A. Kent